**TOGUT, SEGAL & SEGAL LLP**
Albert Togut
Kyle J. Ortiz
Brian F. Moore
One Penn Plaza, Suite 3335
New York, NY 10119
Phone: (212) 594-5000
Email: altogut@teamtogut.com
      kortiz@teamtogut.com
      bmoore@teamtogut.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**SHEARMAN & STERLING LLP**
Fredric Sosnick
William S. Holste
Jacob S. Mezei
599 Lexington Avenue
New York, NY 10022
Phone: (212) 848-4000
Email: fsosnick@shearman.com
      william.holste@shearman.com
      jacob.mezei@shearman.com

**SHEARMAN & STERLING LLP**
Ian E. Roberts (*pro hac vice* pending)
2601 Olive Street, 17th Floor
Dallas, TX 75201
Phone: (214) 271-5777
Email: ian.roberts@shearman.com

*Proposed Special Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF INTERIM**
**AND FINAL ORDERS (I) ESTABLISHING NOTICE AND OBJECTION**
**PROCEDURES FOR TRANSFERS OF EQUITY SECURITIES AND CLAIMS OF**
**WORTHLESS STOCK DEDUCTIONS AND (II) GRANTING RELATED RELIEF**

Vice Group Holding Inc. ("<u>Vice Parent</u>") and its debtor affiliates, as debtors and

debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned chapter 11

cases (the "<u>Chapter 11 Cases</u>"), respectfully represent in support of this motion (the

---

[1] The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice. The location of the Debtors' service address for purposes of these chapter 11 cases is: 49 South 2nd Street, Brooklyn, NY 11249.

"Motion") as follows:

**Relief Requested**

1.      The Debtors request entry of an interim order in the form attached hereto
as **Exhibit A** (the "Proposed Interim Order") and a final order in the form attached
hereto as **Exhibit B** (the "Proposed Final Order") and, together with the Proposed
Interim Order, the "Proposed Orders"): (i) establishing notice and objection procedures
related to certain transfers of and declarations of worthlessness for federal or state tax
purposes with respect to the existing common stock or equity interests (the "Common
Stock") or preferred stock or equity interests (the "Preferred Stock," together with the
Common Stock, "Vice Stock") of Vice Parent, or any Beneficial Ownership[2] thereof,[3] as
detailed in **Exhibit 1** to the Proposed Interim Order (the "Equity Procedures"); (ii)
directing that any purchase of, sale of, or other transfer or declaration of worthlessness
with respect to Vice Stock in violation of the procedures set forth herein be null and
void *ab initio*; and (iii) granting related relief, including scheduling a hearing to consider
approval of the Motion on a final basis (the "Final Hearing").

---

[2]    "Beneficial Ownership" shall be determined in accordance with the applicable rules of Section 382 of
the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 (as amended, the "IRC"), and the Treasury
Regulations thereunder, and includes direct and indirect ownership (e.g., a holding company would
be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a
partnership would be considered to own its proportionate share of any equity securities owned by such
partnership), ownership by such holder's family members and entities acting in concert with such
holder to make a coordinated acquisition of equity securities, and ownership of equity securities that
such holder has an Option (as defined below) to acquire.  An "Option" to acquire stock includes any
contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to
acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently
exercisable.

[3]    For the avoidance of doubt, the definition of Vice Stock does not include any securities that may be
issued by the Debtor in connection with a chapter 11 plan of reorganization of the Debtors.

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the Southern District of New York

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

the *Amended Standing Order of Reference* from the United States District Court for the

Southern District of New York, dated January 31, 2012 (Preska, C.J.) (the "Amended

Standing Order").

3.      Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

The bases for relief are sections 105(a), 362, and 541 of title 11 of the United States Code

(the "Bankruptcy Code"), Rules 3002 and 9014 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rule 9013-1(a) of the Local Bankruptcy Rules

for the Southern District of New York (the "Local Rules").

4.      This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  The

Debtors confirm their consent to the Court's entry of a final order in connection with

this Motion to the extent that it is later determined that the Court, absent consent of the

parties, cannot enter final orders or judgments in connection herewith consistent with

Article III of the United States Constitution.

**Background**

5.      On the date hereof (the "Petition Date"), the Debtors filed voluntary

petitions for relief under chapter 11 of the Bankruptcy Code with this Court, and

contemporaneously herewith have requested joint administration of the Chapter 11

Cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b).  The Debtors

are operating their businesses and managing their properties as debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the

appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no

official committees have been appointed or designated.

6.     From their humble beginnings as a niche magazine, the Debtors and their

non-Debtor affiliates (collectively, "*VICE*") have grown into a global media company

that focuses on content centered around news and culture, serving a largely global

youth audience.  Today, *VICE* is a global, multiplatform media company that has a

powerful brand, diversified financial profile, premium content, and rich engagement

with its youth-targeted audience.  With production hubs around the world, *VICE*

creates thousands of pieces of content a week globally, including editorial, digital and

social video, experiential events, commercials, music videos, scripted and unscripted

television, feature documentaries, and movies.  Additional facts relating to the Debtors'

businesses and capital structure, and the commencement of these Chapter 11 Cases, are

set forth in the *Declaration of Frank A. Pometti in Support of the Debtors' Chapter 11

Petitions and First Day Relief* (the "First Day Declaration"), which was filed

contemporaneously with this Motion and is incorporated herein by reference.[4]

### The Tax Attributes

7.     Generally, a company generates net operating losses ("NOLs") if the

operating expenses it has incurred exceed the revenues it has earned during a single

year.  A company may apply or "carry forward" NOLs to reduce future tax payments in

a tax year or years after the year in which the NOLs were generated (subject to certain

conditions as discussed below).  *See* IRC § 172.  In addition, business interest expense in

excess of certain thresholds is disallowed as a deduction but may generally be carried

forward and deducted in future tax years (subject to certain conditions).  *See* IRC §

163(j).  Finally, "net unrealized built-in loss," includes, among other things, certain tax

losses resulting from the disposition of assets (such net unrealized built-in loss in

---

[4]     Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed
        to such terms in the First Day Declaration.

respect of the value of assets, together with business interest expense, NOLs, and certain other tax attributes, the "Tax Attributes").

8.      The Debtors estimate that, as of the Petition Date, they collectively have federal and state NOL carryovers in excess of $1 billion.[5]  The Debtors also may have additional disallowed business interest carryforwards, foreign tax credits, net unrealized built-in loss or other Tax Attributes as of the Petition Date.[6]  Furthermore, the Debtors believe that, based on currently available information, they may generate significant additional Tax Attributes in the current and future tax years, including during the pendency of these Chapter 11 Cases.  The Tax Attributes provide the potential for material future tax savings or other tax structuring possibilities in these Chapter 11 Cases because the Debtors can generally carry forward their Tax Attributes to offset future taxable income, thereby reducing their future aggregate tax obligations. Additionally, such Tax Attributes may generally be utilized by the Debtors to offset any taxable income generated by transactions consummated during these Chapter 11 Cases. Thus, the value of the Tax Attributes will inure to the benefit of all of the Debtors' stakeholders.

9.      The Debtors file this Motion to preserve optionality with respect to the structuring of a transaction that may preserve the NOLs as part of the Debtors' efforts to maximize value for the Debtors' estates.  This may include a sale through the Stalking

---

[5]    As of the end of 2021, the Debtors had NOLs with a value of $1,095,408,440.00.  An amount expressed as "in the amount of" represents the gross amount of the Tax Attribute. An amount expressed as "with a value of" indicates the estimated cash value of the Tax Attribute. All amounts set forth in this Motion are subject to change as the Debtors continue to investigate their tax planning options.

[6]    Under Section 382(h) of the Internal Revenue Code, a taxpayer's loss from the sale of its assets following an ownership change is subject to limitation in the same manner as a NOL carryforward arising prior to the ownership change, to the extent of the taxpayer's net unrealized built-in loss at the time of the ownership change.

Horse Bid, or to other transactions as the Debtors continue to market their assets and

consider higher or better offers than that of the Stalking Horse Bid.

**I.    An Ownership Change May Negatively Impact the Debtors' Ability to Use the Tax Attributes**

10.    Section 382 of the IRC limits the amount of taxable income that can be

offset by a corporation's Tax Attributes in taxable years (or a portion thereof) following

an "ownership change."[7]  Generally, an ownership change occurs if the percentage (by

value) of the stock of a corporation owned by one or more 5-percent shareholders has

increased by more than 50 percentage points over the lowest percentage of stock owned

by such shareholders at any time during the 3-year testing period ending on the date of

the ownership change.[8]  For example, an ownership change would occur in the

following situation:

> An individual ("A") owns 50.1 percent of the stock of
> corporation XYZ.  A sells her 50.1 percent interest to another
> individual ("B"), who owns 5 percent of XYZ's stock.  Under
> section 382, an ownership change has occurred because B's
> interest in XYZ has increased more than 50 percentage
> points (from 5 percent to 55.1 percent) during the testing
> period. The same result would follow even if B owned no
> XYZ stock prior to the transaction with A because B both
> becomes a 5-percent shareholder and increases his
> ownership by more than 50 percentage points during the
> testing period.

11.    An ownership change can also occur as a result of a "worthless stock

deduction" claimed by any person that owned 50 percent or more of a corporation's

---

[7]    Similarly, section 383 of the IRC limits the amount of tax liability that can be offset by tax credits following an "ownership change."

[8]    In general, under section 382(g)(4)(A) of the IRC, all shareholders who individually hold less than 5 percent of the stock of a company are deemed to be a single 5-percent shareholder throughout the 3-year testing period, and transfers between such shareholders are disregarded for purposes of determining whether an ownership change has occurred.  Accordingly, the Debtors do not seek to impose restrictions on transfers by shareholders of less than 4.5 percent of outstanding stock, provided that such shareholders do not have an intent to accumulate a 5-percent or greater block of stock or add or sell shares to or from such block.

stock "at any time during the 3-year period ending on the last day of the taxable year"
with respect to which the worthless stock deduction is claimed (a "<u>50-Percent
Shareholder</u>").  IRC § 382(g)(4)(D).  If the 50-Percent Shareholder still owns the
corporation's stock at the end of the taxable year, section 382 of the IRC essentially
treats the person as newly purchasing the stock on the first day of the next taxable year.
For example, if a person with 50.1 percent of a corporation's stock claims a worthless
stock deduction in 2022 but does not sell such stock that year, that person is treated (a)
as not having owned the stock at the end of 2022 and (b) as having purchased the stock
on January 1, 2023.  That deemed purchase would cause an ownership change, because
the 50-Percent Shareholder would be deemed to have a more than 50 percentage point
increase in its stock ownership.

12.      If an ownership change occurs, section 382 of the IRC limits the amount of
a corporation's future income that may be offset by any NOLs prior to such ownership
change (the "<u>Pre-Change Losses</u>") to an annual amount based on the fair market value
of all stock of the corporation prior to the ownership change multiplied by the long-
term tax-exempt rate that applies to the month of the ownership change (which is
currently approximately 3.29 percent).  *See* IRC § 382(b).  Pre-Change Losses would
include the Tax Attributes, and this limitation is permanent.  Thus, certain transfers of
Vice Stock effected before the effective date of the Debtors' emergence from chapter 11
protection may trigger an "ownership change" for tax purposes, severely endangering
the Debtors' ability to utilize the Tax Attributes and causing substantial damage to the
Debtors' estates. Although the limitations imposed by section 382 of the IRC may be
significantly less restrictive when an ownership change occurs pursuant to a confirmed
chapter 11 plan (or any applicable court order), the benefits available under section 382
of the IRC in connection with a confirmed chapter 11 plan (or any applicable court

order) are not applied retroactively to reduce the limitations imposed on a corporation's
ability to utilize its tax benefits resulting from a previous ownership change (such as an
ownership change occurring prior to or during the pendency of a chapter 11 case).
*See* IRC § 382(l)(5), (6).

13.    The Debtors believe that they have significant Tax Attributes that would
be adversely affected (and could be effectively eliminated) by an ownership change
during the pendency of these Chapter 11 Cases.  If such an ownership change were to
occur, the availability and value of such Tax Attributes would be adversely impacted.  It
is therefore in the best interests of the Debtors and their stakeholders to restrict both
transfer of the Beneficial Ownership of Vice Stock and any claim of a worthless stock
deduction by a 50-Percent Shareholder that could result in an ownership change *before*
the effective date of a chapter 11 plan for the Debtors.  Such a restriction would protect
the Debtor' ability to use the Tax Attributes during the pendency of these Chapter 11
Cases and in connection with any chapter 11 plan.

14.    A chapter 11 plan that contemplates a reorganization of the Debtors
involving the issuance of new common stock in Vice Parent (or any successor to Vice
Parent) and the distribution of such stock to certain creditors in satisfaction, in whole or
in part, of their respective claims could also result in an ownership change.  If this
occurs, it is possible that the special relief afforded by section 382(l)(5) of the IRC could
be both available and beneficial to the Debtors; the Debtors, in that circumstance, may
seek to qualify the restructuring for the relief of section 382(l)(5) of the IRC.  Such relief,
however, may become unavailable to the Debtors if certain procedures relating to the
trading and accumulation of certain claims after the Petition Date and prior to the
effective date of a chapter 11 plan are not effective as of the Petition Date.  Accordingly,
the Debtors intend to provide notice to holders of claims that, if and to the extent

8

determined necessary, the Debtors may seek an order of the Court to implement certain claims procedures to monitor the trading and accumulation of claims against the Debtors, and that subsequent court orders in connection therewith could require that a purchaser of certain claims (after the Petition Date) resell some or all of such claims.

## II.    The Debtors' Complex Equity Capitalization

15.    As a result of various investments and capital raises through the years, which are set forth in more detail in the First Day Declaration, Vice Parent has developed a complex equity structure.  Ahead of the common equity of Vice Parent sits 11 series of preferred stock comprised of the following:  (i) Series A-1 Preferred Stock; (ii) Series A-2 Preferred Stock; (iii) Series E-1 Preferred Stock; (iv) Series G Preferred Stock; (v) Series A-3 Preferred Stock; (vi) Series A-4 Preferred Stock; (vii) Series E-2 Preferred Stock; (viii) Series F Preferred Stock; (ix) Series D Preferred Stock; (x) Series C Preferred Stock; and (xi) Series B Preferred Stock.  The capitalization structure and seniority of each class of stock is set forth below:



16.     The Series A Preferred Stock is convertible into Common Stock at the
option of the holder and, as of the Petition Date, was the only series entitled to receive
dividend payments.  The Series A-1 and Series A-3 Preferred Stock are held entirely by
TPG Virat Holdings 1, L.P. and Sixth Street Virat Holdings 3, LLC (collectively, the
"Controlling Shareholders").  Under the Vice Parent's charter, the consent of the
majority of the holders of the Series A-1 and Series A-3 Preferred Stock is required for
many governance-related actions, and such holders also have the right to designate the
majority of the Board of Directors of Vice Parent.  Moreover, if, at any time, the
Controlling Shareholders have not appointed the maximum number of directors to
which they are entitled, the voting power of their actually seated directors would be
increased such that they, in the aggregate, would have the full voting as if a majority of
directors had been seated.

### III.     Proposed Procedures for Transfers of, or Declarations of Worthlessness with Respect to, Vice Stock.[9]

17.     The Equity Procedures are the mechanism by which the Debtors propose
to monitor, and, if necessary, object to, certain transfers of Vice Stock and declarations
of worthlessness with respect to Vice Stock to ensure preservation of the Tax Attributes.
The Equity Procedures, which are fully set forth in **Exhibit 1** to the Proposed Interim
Order, are summarized below.

#### A.     Procedures for Transfers of Vice Stock

a.     Any entity (as defined in section 101(15) of the Bankruptcy Code) who
currently is or becomes a Substantial Shareholder (as defined herein)
must file with the Court, and serve, via mail and, if an email address is
listed, email upon (i) the Debtors, *VICE*, 49 S 2nd Street, Brooklyn, NY
11249 (Attn: Frank A. Pometti); (ii) proposed counsel for the Debtors,
Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY
10119 (Attn:  Kyle J. Ortiz and Brian F. Moore); (iii) proposed special

---

[9]    Capitalized terms not otherwise defined in this section are to be given the meanings ascribed to them
in the Equity Procedures.

counsel for the Debtors, Shearman & Sterling LLP, 599 Lexington
Avenue, New York, NY 10022 (Attn.: Fredric Sosnick) and Shearman
& Sterling LLP, 2601 Olive Street, 17th Floor, Dallas, TX 75201 (Attn.:
Ian E. Roberts); (iv) counsel to any official statutory committee
appointed in the Chapter 11 Cases; and (v) counsel to the DIP/First
Lien Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New
York, NY 10166 (Attn: David M. Feldman, Michael S. Neumeister, and
Tommy Scheffer) (collectively, the "Equity Notice Parties"), a
declaration of such status, substantially in the form of **Exhibit 1A**
attached to the Equity Procedures (each, a "Declaration of Status as a
Substantial Shareholder"), on or before the later of (a) 20 calendar days
after the date of the Notice of Interim Order (as defined in the
Proposed Interim Order), or (b) 10 calendar days after becoming a
Substantial Shareholder; *provided* that, for the avoidance of doubt, the
other procedures set forth herein shall apply to any Substantial
Shareholder even if no Declaration of Status as a Substantial
Shareholder has been filed.

b.      Prior to effectuating any transfer of Beneficial Ownership of Vice Stock
that would result in an increase in the amount of Vice Stock of which a
Substantial Shareholder has Beneficial Ownership or would result in
an entity or individual becoming a Substantial Shareholder, such
Substantial Shareholder or potential Substantial Shareholder must file
with the Court, and serve upon the Equity Notice Parties, an advance
written declaration of the intended transfer of Vice Stock, substantially
in the form of **Exhibit 1B** attached to the Equity Procedures (each, a
"Declaration of Intent to Accumulate Common Stock or Preferred
Stock").

c.      Prior to effectuating any transfer of Beneficial Ownership of Vice Stock
that would result in a decrease in the amount of Vice Stock of which a
Substantial Shareholder has Beneficial Ownership or would result in
an entity or individual ceasing to be a Substantial Shareholder, such
Substantial Shareholder must file with the Court, and serve upon the
Equity Notice Parties, an advance written declaration of the intended
transfer of Vice Stock, substantially in the form of **Exhibit 1C** attached
to the Equity Procedures (each, a "Declaration of Intent to Transfer
Common Stock or Preferred Stock," and together with a Declaration of
Intent to Accumulate Common Stock or Preferred Stock, each, a
"Declaration of Proposed Transfer").

d.      The Debtors and the other Equity Notice Parties shall have 14 business
days after receipt of a Declaration of Proposed Transfer to file with the
Court and serve on such Substantial Shareholder or potential
Substantial Shareholder an objection to any proposed transfer of
Beneficial Ownership of Vice Stock described in the Declaration of
Proposed Transfer on the grounds that such transfer might adversely
affect the Debtors' ability to utilize their Tax Attributes. If the Debtors
and the other Equity Notice Parties file an objection, such transaction

will remain ineffective unless such objection is withdrawn by the
Debtors or such transaction is approved by a final and non-appealable
order of the Court. If the Debtors and the other Equity Notice Parties
do not object within such 14-business-day period, such transaction can
proceed solely as set forth in the Declaration of Proposed Transfer.
Further transactions within the scope of this paragraph must be the
subject of additional notices in accordance with the procedures set
forth herein, with an additional 14-business-day waiting period for
each Declaration of Proposed Transfer.

e.  For purposes of the Equity Procedures: (i) a "<u>Substantial Shareholder</u>"
is any entity or individual that has Beneficial Ownership of at least (A)
486,308 shares of Common Stock (representing approximately 4.5
percent of all issued and outstanding shares of Common Stock), (B)
4,676 Series A-1 Preferred Stock (representing approximately 4.5
percent of all issued and outstanding shares of Series A-1 Preferred
Stock), (C) 326 Series A-2 Preferred Stock (representing approximately
4.5 percent of all issued and outstanding shares of Series A-2 Preferred
Stock), (D) 805 Series E-1 Preferred Stock (representing approximately
4.5 percent of all issued and outstanding shares of Series E-1 Preferred
Stock), (E) 45 Series G Preferred Stock (representing approximately 4.5
percent of all issued and outstanding shares of Series G Preferred
Stock), (F) 3,903 Series A-3 Preferred Stock (representing
approximately 4.5 percent of all issued and outstanding shares of
Series A-3 Preferred Stock), (G) 308 Series A-4 Preferred Stock
(representing approximately 4.5 percent of all issued and outstanding
shares of Series A-4 Preferred Stock), (H) 236 Series E-2 Preferred Stock
(representing approximately 4.5 percent of all issued and outstanding
shares of Series E-2 Preferred Stock), (I) 4,443 Series F Preferred Stock
(representing approximately 4.5 percent of all issued and outstanding
shares of Series F Preferred Stock), (J) 154,744 Series D Preferred Stock
(representing approximately 4.5 percent of all issued and outstanding
shares of Series D Preferred Stock), (K) 370 Series C Preferred Stock
(representing approximately 4.5 percent of all issued and outstanding
shares of Series C Preferred Stock), or (L) 5,827 Series B Preferred Stock
(representing approximately 4.5 percent of all issued and outstanding
shares of Series B Preferred Stock);[10] (ii) "<u>Beneficial Ownership</u>" shall
be determined in accordance with the applicable rules of Section 382 of
the IRC and the Treasury Regulations thereunder and includes direct
and indirect ownership (e.g., a holding company would be considered
to beneficially own all shares owned or acquired by its subsidiaries
and a partner in a partnership would be considered to own its
proportionate share of any equity securities owned by such
partnership), ownership by such holder's family members and entities
acting in concert with such holder to make a coordinated acquisition of
equity securities, and ownership of equity securities that such holder

---

[10]  As used in the Equity Procedures, "shares" shall include all forms of equity interests, including shares
of capital stock, partnership interests, membership interests, participations, and other equivalents.

has an Option to acquire; and (iii) an "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

**B.**     ***Procedures for Declarations of Worthlessness of Vice Stock***

    a.   Any person or entity that currently is or becomes a 50-Percent Shareholder must file with the Court, and serve upon the Equity Notice Parties, a notice of such status, in the form of **<u>Exhibit 1D</u>** attached to the Equity Procedures, on or before the later of (i) 20 calendar days after the date of the Notice of Interim Order and (ii) 10 calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder.

    b.   At least 14 business days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of any share of Vice Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court, and serve upon the Equity Notice Parties, an advance written notice in the form of **<u>Exhibit 1E</u>** attached to the Equity Procedures (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>") of the intended claim of worthlessness.

    c.   The Debtors and the other Equity Notice Parties will have 14 business days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 14-business-day period, and while any objection by the Debtors or the other Equity Notice Parties to the proposed claim is pending, such 50-Percent Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Declaration of Intent to Claim a Worthless Stock Deduction relates and thereafter in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors and the other Equity Notice Parties do not object within such 14-business-day period, the filing of the tax return with such claim would be permitted as set forth in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 14-business-day waiting period.

    d.   For purposes of the procedures a "<u>50-Percent Shareholder</u>" is any person or entity that, in any time is or becomes a "50-percent

shareholder" with respect to the Vice Stock within the meaning of and determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations.

### C.    Noticing and Other Procedures

a.    No later than two business days following entry of the Interim Order, the Debtors shall serve by first class mail a notice, substantially in the form of **Exhibit 2** attached to the Interim Order (the "Notice of Interim Order"), on:  (i) the Office of the United States Trustee for Region 2 (the "U.S. Trustee"); (ii) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors; (iii) all holders of record (with instructions to serve down to the beneficial owners, if applicable) of Vice Stock; (iv) counsel to any statutory committee appointed in these Chapter 11 Cases; and (v) all parties who, as of the filing of the Interim Order, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve by first class mail a notice, substantially in the form of **Exhibit 2** attached to the Final Order (the "Notice of Final Order"), on the same entities that received the Notice of Interim Order.

b.    Within five business days after receiving a Notice of Interim Order or Notice of Final Order, as applicable, all holders of record (with instructions to serve down to the beneficial owners, if applicable) of Vice Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered holder holds such Vice Stock down the chain of ownership.

c.    Any entity or broker or agent acting on such entity or individual's behalf who sells in excess of 4.5 percent of all issued and outstanding shares of Vice Stock to another entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Vice Stock or any broker or agent acting on such purchaser's behalf.

d.    To the extent confidential information is required in any declaration described in these Equity Procedures, such confidential information may be filed and served in redacted form; *provided, however,* that any such declarations served on the Debtors **shall not** be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided, however,* that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such

notices strictly confidential and shall not disclose the contents thereof
to any other person, subject to further Court order.  To the extent
confidential information is necessary to respond to a petitioner
objection filed with the Court, such confidential information shall be
filed under seal or in a redacted form.

18.    The Debtors request that the Court permit the Debtors to waive, in

writing, in their discretion, any and all restrictions, stays and notification procedures set

forth in the Equity Procedures.

## Basis for Relief

19.    Section 541 of the Bankruptcy Code provides that property of the estate

comprises, among other things, "all legal or equitable interests of the debtor in property

as of the commencement of the case."  11 U.S.C. § 541.  The Tax Attributes are property

of the Debtors' estates.  *See Official Comm. of Unsecured Creditors v. PSS Steamship Co.* (*In

re Prudential Lines Inc.*), 928 F.2d 565, 573 (2d Cir. 1991) ("We hold that the right to a

carryforward attributable to its . . . NOL was property of [the debtor's] bankruptcy

estate."); *Official Comm. Of Unsecured Creditors v. Forman* (*In re Forman Enters., Inc.*), 273

B.R. 408, 416 (Bankr. W.D. Pa. 2002) (finding that NOLs are property of the debtors'

estates); *Nisselson v. Drew Indus., Inc.* (*In re White Metal Rolling & Stamping Corp.*), 222

B.R. 417, 424 (Bankr. S.D.N.Y. 1998) (same).  Section 362(a)(3) of the Bankruptcy Code,

moreover, stays "any act [of an entity] to obtain possession of property of the estate or

of property from the estate or to exercise control over property of the estate." 11 U.S.C.

§ 362(a)(3).  Accordingly, any act of a holder of a debtor's equity securities that causes

the termination, or limits use, of the Tax Attributes violates the automatic stay.  *See, e.g.*,

*In re Prudential Lines*, 928 F.2d at 574 (holding that causing the termination of or

adversely affecting the value of a debtor's NOL violates the automatic stay); *In re Phar-

Mor, Inc.*, 152 B.R. 924, 927 (Bankr. N.D. Ohio 1993) ("[T]he sale of stock is prohibited by

§ 362(a)(3) as an exercise of control over the NOL, which is property of the estate.").

20.     Here, implementation of the Equity Procedures is necessary and
appropriate to enforce the automatic stay and, critically, to preserve the value of the Tax
Attributes for the benefit of the Debtors' estates.  As stated above, the Debtors believe
that they collectively had federal and state NOL carryovers in excess of $1 billion.
The Debtors are investigating whether they may have additional disallowed business
interest carryforwards, foreign tax credits, net unrealized built-in loss, or other Tax
Attributes as of the Petition Date.  Furthermore, the Debtors believe that, based on
currently available information, they will generate significant additional Tax Attributes
during the 2022 and 2023 tax years, including during the pendency of these Chapter 11
Cases.

21.     The Debtors believe it is necessary and appropriate to preserve the value
of the Tax Attributes as a precautionary measure, even if the Debtors opt to pursue their
planned sale pursuant to Section 363 of the Bankruptcy Code which may not preserve
the value of the NOLs, in case the Debtors receive a higher offer for their businesses as
part of a chapter 11 plan.  The limitation or loss of the Tax Attributes could thus be
materially detrimental to all parties in interest.  Accordingly, granting the relief
requested will assist the Debtors to preserve their flexibility during the pendency of the
Chapter 11 Cases to make full and efficient use of the Tax Attributes and maximize the
value of these estates.

22.     Additionally, the Equity Procedures do not create general prohibitions on
transfers of, or declarations of worthlessness with respect to, Vice Stock.  The Debtors
seek to establish procedures only to monitor those types of transactions with respect to
Vice Stock that would pose a serious risk under the ownership change test pursuant to
section 382 of the IRC, in order to preserve the Debtors' ability to seek substantive relief
if it appears that a proposed transfer or declaration of worthlessness could jeopardize

the Debtors' utilization of the Tax Attributes. Because of the importance of the Tax

Attributes to the Debtors' restructuring, and thus all parties in interest, implementation

of the Equity Procedures outweighs subjecting a limited number of transfers to the

Equity Procedures.

23.     Courts in this jurisdiction and others have routinely restricted transfers of

equity interests in, and declarations of worthlessness with respect to, stock of a debtor.

Courts ordering such relief generally have done so by imposing notice and objection

requirements regarding any proposed transfer of shares on a person whose holdings of

such shares exceeds (or would exceed as a result of the proposed transfer), a certain

threshold amount. *See, e.g.*, *In re Lumileds Holding B.V., et al.*, No. 22-11155 (LGB) (Bankr.

S.D.N.Y. Sept. 21, 2022) (D.I. 124) (approving notification procedures and restricting

certain transfers of equity interests, and claiming worthless stock deduction with

respect to, the debtors); *In re Celsius Networks LLC, et al.*, No. 22-10964 (MG) (Bankr.

S.D.N.Y. Aug. 17, 2022) (D.I. 525) (same); *In re Voyager Digital Holdings, Inc., et al.*, No.

22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 4, 2022) (D.I. 238) (same); *In re Revlon, Inc., et al.*,

No. 22-10760 (DSJ) (Bankr. S.D.N.Y. Aug. 1, 2022) (D.I. 324) (same); *In re GTT

Communications, Inc., et al.*, No. 21-11880 (Bankr. S.D.N.Y. Nov. 30, 2021) (D.I. 144)

(same); *In re GBG USA Inc., et al.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 1, 2021)

(D.I. 152) (same); *In re Garrett Motion Inc., et al.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y.

Oct. 21, 2020) (D.I. 259) (same); *Centric Brands Inc., et al.*, No. 20-22637 (SHL) (Bankr.

S.D.N.Y. June 10, 2020) (D.I. 175) (same); *In re Frontier Communications Corporation, et al.*,

No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (D.I. 372) (same); *In re LSC

Communications, Inc., et al.*, No. 20-10950 (SHL) (Bankr. S.D.N.Y. May 12, 2020) (D.I. 213)

(same).

24.     Accordingly, the Debtors request that the Court enter the Proposed
Orders.

## Reservation of Rights

25.     Nothing contained herein is or should be construed as:  (i) an admission as
to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' rights to
dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv)
an admission that any particular claim is of a type specified or defined hereunder; (v) a
request to assume any executory contract or unexpired lease; or (vi) a waiver of the
Debtors' rights under the Bankruptcy Code or any other applicable law.

## The Requirements of Bankruptcy Rule 6003(b) Are Satisfied

26.     Bankruptcy Rule 6003 empowers a court to grant relief within the first 21
days after the Petition Date "to the extent that relief is necessary to avoid immediate
and irreparable harm."  Fed. R. Bankr. P. 6003.  As set forth in this Motion, the Debtors
believe that an immediate and orderly transition into chapter 11 is critical to the
viability of their operations and any delay in granting the relief requested could hinder
the Debtors' operations and cause irreparable harm.  Furthermore, the failure to receive
the requested relief during the first 21 days of these Chapter 11 Cases would severely
disrupt the Debtors' operations at this critical juncture and imperil the Debtors' chapter
11 process.  Accordingly, the Debtors submit that they have satisfied the "immediate
and irreparable harm" standard of Bankruptcy Rule 6003 to support the relief requested
herein.

## Motion Practice

27.     This Motion includes citations to the applicable rules and statutory
authorities upon which the relief requested herein is predicated and a discussion of

their application to this Motion. Accordingly, the Debtors submit that this Motion
satisfies Local Rule 9013-1(a).

## Notice

28.     Notice of this Motion will be provided to:  (i) the Office of the United
States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006,
New York, NY 10014 (Attn:  Andrea B. Schwartz); (ii) the parties identified on the
Debtors' consolidated list of 30 largest unsecured creditors; (iii) Gibson, Dunn &
Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn:  David M. Feldman,
Michael S. Neumeister, and Tommy Scheffer), counsel to the DIP/First Lien Group; (iv)
Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn:  Scott
K. Charles and Neil M. Snyder), counsel to TPG Virat Holdings 1, L.P., and Sixth Street
Virat Holdings 3, LLC; (v) Shipman & Goodwin LLP (Attn:  Marie C. Pollio), counsel to
Wilmington Trust, National Association; (vi) the Internal Revenue Service; (vii) the
Office of the United States Attorney for the Southern District of New York; (viii) the
offices of the attorneys general in the states in which the Debtors operate; (ix) the
Governmental Authorities; and (x) any party that has requested notice pursuant to
Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors respectfully
submit that, in light of the nature of the relief requested, no other or further notice need
be given.

## No Previous Request

29.     No previous request for the relief sought herein has been made by the
Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter the

Proposed Orders granting the relief requested herein and such other and further relief

as the Court deems just and appropriate.


Dated:  May 15, 2023
        New York, New York

VICE GROUP HOLDING INC., *et al.*
*Debtors and Debtors in Possession*
*By Their Proposed Counsel*
TOGUT, SEGAL & SEGAL LLP,
By:

*/s/ Kyle J. Ortiz*
ALBERT TOGUT
KYLE J. ORTIZ
BRIAN F. MOORE
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
altogut@teamtogut.com
kortiz@teamtogut.com
bmoore@teamtogut.com

## EXHIBIT A

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

## INTERIM ORDER (I) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR TRANSFERS OF EQUITY SECURITIES AND CLAIMS OF WORTHLESS STOCK DEDUCTIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Interim Order") (i) establishing notice and objection procedures for transfers of equity securities and claims of worthless stock deductions; (ii) directing that any purchase, sale, or other transfer of, or declaration of worthlessness with respect to, Vice Stock in violation of the Equity Procedures be null and void *ab initio*; and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and due and proper notice of the Motion having been provided to the

---

[1] The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice. The location of the Debtors' service address for purposes of these chapter 11 cases is: 49 South 2nd Street, Brooklyn, NY 11249.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Notice Parties, and such notice having been adequate and appropriate under the

circumstances, and it appearing that no other or further notice need be provided; and

this Court having held a hearing to consider the relief requested in the Motion; and

upon the First Day Declaration; and the Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein;

and it appearing that the relief requested in the Motion is in the best interests of the

Debtors, their estates, creditors, and all parties in interest; and upon all of the

proceedings had before the Court and after due deliberation and sufficient cause

appearing therefor,

　　　　IT IS HEREBY ORDERED THAT:

　　　　1.　　The Motion is GRANTED on an interim basis as set forth herein.

　　　　2.　　The Equity Procedures, as set forth in **Exhibit 1** attached hereto, as well as

the forms of notice contained in the exhibits thereto, are hereby approved on an interim

basis.

　　　　3.　　Any transfer of Beneficial Ownership of, or declaration of worthlessness

with respect to, Vice Stock, in violation of the Equity Procedures, including but not

limited to the notice requirements, shall be null and void *ab initio*, and the person or

entity making such transfer or declaration shall be required to take such steps as the

Court determines are necessary in order to be consistent with such transfer or

declaration being null and void *ab initio*.

　　　　4.　　The Debtors may seek a further order of this Court, upon appropriate

notice, containing certain restrictions, notification requirements, and other procedures

with respect to claims against the Debtors, that may be imposed by the Debtors upon

subsequent order of this Court[3] in connection with a plan of reorganization that (i)

indicates the Debtors contemplate or (ii) otherwise allows for the use of section 382(l)(5)

of the IRC by a reorganized debtor to obtain certain incremental tax benefits.

5.    The Debtors may waive, in writing, in their discretion after consultation

with the DIP/First Lien Group, any and all restrictions, stays, and notification

procedures set forth in the Equity Procedures; *provided* that such waiver will not

prejudice the rights of any other party pursuant to this Interim Order.

6.    Within two business days after the entry of this Interim Order, the

Debtors shall provide notice in substantially the form attached hereto as **Exhibit 2**

(the "Notice of Interim Order") to:  (i) Office of the United States Trustee for Region 2

(the "U.S. Trustee"); (ii) the parties identified on the Debtors' consolidated list of 30

largest unsecured creditors; (iii) all holders of record (with instructions to serve down to

the beneficial owners, if applicable) of Vice Stock; (iv) counsel to any statutory

committee appointed in these Chapter 11 Cases; and (v) all parties who, as of the filing

of the Interim Order, have filed a notice of appearance and request for service of papers

pursuant to Bankruptcy Rule 2002.

7.    The Debtors are authorized and empowered to execute and deliver such

documents, and to take and perform all actions necessary to effectuate the relief granted

in this Interim Order.

8.    The requirements set forth in Bankruptcy Rule 6003(b) are deemed

inapplicable to the Motion.

9.    Notice of the Motion, as provided therein, is deemed good and sufficient

under the circumstances, and the requirements of Bankruptcy Rule 6004(a) and the

---

[3]    If the Court enters such an order, the claims procedures shall apply as of the Petition Date and, accordingly, to all transfers of claims from and after the Petition Date.

Local Rules are satisfied by such notice.

10.    The requirements of Bankruptcy Rule 6004(h), to the extent applicable, are hereby waived, and this Interim Order shall be immediately effective and enforceable upon its entry.

11.    The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at__:__ _.m. (prevailing Eastern Time).  Any party in interest objecting to the relief sought at the Final Hearing or in the Final Order shall file and serve a written objection, which objection shall be served upon:  (i) proposed counsel for the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119 (Attn:  Kyle J. Ortiz and Brian F. Moore); (ii) proposed special counsel for the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022 (Attn.:  Fredric Sosnick) and Shearman & Sterling LLP, 2601 Olive Street, 17th Floor, Dallas, TX 75201 (Attn.:  Ian E. Roberts); (iii) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn:  Andrea B. Schwartz); (iv) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn:  David M. Feldman, Michael S. Neumeister, and Tommy Scheffer), counsel to the DIP/First Lien Group; (v) Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn:  Scott K. Charles and Neil M. Snyder), counsel to TPG Virat Holdings 1, L.P., and Sixth Street Virat Holdings 3, LLC; (vi) Shipman & Goodwin LLP (Attn:  Marie C. Pollio), counsel to Wilmington Trust, National Association; and (vii) counsel to any statutory committee appointed in these Chapter 11 Cases, in each case so as to be received no later than _____, 2023, at 11:59 p.m. (prevailing Eastern Time).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

12.    Notwithstanding anything to the contrary contained in the Motion or this

4

Interim Order, any payment to be made and any relief or authorization granted

hereunder shall be limited by, and shall be subject to, the requirements imposed on the

Debtors in any orders entered by this Court authorizing the Debtors to obtain debtor-in-

possession financing and authorizing the use of cash collateral (any such order, a "DIP

Order"), including, for the avoidance of doubt, the debtor-in-possession financing and

cash collateral budget. To the extent of any conflict (but solely to the extent of such

conflict) between the terms of this Interim Order and the terms of any DIP Order, the

terms of the DIP Order will govern.

13.    This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Interim Order.

Dated:_____

_____
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**

**Equity Procedures**

**PROCEDURES FOR
TRANSFERS OF, OR DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO, COMMON STOCK AND PREFERRED STOCK**

Acquisitions and dispositions of Beneficial Ownership of Common Stock and Preferred Stock (together with the Common Stock, the "Vice Stock") in violation of the Equity Procedures set forth below shall be void *ab initio*, and the sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

The following procedures apply to transfer of Vice Stock:[1]

      a.  Any entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve, via mail and, if an email address is listed, email upon (i) the Debtors, *VICE*, 49 S 2nd Street, Brooklyn, NY 11249 (Attn: Frank A. Pometti); (ii)  proposed counsel for the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119 (Attn:  Kyle J. Ortiz and Brian F. Moore); (iii) proposed special counsel for the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022 (Attn.:  Fredric Sosnick) and Shearman & Sterling LLP, 2601 Olive Street, 17th Floor, Dallas, TX 75201 (Attn.: Ian E. Roberts); (iv) counsel to any official statutory committee appointed in the Chapter 11 Cases; and (v) counsel to the DIP/First Lien Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn:  David M. Feldman, Michael S. Neumeister, and Tommy Scheffer) (collectively, the "Equity Notice Parties"), a declaration of such status, substantially in the form of **Exhibit 1A** attached to the Equity Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (a) [20] calendar days after the date of the Notice of Interim Order (as defined in the Proposed Interim Order), or (b) [10] calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

      b.  Prior to effectuating any transfer of Beneficial Ownership of Vice Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder must file with the Court, and serve upon the Equity Notice Parties, an advance written declaration of the intended transfer of Vice Stock, substantially in the form of **Exhibit 1B** attached to the Equity

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Procedures (each, a "<u>Declaration of Intent to Accumulate Common
Stock or Preferred Stock</u>").

c.  Prior to effectuating any transfer of Beneficial Ownership of Vice Stock
    that would result in a decrease in the amount of Vice Stock of which a
    Substantial Shareholder has Beneficial Ownership or would result in
    an entity or individual ceasing to be a Substantial Shareholder, such
    Substantial Shareholder must file with the Court, and serve upon the
    Equity Notice Parties, an advance written declaration of the intended
    transfer of Vice Stock, substantially in the form of **Exhibit 1C** attached
    to the Equity Procedures (each, a "<u>Declaration of Intent to Transfer
    Common Stock or Preferred Stock</u>," and together with a Declaration of
    Intent to Accumulate Common Stock or Preferred Stock, each, a
    "<u>Declaration of Proposed Transfer</u>").

d.  The Debtors and the other Equity Notice Parties shall have 14 business
    days after receipt of a Declaration of Proposed Transfer to file with the
    Court and serve on such Substantial Shareholder or potential
    Substantial Shareholder an objection to any proposed transfer of
    Beneficial Ownership of Vice Stock described in the Declaration of
    Proposed Transfer on the grounds that such transfer might adversely
    affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors
    and the other Equity Notice Parties file an objection, such transaction
    will remain ineffective unless such objection is withdrawn by the
    Debtors or such transaction is approved by a final and non-appealable
    order of the Court.  If the Debtors and the other Equity Notice Parties
    do not object within such 14-business-day period, such transaction can
    proceed solely as set forth in the Declaration of Proposed Transfer.
    Further transactions within the scope of this paragraph must be the
    subject of additional notices in accordance with the procedures set
    forth herein, with an additional 14-business-day waiting period for
    each Declaration of Proposed Transfer.

e.  For purposes of the Equity Procedures: (i) a "<u>Substantial Shareholder</u>"
    is any entity or individual that has Beneficial Ownership of at least (A)
    486,308 shares of Common Stock (representing approximately 4.5
    percent of all issued and outstanding shares of Common Stock), (B)
    4,676 Series A-1 Preferred Stock (representing approximately 4.5
    percent of all issued and outstanding shares of Series A-1 Preferred
    Stock), (C) 326 Series A-2 Preferred Stock (representing approximately
    4.5 percent of all issued and outstanding shares of Series A-2 Preferred
    Stock), (D) 805 Series E-1 Preferred Stock (representing approximately
    4.5 percent of all issued and outstanding shares of Series E-1 Preferred
    Stock), (E) 45 Series G Preferred Stock (representing approximately 4.5
    percent of all issued and outstanding shares of Series G Preferred
    Stock), (F) 3,903 Series A-3 Preferred Stock (representing
    approximately 4.5 percent of all issued and outstanding shares of
    Series A-3 Preferred Stock), (G) 308 Series A-4 Preferred Stock
    (representing approximately 4.5 percent of all issued and outstanding

shares of Series A-4 Preferred Stock), (H) 236 Series E-2 Preferred Stock
(representing approximately 4.5 percent of all issued and outstanding
shares of Series E-2 Preferred Stock), (I) 4,443 Series F Preferred Stock
(representing approximately 4.5 percent of all issued and outstanding
shares of Series F Preferred Stock), (J) 154,474 Series D Preferred Stock
(representing approximately 4.5 percent of all issued and outstanding
shares of Series D Preferred Stock), (K) 370 Series C Preferred Stock
(representing approximately 4.5 percent of all issued and outstanding
shares of Series C Preferred Stock), or (L) 5,827 Series B Preferred Stock
(representing approximately 4.5 percent of all issued and outstanding
shares of Series B Preferred Stock);[2] (ii) "Beneficial Ownership" shall be
determined in accordance with the applicable rules of Section 382 of
the IRC and the Treasury Regulations thereunder and includes direct
and indirect ownership (e.g., a holding company would be considered
to beneficially own all shares owned or acquired by its subsidiaries
and a partner in a partnership would be considered to own its
proportionate share of any equity securities owned by such
partnership), ownership by such holder's family members and entities
acting in concert with such holder to make a coordinated acquisition of
equity securities, and ownership of equity securities that such holder
has an Option to acquire; and (iii) an "Option" to acquire stock
includes any contingent purchase, warrant, convertible debt, put, call,
stock subject to risk of forfeiture, contract to acquire stock, or similar
interest, regardless of whether such interest is contingent or otherwise
not currently exercisable.

The following procedures apply to declarations of worthlessness with respect to Vice
Stock:

a.  Any person or entity that currently is or becomes a 50-Percent
    Shareholder (as defined below) must file with the Court, and serve
    upon the Equity Notice Parties, a notice of such status, in the form of
    **Exhibit 1D** attached to the Equity Procedures, on or before the later of
    (i) 20 calendar days after the date of the Notice of Interim Order and
    (ii) 10 calendar days after becoming a 50-Percent Shareholder.

b.  At least 14 business days prior to filing any federal or state tax return,
    or any amendment to such a return, claiming any deduction for
    worthlessness of the Vice Stock, for a tax year ending before the
    Debtors' emergence from chapter 11 protection, such 50-Percent
    Shareholder must file with the Court, and serve upon the Equity
    Notice Parties, an advance written notice in the form of **Exhibit 1E**
    attached to the Equity Procedures (a "<u>Declaration of Intent to Claim a
    Worthless Stock Deduction</u>") of the intended claim of worthlessness.

---

[2]   As used in the Equity Procedures, "shares" shall include all forms of equity interests, including shares
      of capital stock, partnership interests, membership interests, participations and other equivalents.

c.  The Debtors and the other Equity Notice Parties will have 14 business days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.  During such 14-business-day period, and while any objection by the Debtors and the other Equity Notice Parties to the proposed claim is pending, such 50-Percent Shareholder shall not claim, or cause to be claimed, the proposed worthless stock deduction to which the Declaration of Intent to Claim a Worthless Stock Deduction relates and thereafter in accordance with the Court's ruling, and, as applicable, any appellate rules and procedures.  If the Debtors and the other Equity Notice Parties do not object within such 14-business-day period, the filing of the tax return with such claim would be permitted as set forth in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional tax returns within the scope of this paragraph must be the subject of additional notices as set forth herein, with an additional 14-business-day waiting period.

d.  For purposes of the procedures a "<u>50-Percent Shareholder</u>" is any person or entity that is or becomes a "50-percent shareholder" with respect to the Vice Stock within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations.

## <u>NOTICING AND OTHER PROCEDURES</u>

The following notice procedures apply to the foregoing Equity Procedures:

a.  No later than two business days following entry of the Interim Order, the Debtors shall serve by first class mail a notice, substantially in the form of **<u>Exhibit 2</u>** attached to the Interim Order (the "<u>Notice of Interim Order</u>"), on:  (i) the Office of the United States Trustee for Region 2 (the "<u>U.S. Trustee</u>"); (ii) the parties identified on the Debtors' consolidated list of [30] largest unsecured creditors; (iii) all holders of record (with instructions to serve down to the beneficial owners, if applicable) of Vice Stock; (iv) counsel to any statutory committee appointed in these Chapter 11 Cases; and (v) all parties who, as of the filing of the Interim Order, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. Additionally, no later than two business days following entry of the Final Order, the Debtors shall serve by first class mail a notice, substantially in the form of **<u>Exhibit 2</u>** attached to the Final Order (the "<u>Notice of Final Order</u>"), on the same entities that received the Notice of Interim Order.

b.  Within five business days after receiving a Notice of Interim Order or Notice of Final Order, as applicable, all holders of record (with

instructions to serve down to the beneficial owners, if applicable) of
Vice Stock shall be required to serve the Notice of Interim Order or
Notice of Final Order, as applicable, on any holder for whose benefit
such registered holder holds such Vice Stock down the chain of
ownership.

c.  Any entity or broker or agent acting on such entity or individual's
behalf who sells in excess of approximately 4.5 percent of all issued
and outstanding shares of Vice Stock to another entity shall be
required to serve a copy of the Notice of Interim Order or Notice of
Final Order, as applicable, on such purchaser of such Common Stock
or any broker or agent acting on such purchaser's behalf.

d.  To the extent confidential information is required in any declaration
described in these Equity Procedures, such confidential information
may be filed and served in redacted form; *provided, however*, that any
such declarations served on the Debtors **shall not** be in redacted form.
The Debtors shall keep all information provided in such declarations
strictly confidential and shall not disclose the contents thereof to any
person except (i) to the extent necessary to respond to a petition or
objection filed with the Court; (ii) to the extent otherwise required by
law; or (iii) to the extent that the information contained therein is
already public; *provided, however*, that the Debtors may disclose the
contents thereof to their professional advisors, who shall keep all such
notices strictly confidential and shall not disclose the contents thereof
to any other person, subject to further Court order.  To the extent
confidential information is necessary to respond to a petitioner
objection filed with the Court, such confidential information shall be
filed under seal or in a redacted form.

*[Remainder of page intentionally left blank.]*

## <u>EXHIBIT 1A</u>

**Declaration of Status as a Substantial Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. __-_____ (__) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial

Shareholder with respect to the common stock or equity interests or any Beneficial

---

[1]   The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]   For purposes of this Declaration: (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least (A) 486,308 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock), (B) 4,676 Series A-1 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-1 Preferred Stock), (C) 326 Series A-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-2 Preferred Stock), (D) 805 Series E-1 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-1 Preferred Stock), (E) 45 Series G Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series G Preferred Stock), (F) 3,903 Series A-3 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-3 Preferred Stock), (G) 308 Series A-4 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-4 Preferred Stock), (H) 236 Series E-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-2 Preferred Stock), (I) 4,443 Series F Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series F Preferred Stock), (J) 154,744 Series D Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series D Preferred Stock), (K) 370 Series C Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series C Preferred Stock), or (L) 5,827 Series B Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series B Preferred Stock); (ii) "<u>Beneficial Ownership</u>" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

Ownership thereof (the "Common Stock") and/or the preferred stock or equity

interests or any Beneficial Ownership thereof (the "Preferred Stock") of Vice Group

Holding Inc.  Vice Group Holding Inc. is a debtor and debtor in possession in Case No.

[●] pending in the United States Bankruptcy Court for the Southern District of New

York.

PLEASE TAKE FURTHER NOTICE that as of _____ __, ____, the

undersigned party currently has Beneficial Ownership of _____ [shares] of

[Common Stock/ Series [____] Preferred Stock].   The following table sets forth the

date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has

Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Shares | Series and Number of Shares or Equity Interests | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(*Attach additional page(s) as necessary*)

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer

identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Interim Order*

*(I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims*

*of Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __] (the

"Order"), this declaration (this "Declaration") is being filed with the Court and served

upon the Equity Notice Parties (as defined in the Order), on or before the later of (a) 20

calendar days after the date of the Notice of Interim Order (as defined in the Interim

Order), or (b) 10 calendar days after becoming a Substantial Shareholder.

     **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under

penalty of perjury, the undersigned party hereby declares that he or she has examined

this Declaration and accompanying attachments (if any), and, to the best of his or her

knowledge and belief, this Declaration and any attachments hereto are true, correct, and

complete.

*[Remainder of page intentionally left blank.]*

Respectfully submitted,

_____,
(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Fax: _____


Dated: _____

_____
(City)                    (State)

# EXHIBIT 1B

**Declaration of Intent to Accumulate Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF INTENT TO
## ACCUMULATE COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer")

---

[1]   The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]   For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least (A) 486,308 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock), (B) 4,676 Series A-1 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-1 Preferred Stock), (C) 326 Series A-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-2 Preferred Stock), (D) 805 Series E-1 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-1 Preferred Stock), (E) 45 Series G Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series G Preferred Stock), (F) 3,903 Series A-3 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-3 Preferred Stock), (G) 308 Series A-4 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-4 Preferred Stock), (H) 236 Series E-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-2 Preferred Stock), (I) 4,443 Series F Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series F Preferred Stock), (J) 154744 Series D Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series D Preferred Stock), (K) 370 Series C Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series C Preferred Stock), or (L) 5,827 Series B Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series B Preferred Stock); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

one or more shares of the common stock or equity interests or any Beneficial Ownership
thereof (the "Common Stock") and/or the preferred stock or equity interests or any
Beneficial Ownership thereof (the "Preferred Stock") of Vice Group Holding Inc.  Vice
Group Holding Inc. is a debtor and debtor in possession in Case No. [●] pending in the
United States Bankruptcy Court for the Southern District of New York.

   **PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, __, ____,
the undersigned party filed a declaration of status as a Substantial Shareholder with the
Court and served copies thereof as set forth therein.

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the
undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial
Ownership of _____ [shares] of [Common Stock/ Series [____] Preferred Stock] or
an Option with respect to _____ [shares] of [Common Stock/ Series [____]
Preferred Stock].  If the Proposed Transfer is permitted to occur, the undersigned party
will have Beneficial Ownership of _____ [shares] of [Common Stock/ Series [____]
Preferred Stock] after such transfer becomes effective.

   **PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer
identification number of the undersigned party are _____.

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order
(I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims
of Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __] (the
"Order"), this declaration (this "Declaration") is being filed with the Court and served
upon the Equity Notice Parties (as defined in the Order).

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the
undersigned party acknowledges that it is prohibited from consummating the Proposed
Transfer unless and until the undersigned party complies with the Equity Procedures

set forth therein, that any attempt to do so in violation of the Equity Procedures shall be void *ab initio*, and that the sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 14 business days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 14-business-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock and/or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank.]*

3

Respectfully submitted,

_____,
(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Fax: _____

Dated: _____

_____
(City)                    (State)

4

## <u>EXHIBIT 1C</u>

**Declaration of Intent to Transfer Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF INTENT TO TRANSFER
## COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more

---

[1]    The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]    For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least (A) 486,308 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock), (B) 4,676 Series A-1 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-1 Preferred Stock), (C) 326 Series A-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-2 Preferred Stock), (D) 805 Series E-1 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-1 Preferred Stock), (E) 45 Series G Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series G Preferred Stock), (F) 3,903 Series A-3 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-3 Preferred Stock), (G) 308 Series A-4 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-4 Preferred Stock), (H) 236 Series E-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-2 Preferred Stock), (I) 4,443 Series F Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series F Preferred Stock), (J) 154,744 Series D Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series D Preferred Stock), (K) 370 Series C Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series C Preferred Stock), or (L) 5,827 Series B Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series B Preferred Stock); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

shares of common stock or equity interests or any Beneficial Ownership thereof (the "<u>Common Stock</u>") and/or the preferred stock or equity interests or any Beneficial Ownership thereof (the "<u>Preferred Stock</u>") of Vice Group Holding Inc.  Vice Group Holding Inc. is a debtor and debtor in possession in Case No. [●] pending in the United States Bankruptcy Court for the Southern District of New York.

      **PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____, __, ____, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

      **PLEASE TAKE FURTHER NOTICE** that the undersigned party has Beneficial Ownership of _____ [shares] of [Common Stock/ Series [____] Preferred Stock].

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ [shares] of [Common Stock/ Series [____] Preferred Stock] or an Option with respect to _____ [shares] of [Common Stock/ Series [____] Preferred Stock]. If a Proposed transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ [shares] of [Common Stock/ Series [____] Preferred Stock].

      **PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. ___] (the "<u>Order</u>"), this declaration (this "<u>Declaration</u>") is being filed with the Court and served upon the Equity Notice Parties (as defined in the Order).

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed

Transfer unless and until the undersigned party complies with the Equity Procedures set forth therein, that any attempt to do so in violation of the Equity Procedures shall be void *ab initio*, and that the sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 14 business days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 14-business-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock and/or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank.]*

Respectfully submitted,

_____,
(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Fax: _____

Dated: _____

_____
(City)                    (State)

## EXHIBIT 1D

**Declaration of Status as 50-Percent Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

---

## DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent

Shareholder with respect to the Vice Stock[3] of Vice Group Holding Inc.  Vice Group

Holding Inc. is a debtor and debtor in possession in Case No. [●] pending in the United

States Bankruptcy Court for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that, as of _____, __, ____, the

undersigned party currently has Beneficial Ownership of _____ [shares] of

---

[1]   The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]   For purposes of this Declaration: (i) "50-percent Shareholder" is any person or entity that is or becomes a "50-percent shareholder" of Vice Group Holding Inc. within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

[3]   For purposes of this Declaration: "Vice Stock" means the common stock or equity interests or any Beneficial Ownership thereof (the "Common Stock") together with the preferred stock or equity interests or any Beneficial Ownership thereof (the "Preferred Stock") of Vice Group Holding Inc.

[Common Stock / Series [_____] Preferred Stock].  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Shares | Series and Number of Shares or Equity Interests | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(*Attach additional page(s) as necessary*)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Equity Notice Parties (as defined in the Order), on or before the later of (a) [20] calendar days after the date of the Notice of Interim Order (as defined in the Interim Order), or (b) [10] calendar days after becoming a 50-Percent Shareholder.

*[Remainder of page intentionally left blank.]*

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalty of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

_____,
(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Fax: _____

Dated: _____

_____
(City)                          (State)

3

## EXHIBIT 1E

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction with respect to one or more shares of common stock or equity interests or any Beneficial Ownership thereof (the "Common Stock") and/or any class of the preferred stock or equity interests or any Beneficial Ownership thereof (the "Preferred Stock") of Vice Group Holding Inc. (the "Proposed Worthlessness Claim"). Vice Group Holding Inc. is a debtor and debtor in possession in Case No. [●] pending in the United States Bankruptcy Court for the Southern District of New York.

---

[1]  The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice. The location of the Debtors' service address for purposes of these chapter 11 cases is: 49 South 2nd Street, Brooklyn, NY 11249.

[2]  For purposes of this Declaration: (i) "50-percent Shareholder" is any person or entity that is or becomes a "50-percent shareholder" of Vice Group Holding Inc. within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party has Beneficial

Ownership of _____ [shares] of [Common Stock / Series [____] Preferred Stock].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed

Worthlessness Claim, the undersigned party proposed to declare for [federal / state] tax

purposes that _____ [shares] of [Common Stock / Series [____] Preferred Stock]

became worthless during the tax year ending _____, __, ____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Interim Order*

*(I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims*

*of Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __]

(the "Order"), this declaration (this "Declaration") is being filed with the Court and

served upon the Equity Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the

undersigned party acknowledges that it is prohibited from consummating the Proposed

Worthlessness Claim unless and until the undersigned party complies with the Equity

Procedures set forth therein, that any attempt to do so in violation of the Equity

Procedures shall be void *ab initio*, and that the sanction for violating the Equity

Procedures shall be reversal of the noncompliant transaction or such other (or

additional) measures as the Court may consider appropriate.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the

undersigned party acknowledges that the Debtors have 14 business days after receipt of

this Declaration to object to the Proposed Worthlessness Claim described herein.  If the

Debtors file an objection, such Proposed Worthlessness Claim will not be effective

unless such objection is withdrawn by the Debtors or such action is approved by a final

order of the Bankruptcy Court that becomes non-appealable.  If the Debtors do not object within such 14-business-day period, then after expiration of such period the Proposed Worthlessness Claim may proceed solely as set forth in this Notice.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating, or selling, trading or otherwise transferring Beneficial Ownership of additional shares of Common Stock and / or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank.]*

Respectfully submitted,

_____,
(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Fax: _____

Dated: _____

_____
(City)                    (State)

4

## EXHIBIT 2

**Notice of Interim Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF INTERIM ORDER (I) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR TRANSFERS OF EQUITY SECURITIES AND CLAIMS OF WORTHLESS STOCK DEDUCTIONS AND (II) GRANTING RELATED RELIEF**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF COMMON STOCK OR PREFERRED STOCK OF [●]:**

**PLEASE TAKE NOTICE** that on _____ __, ____, Vice Group Holding Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the Southern District of New York under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on _____ __, ____, the Debtors filed the [*Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Notice And Objection Procedures For Transfers Of Equity Securities And Claims Of Worthless Stock Deductions and (II) Granting Certain Related Relief*] [D.I. __] (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that on _____ __, ____, the Court entered the [*Interim Order (I) Establishing Notice And Objection Procedures For Transfers Of Equity Securities And Claims Of Worthless Stock Deductions and (II) Granting Certain Related Relief*] [D.I. __] (the "Order") approving procedures for certain transfers of, and Declarations of Worthlessness with respect to, Common Stock and Preferred Stock, set forth in **Exhibit 1** attached to the Order (the "Equity Procedures").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, a Substantial

---

[1] The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice. The location of the Debtors' service address for purposes of these chapter 11 cases is: 49 South 2nd Street, Brooklyn, NY 11249.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Shareholder may not consummate any purchase, sale, or other transfer of Common
Stock or Preferred Stock or Beneficial Ownership of Common Stock or Preferred Stock
in violation of the Equity Procedures, and any such transaction in violation of the
Equity Procedures shall be null and void *ab initio*.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, a 50-Percent
Shareholder may not claim a worthless stock deduction in respect of the Common Stock
or Preferred Stock or Beneficial Ownership of Common Stock or Preferred Stock in
violation of the Equity Procedures, and any such deduction in violation of such
Procedures is null and void *ab initio*.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the Equity
Procedures shall apply to the holding and transfers of Common Stock or Preferred
Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone
who may become a Substantial Shareholder.

PLEASE TAKE FURTHER NOTICE that upon the request of any entity, the
proposed notice, solicitation, and claims agent for the Debtors, [●], will provide a copy
of the Order and a form of each of the declarations required to be filed by the Equity
Procedures in a reasonable period of time. Such declarations are also available via
PACER on the Court's website at https://ecf.deb.uscourts.gov for a fee, or by accessing
the Debtors' restructuring website at [●].

PLEASE TAKE FURTHER NOTICE that the final hearing on the motion shall be
held on _____, ____, at__:__ _.m. (Prevailing Eastern Time).  Any objections or
responses to entry of the final order shall be filed and served upon:  the Notice Parties,
in each case so as to be received no later than _____, ____, at 11:59 p.m.
(Prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE THAT FAILURE TO FOLLOW THE
EQUITY PROCEDURES SET FORTH IN THE ORDER SHALL CONSTITUTE A
VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY
PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE.**

**PLEASE TAKE FURTHER NOTICE THAT ANY PROHIBITED PURCHASE,
SALE, OTHER TRANSFER OF, OR DECLARATION OF WORTHLESSNESS WITH
RESPECT TO, COMMON STOCK OR PREFERRED STOCK, BENEFICIAL
OWNERSHIP THEREIN, OR OPTION WITH RESPECT THERETO IN VIOLATION
OF THE ORDER IS PROHIBITED AND SHALL BE NULL AND VOID *AB INITIO*
AND MAY BE SUBJECT TO ADDITIONAL SANCTIONS AS THIS COURT MAY
DETERMINE.**

*[Remainder of page intentionally left blank.]*

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated:  May [__], 2023
New York, New York

VICE GROUP HOLDING INC., *et al.*
*Debtors and Debtors in Possession*
*By Their Proposed Counsel*
TOGUT, SEGAL & SEGAL LLP,
By:

*/s/* _____
ALBERT TOGUT
KYLE J. ORTIZ
BRIAN F. MOORE
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
altogut@teamtogut.com
kortiz@teamtogut.com
bmoore@teamtogut.com

**EXHIBIT B**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

### FINAL ORDER (I) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR TRANSFERS OF EQUITY SECURITIES AND CLAIMS OF WORTHLESS STOCK DEDUCTIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Final Order") (i) establishing notice and objection procedures for transfers of equity securities and claims of worthless stock deductions; (ii) directing that any purchase, sale, or other transfer of, or declaration of worthlessness with respect to, Vice Stock in violation of the Equity Procedures be null and void *ab initio*; and (iii) granting related relief, all as more fully set forth in the Motion; and this Court having entered the [*Interim Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Certain Related Relief*] [D.I. __]; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it

---

[1]    The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

appearing that this Court may enter a final order consistent with Article III of the

United States Constitution; and due and proper notice of the Motion having been

provided to the Notice Parties, and such notice having been adequate and appropriate

under the circumstances, and it appearing that no other or further notice need be

provided; and this Court having held a hearing to consider the relief requested in the

Motion; and upon the First Day Declaration; and the Court having determined that the

legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and it appearing that the relief requested in the Motion is in the best interests of

the Debtors, their estates, creditors, and all parties in interest; and upon all of the

proceedings had before the Court and after due deliberation and sufficient cause

appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Equity Procedures, as set forth in **Exhibit 1** attached hereto, as well as

the forms of notice contained in the exhibits thereto, are hereby approved on a final

basis.

3.      Any transfer of Beneficial Ownership of, or declaration of worthlessness

with respect to, Vice Stock, in violation of the Equity Procedures, including but not

limited to the notice requirements, shall be null and void *ab initio*, and the person or

entity making such transfer or declaration shall be required to take such steps as the

Court determines are necessary in order to be consistent with such transfer or

declaration being null and void *ab initio*.

4.      The Debtors may seek a further order of this Court, upon appropriate

notice, containing certain restrictions, notification requirements, and other procedures

with respect to claims against the Debtors, that may be imposed by the Debtors upon

subsequent order of this Court[3] in connection with a plan of reorganization that (i)

indicates the Debtors contemplate or (ii) otherwise allows for the use of section 382(l)(5)

of the IRC by a reorganized debtor to obtain certain incremental tax benefits.

5.      The Debtors may waive, in writing, in their discretion after consultation

with the DIP/First Lien Group, any and all restrictions, stays, and notification

procedures set forth in the Equity Procedures; *provided* that such waiver will not

prejudice the rights of any other party pursuant to this Final Order.

6.      To the extent that this Final Order is inconsistent with any prior order or

pleading with respect to the Motion in these cases, the terms of this Final Order shall

govern.

7.      Within two business days after the entry of this Final Order, the Debtors

shall provide notice in substantially the form attached hereto as **Exhibit 2** (the "Notice

of Final Order") to:  (i) the Office of the United States Trustee for Region 2 (the "U.S.

Trustee"); (ii) the parties identified on the Debtors' consolidated list of [30] largest

unsecured creditors; (iii) all holders of record (with instructions to serve down to the

beneficial owners, if applicable) of Vice Stock; (iv) counsel to any statutory committee

appointed in these Chapter 11 Cases; and (v) all parties who, as of the filing of the Final

Order, have filed a notice of appearance and request for service of papers pursuant to

Bankruptcy Rule 2002.

8.      The Debtors are authorized and empowered to execute and deliver such

documents, and to take and perform all actions necessary to effectuate the relief granted

in this Final Order.

---

[3]    If the Court enters such an order, the claims procedures shall apply as of the Petition Date and, accordingly, to all transfers of claims from and after the Petition Date.

9.      The requirements set forth in Bankruptcy Rule 6003(b) are deemed inapplicable to the Motion.

10.      Notice of the Motion, as provided therein, is deemed good and sufficient under the circumstances, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.      The requirements of Bankruptcy Rule 6004(h), to the extent applicable, are hereby waived, and this Interim Order shall be immediately effective and enforceable upon its entry.

12.      Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors in any orders entered by this Court authorizing the Debtors to obtain debtor-in-possession financing and authorizing the use of cash collateral (any such order, a "DIP Order"), including, for the avoidance of doubt, the debtor-in-possession financing and cash collateral budget. To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Final Order and the terms of any DIP Order, the terms of the DIP Order will govern.

13.      This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Final Order.


Dated:_____                      _____
                                                                UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**Equity Procedures**

**PROCEDURES FOR
TRANSFERS OF, OR DECLARATIONS OF WORTHLESSNESS
WITH RESPECT TO, COMMON STOCK AND PREFERRED STOCK**

Acquisitions and dispositions of Beneficial Ownership of Common Stock and Preferred Stock (together with the Common Stock, the "Vice Stock") in violation of the Equity Procedures set forth below shall be void *ab initio*, and the sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

The following procedures apply to transfer of Vice Stock:[1]

    a. Any entity (as defined in section 101(15) of the Bankruptcy Code) who currently is or becomes a Substantial Shareholder (as defined herein) must file with the Court, and serve, via mail and, if an email address is listed, email upon (i) the Debtors, *VICE*, 49 S 2nd Street, Brooklyn, NY 11249 (Attn: Frank A. Pometti); (ii) proposed counsel for the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119 (Attn: Kyle J. Ortiz and Brian F. Moore); (iii) proposed special counsel for the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022 (Attn.: Fredric Sosnick) and Shearman & Sterling LLP, 2601 Olive Street, 17th Floor, Dallas, TX 75201 (Attn.: Ian E. Roberts); (iv) counsel to any official statutory committee appointed in the Chapter 11 Cases; and (v) counsel to the DIP/First Lien Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: David M. Feldman, Michael S. Neumeister, and Tommy Scheffer) (collectively, the "Equity Notice Parties"), a declaration of such status, substantially in the form of **Exhibit 1A** attached to the Equity Procedures (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (a) [20] calendar days after the date of the Notice of Final Order (as defined in the Proposed Final Order), or (b) [10] calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

    b. Prior to effectuating any transfer of Beneficial Ownership of Vice Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, such Substantial Shareholder or potential Substantial Shareholder must file with the Court, and serve upon the Equity Notice Parties, an advance written declaration of the intended transfer of Vice Stock, substantially in the form of **Exhibit 1B** attached to the Equity

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Procedures (each, a "<u>Declaration of Intent to Accumulate Common
Stock or Preferred Stock</u>").

c.  Prior to effectuating any transfer of Beneficial Ownership of Vice Stock
that would result in a decrease in the amount of Vice Stock of which a
Substantial Shareholder has Beneficial Ownership or would result in
an entity or individual ceasing to be a Substantial Shareholder, such
Substantial Shareholder must file with the Court, and serve upon the
Equity Notice Parties, an advance written declaration of the intended
transfer of Vice Stock, substantially in the form of **<u>Exhibit 1C</u>** attached
to the Equity Procedures (each, a "<u>Declaration of Intent to Transfer
Common Stock or Preferred Stock</u>," and together with a Declaration of
Intent to Accumulate Common Stock or Preferred Stock, each, a
"<u>Declaration of Proposed Transfer</u>").

d.  The Debtors and the other Equity Notice Parties shall have [14]
business days after receipt of a Declaration of Proposed Transfer to file
with the Court and serve on such Substantial Shareholder or potential
Substantial Shareholder an objection to any proposed transfer of
Beneficial Ownership of Vice Stock described in the Declaration of
Proposed Transfer on the grounds that such transfer might adversely
affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors
and the other Equity Notice Parties file an objection, such transaction
will remain ineffective unless such objection is withdrawn by the
Debtors or such transaction is approved by a final and non-appealable
order of the Court.  If the Debtors and the other Equity Notice Parties
do not object within such [14]-business-day period, such transaction
can proceed solely as set forth in the Declaration of Proposed Transfer.
Further transactions within the scope of this paragraph must be the
subject of additional notices in accordance with the procedures set
forth herein, with an additional [14]-business-day waiting period for
each Declaration of Proposed Transfer.

e.  For purposes of the Equity Procedures: (i) a "<u>Substantial Shareholder</u>"
is any entity or individual that has Beneficial Ownership of at least (A)
486,308 shares of Common Stock (representing approximately 4.5
percent of all issued and outstanding shares of Common Stock), (B)
4,676 Series A-1 Preferred Stock (representing approximately 4.5
percent of all issued and outstanding shares of Series A-1 Preferred
Stock), (C) 326 Series A-2 Preferred Stock (representing approximately
4.5 percent of all issued and outstanding shares of Series A-2 Preferred
Stock), (D) 805 Series E-1 Preferred Stock (representing approximately
4.5 percent of all issued and outstanding shares of Series E-1 Preferred
Stock), (E) 45 Series G Preferred Stock (representing approximately 4.5
percent of all issued and outstanding shares of Series G Preferred
Stock), (F) 3,903 Series A-3 Preferred Stock (representing
approximately 4.5 percent of all issued and outstanding shares of
Series A-3 Preferred Stock), (G) 308 Series A-4 Preferred Stock
(representing approximately 4.5 percent of all issued and outstanding

shares of Series A-4 Preferred Stock), (H) 236 Series E-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-2 Preferred Stock), (I) 4,443 Series F Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series F Preferred Stock), (J) 154,744 Series D Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series D Preferred Stock), (K) 370 Series C Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series C Preferred Stock), or (L) 5,827 Series B Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series B Preferred Stock);[2] (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of Section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (e.g., a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

The following procedures apply to declarations of worthlessness with respect to Vice Stock:

    a.   Any person or entity that currently is or becomes a 50-Percent Shareholder (as defined below) must file with the Court, and serve upon the Equity Notice Parties, a notice of such status, in the form of **Exhibit 1D** attached to the Equity Procedures, on or before the later of (i) [20] calendar days after the date of the Notice of Final Order and (ii) [10] calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder.

    b.   At least [14] days prior to filing any federal or state tax return, or any amendment to such a return, claiming any deduction for worthlessness of the Vice Stock, for a tax year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court, and serve upon the Equity Notice Parties, an advance written notice in the form of **Exhibit 1E** attached to the Equity

---

[2]   As used in the Equity Procedures, "shares" shall include all forms of equity interests, including shares of capital stock, partnership interests, membership interests, participations and other equivalents.

Procedures (a "<u>Declaration of Intent to Claim a Worthless Stock
Deduction</u>") of the intended claim of worthlessness.

c.    The Debtors will have [14] business days after receipt of a Declaration
of Intent to Claim a Worthless Stock Deduction to file with the Court
and serve on such 50-Percent Shareholder an objection to any
proposed claim of worthlessness described in the Declaration of Intent
to Claim a Worthless Stock Deduction on the grounds that such claim
might adversely affect the Debtors' ability to utilize their Tax
Attributes.  During such [14]-business-day period, and while any
objection by the Debtors to the proposed claim is pending, such 50-
Percent Shareholder shall not claim, or cause to be claimed, the
proposed worthless stock deduction to which the Declaration of Intent
to Claim a Worthless Stock Deduction relates and thereafter in
accordance with the Court's ruling, and, as applicable, any appellate
rules and procedures.  If the Debtors do not object within such [14]-
business-day period, the filing of the tax return with such claim would
be permitted as set forth in the Declaration of Intent to Claim a
Worthless Stock Deduction.  Additional tax returns within the scope of
this paragraph must be the subject of additional notices as set forth
herein, with an additional [14]-business-day waiting period.

d.    For purposes of the procedures a "<u>50-Percent Shareholder</u>" is any
person or entity that is or becomes a "50-percent shareholder" with
respect to Vice Stock within the meaning of section 382(g)(4)(D) of the
IRC and the applicable Treasury Regulations.

## <u>NOTICING AND OTHER PROCEDURES</u>

The following notice procedures apply to the foregoing Equity Procedures:

a.    No later than two business days following entry of the Interim Order,
the Debtors shall serve by first class mail a notice, substantially in the
form of **<u>Exhibit 2</u>** attached to the Interim Order (the "<u>Notice of Final
Order</u>"), on: (i) the Office of the United States Trustee for Region 2 (the
"<u>U.S. Trustee</u>"); (ii) the parties identified on the Debtors' consolidated
list of [30] largest unsecured creditors; (iii) all holders of record (with
instructions to serve down to the beneficial owners, if applicable) of
Vice Stock; (iv) counsel to any statutory committee appointed in these
Chapter 11 Cases; and (v) all parties who, as of the filing of the Interim
Order, have filed a notice of appearance and request for service of
papers pursuant to Bankruptcy Rule 2002.  Additionally, no later than
two business days following entry of the Final Order, the Debtors shall
serve by first class mail a notice, substantially in the form of **<u>Exhibit 2</u>**
attached to the Final Order (the "<u>Notice of Final Order</u>"), on the same
entities that received the Notice of Interim Order.

b.    Within five business days after receiving a Notice of Interim Order or
Notice of Final Order, as applicable, all holders of record (with

instructions to serve down to the beneficial owners, if applicable) of Vice Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered holder holds such Vice Stock down the chain of ownership.

c.  Any entity or broker or agent acting on such entity or individual's behalf who sells in excess of approximately 4.5 percent of all issued and outstanding shares of Vice Stock to another entity shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock or any broker or agent acting on such purchaser's behalf.

d.  To the extent confidential information is required in any declaration described in these Equity Procedures, such confidential information may be filed and served in redacted form; *provided, however*, that any such declarations served on the Debtors **shall not** be in redacted form. The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided, however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

*[Remainder of page intentionally left blank.]*

## EXHIBIT 1A

**Declaration of Status as a Substantial Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

### DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial

Shareholder with respect to the common stock or equity interests or any Beneficial

---

[1]    The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]    For purposes of this Declaration: (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least (A) 486,308 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock), (B) 4,676 Series A-1 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-1 Preferred Stock), (C) 326 Series A-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-2 Preferred Stock), (D) 805 Series E-1 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-1 Preferred Stock), (E) 45 Series G Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series G Preferred Stock), (F) 3,903 Series A-3 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-3 Preferred Stock), (G) 308 Series A-4 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-4 Preferred Stock), (H) 236 Series E-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-2 Preferred Stock), (I) 4,443 Series F Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series F Preferred Stock), (J) 154,744  Series D Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series D Preferred Stock), (K) 370 Series C Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series C Preferred Stock), or (L) 5,827 Series B Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series B Preferred Stock); (ii) "<u>Beneficial Ownership</u>" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

Ownership thereof (the "Common Stock") and/or the preferred stock or equity

interests or any Beneficial Ownership thereof (the "Preferred Stock") of Vice Group

Holding Inc.  Vice Group Holding Inc. is a debtor and debtor in possession in Case No.

[●] pending in the United States Bankruptcy Court for the Southern District of New

York.

        **PLEASE TAKE FURTHER NOTICE** that as of _____ __, ____, the

undersigned party currently has Beneficial Ownership of _____ [shares] of

[Common Stock/ Series [____] Preferred Stock].   The following table sets forth the

date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has

Beneficial Ownership of such Common Stock and/or Preferred Stock:

| Debtor Name | Series and Number of Shares or Equity Interests | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*(Attach additional page(s) as necessary)*

        **PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

        **PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I)*

*Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of*

*Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __] (the "Order"),

this declaration (this "Declaration") is being filed with the Court and served upon the

Equity Notice Parties (as defined in the Order), on or before the later of (a) [20] calendar

days after the date of the Notice of Final Order (as defined in the Interim Order), or (b)
[10] calendar days after becoming a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under
penalty of perjury, the undersigned party hereby declares that he or she has examined
this Declaration and accompanying attachments (if any), and, to the best of his or her
knowledge and belief, this Declaration and any attachments hereto are true, correct, and
complete.

*[Remainder of page intentionally left blank.]*

Respectfully submitted,

_____,
(Name of Substantial Shareholder)

By: _____

Name: _____

Address: _____

_____

_____

Telephone: _____

Email: _____

Fax: _____

Dated: _____

_____

(City)                    (State)

4

## EXHIBIT 1B

**Declaration of Intent to Accumulate Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

---

### DECLARATION OF INTENT TO ACCUMULATE
### COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer")

---

[1]   The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice. The location of the Debtors' service address for purposes of these chapter 11 cases is: 49 South 2nd Street, Brooklyn, NY 11249.

[2]   For purposes of this Declaration: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least (A) 486,308 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock), (B) 4,676 Series A-1 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-1 Preferred Stock), (C) 326 Series A-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-2 Preferred Stock), (D) 805 Series E-1 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-1 Preferred Stock), (E) 45 Series G Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series G Preferred Stock), (F) 3,903 Series A-3 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-3 Preferred Stock), (G) 308 Series A-4 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-4 Preferred Stock), (H) 236 Series E-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-2 Preferred Stock), (I) 4,443 Series F Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series F Preferred Stock), (J) 154,744 Series D Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series D Preferred Stock), (K) 370 Series C Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series C Preferred Stock), or (L) 5,827 Series B Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series B Preferred Stock); (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

one or more shares of the common stock or equity interests or any Beneficial Ownership thereof (the "Common Stock") and/or the preferred stock or equity interests or any Beneficial Ownership thereof (the "Preferred Stock") of Vice Group Holding Inc.  Vice Group Holding Inc. is a debtor and debtor in possession in Case No. [●] pending in the United States Bankruptcy Court for the Southern District of New York.

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____, __, ____, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ [shares] of [Common Stock/ Series [____] Preferred Stock] or an Option with respect to _____ [shares] of [Common Stock/ Series [____] Preferred Stock].  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ [shares] of [Common Stock/ Series [____] Preferred Stock] after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Equity Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Equity Procedures

2

set forth therein, that any attempt to do so in violation of the Equity Procedures shall be void *ab initio*, and that the sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

**PLEASE TAKE FURTHER NOTICE** that the Debtors have 14 business days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court. If the Debtors do not object within such 14-business-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock and/or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank.]*

Respectfully submitted,

_____,
(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Fax: _____


Dated: _____

_____
(City)                        (State)

4

## **EXHIBIT 1C**

**Declaration of Intent to Transfer Common Stock or Preferred Stock**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

### DECLARATION OF INTENT TO TRANSFER
### COMMON STOCK OR PREFERRED STOCK[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to sell, trade, or otherwise transfer (the "<u>Proposed Transfer</u>") one or more

---

[1]    The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]    For purposes of this Declaration: (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least (A) 486,308 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock), (B) 4,676 Series A-1 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-1 Preferred Stock), (C) 326 Series A-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-2 Preferred Stock), (D) 805 Series E-1 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-1 Preferred Stock), (E) 45 Series G Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series G Preferred Stock), (F) 3,903 Series A-3 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-3 Preferred Stock), (G) 308 Series A-4 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series A-4 Preferred Stock), (H) 236 Series E-2 Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series E-2 Preferred Stock), (I) 4,443 Series F Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series F Preferred Stock), (J) 154,744 Series D Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series D Preferred Stock), (K) 370 Series C Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series C Preferred Stock), or (L) 5,827 Series B Preferred Stock (representing approximately 4.5 percent of all issued and outstanding shares of Series B Preferred Stock); (ii) "<u>Beneficial Ownership</u>" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "<u>Option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

shares of common stock or equity interests or any Beneficial Ownership thereof (the "Common Stock") and/or the preferred stock or equity interests or any Beneficial Ownership thereof (the "Preferred Stock") of Vice Group Holding Inc. Vice Group Holding Inc. is a debtor and debtor in possession in Case No. [●] pending in the United States Bankruptcy Court for the Southern District of New York.

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____, __, ____, the undersigned party filed a declaration of status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party has Beneficial Ownership of _____ [shares] of [Common Stock/ Series [____] Preferred Stock].

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ [shares] of [Common Stock/ Series [____] Preferred Stock] or an Option with respect to _____ [shares] of [Common Stock/ Series [____] Preferred Stock]. If a Proposed transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ [shares] of [Common Stock/ Series [____] Preferred Stock].

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Final Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Equity Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed

Transfer unless and until the undersigned party complies with the Equity Procedures set forth therein, that any attempt to do so in violation of the Equity Procedures shall be void *ab initio*, and that the sanction for violating the Equity Procedures shall be reversal of the noncompliant transaction or such other (or additional) measures as the Court may consider appropriate.

      **PLEASE TAKE FURTHER NOTICE** that the Debtors have 14 business days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn by the Debtors or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors do not object within such 14-business-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

      **PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock and/or Preferred Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

*[Remainder of page intentionally left blank.]*

3

Respectfully submitted,

_____,
(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Fax: _____


Dated: _____

_____
(City)                    (State)

# EXHIBIT 1D

**Declaration of Status as 50-Percent Shareholder**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

### DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent

Shareholder with respect to the Vice Stock[3] of Vice Group Holding Inc.  Vice Group

Holding Inc. is a debtor and debtor in possession in Case No. [●] pending in the United

States Bankruptcy Court for the Southern District of New York.

**PLEASE TAKE FURTHER NOTICE** that, as of _____, __, ____, the

undersigned party currently has Beneficial Ownership of _____ [shares] of

---

[1]   The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]   For purposes of this Declaration: (i) "50-percent Shareholder" is any person or entity that is or becomes a "50-percent shareholder" of Vice Group Holding Inc. within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

[3]   For purposes of this Declaration: "Vice Stock" means the common stock or equity interests or any Beneficial Ownership thereof (the "Common Stock") together with the preferred stock or equity interests or any Beneficial Ownership thereof (the "Preferred Stock") of Vice Group Holding Inc.

[Common Stock / Series [_____] Preferred Stock].  The following table sets forth the

date(s) on which the undersigned party acquired Beneficial Ownership or otherwise has

Beneficial Ownership of such Common Stock and / or Preferred Stock:

| Shares | Series and Number of Shares or Equity Interests | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

*(Attach additional page(s) as necessary)*

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I)*

*Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of*

*Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __] (the "Order"),

this declaration (this "Declaration") is being filed with the Court and served upon the

Equity Notice Parties (as defined in the Order), on or before the later of (a) 20 calendar

days after the date of the Notice of Final Order (as defined in the Final Order), or (b) 10

calendar days after becoming a 50-Percent Shareholder.

*[Remainder of page intentionally left blank.]*

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1746, under penalty of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

_____,
(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Fax: _____

Dated: _____

_____
(City)                    (State)

## EXHIBIT 1E

**Declaration of Intent to Claim a Worthless Stock Deduction**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of

its intention to claim a worthless stock deduction with respect to one or more shares of

common stock or equity interests or any Beneficial Ownership thereof (the "Common

Stock") and/or any class of the preferred stock or equity interests or any Beneficial

Ownership thereof (the "Preferred Stock") of Vice Group Holding Inc. (the "Proposed

Worthlessness Claim").  Vice Group Holding Inc. is a debtor and debtor in possession

in Case No. [●] pending in the United States Bankruptcy Court for the Southern District

of New York.

---

[1]  The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]  For purposes of this Declaration: (i) "50-percent Shareholder" is any person or entity that is or becomes a "50-percent shareholder" of Vice Group Holding Inc. within the meaning of section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations; (ii) "Beneficial Ownership" shall be determined in accordance with the applicable rules of section 382 of the IRC and the Treasury Regulations thereunder and includes direct and indirect ownership (*e.g.*, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries and a partner in a partnership would be considered to own its proportionate share of any equity securities owned by such partnership), ownership by such holder's family members and entities acting in concert with such holder to make a coordinated acquisition of equity securities, and ownership of equity securities that such holder has an Option (as defined below) to acquire; and (iii) an "Option" to acquire stock includes any contingent purchase, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether such interest is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party has Beneficial

Ownership of _____ [shares] of [Common Stock/ Series [____] Preferred Stock].

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed

Worthlessness Claim, the undersigned party proposed to declare for [federal/state] tax

purposes that _____ [shares] of [Common Stock/ Series [____] Preferred Stock]

became worthless during the tax year ending _____, __, ____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer

identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Final Order (I)*

*Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of*

*Worthless Stock Deductions and (II) Granting Certain Related Relief* [D.I. __] (the "Order"),

this declaration (this "Declaration") is being filed with the Court and served upon the

Equity Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the

undersigned party acknowledges that it is prohibited from consummating the Proposed

Worthlessness Claim unless and until the undersigned party complies with the Equity

Procedures set forth therein, that any attempt to do so in violation of the Equity

Procedures shall be void *ab initio*, and that the sanction for violating the Equity

Procedures shall be reversal of the noncompliant transaction or such other (or

additional) measures as the Court may consider appropriate.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the

undersigned party acknowledges that the Debtors have 14 business days after receipt of

this Declaration to object to the Proposed Worthlessness Claim described herein.  If the

Debtors file an objection, such Proposed Worthlessness Claim will not be effective

unless such objection is withdrawn by the Debtors or such action is approved by a final

order of the Bankruptcy Court that becomes non-appealable.  If the Debtors do not

object within such 14-business-day period, then after expiration of such period the

Proposed Worthlessness Claim may proceed solely as set forth in this Notice.

   **PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated

by the undersigned party that may result in the undersigned party purchasing,

acquiring, or otherwise accumulating, or selling, trading or otherwise transferring

Beneficial Ownership of additional shares of Common Stock and / or Preferred Stock

will each require an additional notice filed with the Court to be served in the same

manner as this Declaration.

   **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under

penalties of perjury, the undersigned party hereby declares that he or she has examined

this Declaration and accompanying attachments (if any), and, to the best of his or her

knowledge and belief, this Declaration and any attachments hereto are true, correct, and

complete.


*[Remainder of page intentionally left blank.]*

Respectfully submitted,

_____,
(Name of Substantial Shareholder)

By: _____
Name: _____
Address: _____
_____
_____
Telephone: _____
Email: _____
Fax: _____

Dated: _____

_____
(City)                    (State)

<u>**EXHIBIT 2**</u>

**Notice of Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

**NOTICE OF FINAL ORDER (I) ESTABLISHING NOTICE AND OBJECTION
PROCEDURES FOR TRANSFERS OF EQUITY SECURITIES AND CLAIMS OF
WORTHLESS STOCK DEDUCTIONS AND (II) GRANTING RELATED RELIEF**

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE
BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF
COMMON STOCK OR PREFERRED STOCK OF VICE GROUP HOLDING INC.:**

PLEASE TAKE NOTICE that on _____ __, ____, Vice Group Holding Inc.
and its affiliated debtors and debtors in possession (collectively, the "Debtors"), filed
petitions with the United States Bankruptcy Court for the Southern District of New
York under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the
"Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code
operates as a stay of any act to obtain possession of property of or from the Debtors'
estates or to exercise control over property of or from the Debtors' estates.

PLEASE TAKE FURTHER NOTICE that on _____ __, ____, the Debtors
filed the [*Debtors' Motion for Entry of Interim and Final Orders (I) Establishing Notice And
Objection Procedures For Transfers Of Equity Securities And Claims Of Worthless Stock
Deductions and (II) Granting Certain Related Relief*] [D.I. __] (the "Motion").[2]

PLEASE TAKE FURTHER NOTICE that on _____ __, ____, the Court
entered the [*Final Order (I) Establishing Notice And Objection Procedures For Transfers Of
Equity Securities And Claims Of Worthless Stock Deductions and (II) Granting Certain Related
Relief*] [D.I. __] (the "Order") approving procedures for certain transfers of, and
Declarations of Worthlessness with respect to, Common Stock and Preferred Stock, set
forth in **Exhibit 1** attached to the Order (the "Equity Procedures").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, a Substantial

---

[1]    The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the
large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four
digits of their federal tax identification numbers is not provided herein.  A complete list of such
information may be obtained on the website of the Debtors' claims and noticing agent at
https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these
chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Preferred Stock or Beneficial Ownership of Common Stock or Preferred Stock in violation of the Equity Procedures, and any such transaction in violation of the Equity Procedures shall be null and void *ab initio.*

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, a 50-Percent Shareholder may not claim a worthless stock deduction in respect of the Common Stock or Preferred Stock or Beneficial Ownership of Common Stock or Preferred Stock in violation of the Equity Procedures, and any such deduction in violation of such Procedures is null and void *ab initio.*

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the Equity Procedures shall apply to the holding and transfers of Common Stock or Preferred Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that upon the request of any entity, the proposed notice, solicitation, and claims agent for the Debtors, [Stretto], will provide a copy of the Order and a form of each of the declarations required to be filed by the Equity Procedures in a reasonable period of time. Such declarations are also available via PACER on the Court's website at https://ecf.deb.uscourts.gov for a fee, or by accessing the Debtors' restructuring website at [●].

**PLEASE TAKE FURTHER NOTICE THAT FAILURE TO FOLLOW THE EQUITY PROCEDURES SET FORTH IN THE ORDER SHALL CONSTITUTE A VIOLATION OF, AMONG OTHER THINGS, THE AUTOMATIC STAY PROVISIONS OF SECTION 362 OF THE BANKRUPTCY CODE.**

**PLEASE TAKE FURTHER NOTICE THAT ANY PROHIBITED PURCHASE, SALE, OTHER TRANSFER OF, OR DECLARATION OF WORTHLESSNESS WITH RESPECT TO, COMMON STOCK OR PREFERRED STOCK, BENEFICIAL OWNERSHIP THEREIN, OR OPTION WITH RESPECT THERETO IN VIOLATION OF THE ORDER IS PROHIBITED AND SHALL BE NULL AND VOID *AB INITIO* AND MAY BE SUBJECT TO ADDITIONAL SANCTIONS AS THIS COURT MAY DETERMINE.**

*[Remainder of page intentionally left blank.]*

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated:  May [__], 2023
      New York, New York

                                      VICE GROUP HOLDING INC., *et al.*
                                      *Debtors and Debtors in Possession*
                                      *By Their Proposed Counsel*
                                      TOGUT, SEGAL & SEGAL LLP,
                                      By:

                                      */s/*_____
                                      ALBERT TOGUT
                                      KYLE J. ORTIZ
                                      BRIAN F. MOORE
                                      One Penn Plaza, Suite 3335
                                      New York, New York 10119
                                      Telephone: (212) 594-5000
                                      altogut@teamtogut.com
                                      kortiz@teamtogut.com
                                      bmoore@teamtogut.com