**UNITED STATES BANKRUPTCY COURT**

**Southern District of New York**

| | | |
|---|---|---|
| <u>In re</u> | ) | Chapter 11 |
| | ) | |
| **Vice Group Holding Inc., et al.,** | ) | **Case No 23-10738 (JPM)** |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**STATEMENT OF FINANCIAL AFFAIRS FOR**

**Vice Group Holding Inc.**

**Case No: 23-10738**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (JPM) |
| Debtors.[1] | (Joint Administered) |

**DISCLOSURE AND ACCOUNTING NOTES REGARDING DEBTORS' SCHEDULES**
**OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On May 15, 2023 (the "Petition Date"), Vice Group Holding Inc. and its debtor affiliates, as debtors and debtors in possession (each a "Debtor," collectively, the "Debtors," and together with their non-debtor affiliates, the "Company"), commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On May 30, 2023 (the "Additional Petition Date"), Debtor Goldie Films, Inc. also commenced a case by filing a chapter 11 petition.[2]

The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under case number 23-10738 (JPM).

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" or "SOFAs") were prepared pursuant to Bankruptcy Code section 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure by the Debtors' management using unaudited information available as of the Petition Date.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Vice Group Holding Inc. (4250); Vice Impact Inc. (9603); Vice Media LLC (5144); Villain LLC (3050); Boy Who Cried Author LLC (6199); Carrot Operations LLC (1596); Carrot Creative LLC (8652); Channel 271 Productions LLC (1637); Clifford Benski, Inc. (9387); Dana Made LLC (1065); Inverness Collective LLC (6542); JT Leroy Holding LLC (7555); PLDM Films LLC (5217); Project Change LLC (2758); R29 Pride, LLC (7011); R29 Productions, LLC (6344); Refinery 29 Inc. (7749); Valvi LLC (6110); Vice Content Development, LLC (5165); Vice Distribution LLC (5515); Vice Europe Holding Limited (N/A);  Vice Europe Pulse Holding Limited (N/A); Vice Food LLC (1693); Vice Holding Inc. (2658); Vice International Holding, Inc. (5669); Vice Music Publishing LLC (3022); Vice Payroll LLC (6626); Vice Productions LLC (5399); Vice Project Services LLC (6473); Virtue Worldwide, LLC (7212); Visur LLC (9336); VTV Productions LLC (6854); and Goldie Films, Inc. (1241). The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]   As used herein, the terms "Petition Date," "Debtors," and "Chapter 11 Cases" are inclusive of the Additional Petition Date, Goldie Films, Inc., and its chapter 11 case, respectively.  As of the date herein, the joint administration of the Goldie Films, Inc. chapter 11 case together with the other Chapter 11 Cases is pending approval.

These *Disclosure and Accounting Notes Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (these "Disclosure and Accounting Notes") are incorporated by reference in, and comprise an integral part of, each of the Debtors' Schedules, sub-Schedules, Statements, sub-Statements, exhibits, and continuation sheets, and should be referred to in connection with any review of the Schedules and Statements. Disclosure of information in one Schedule, sub-Schedule, Statement, sub-Statement, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or continuation sheet.

1.    **Basis of Presentation**.    The Company historically prepared consolidated unaudited quarterly and consolidated audited annual financial statements, which included all of the Debtors and affiliated non-Debtor entities. Unlike the consolidated financial statements, the Schedules and Statements generally reflect the assets and liabilities of each Debtor on a non-consolidated basis. Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically by the Company.

Although the Schedules and Statements may, at times, incorporate information prepared in accordance with United States generally accepted accounting principles ("GAAP"), the Schedules and Statements neither purport to represent nor reconcile to financial statements otherwise prepared and/or distributed by the Debtors in accordance with GAAP or otherwise.

2.    **Reporting Date**.    Each Debtor operates on a fiscal year ending on December 31 annually. All asset and liability information, except where otherwise noted, is provided as of the Petition Date.

3.    **Currency**.    All amounts are reflected in U.S. dollars, which the Company uses as its reporting currency. Unless otherwise noted, the Debtors used conversion rates provided by Xignite Inc. as of the Petition Date. One significant exception is the value of prepetition transfers, which were valued using the conversion rates as of the date of such transfer.

4.    **Totals**.    All totals included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined values, these will not be listed in the totals.

5.    **Asset Presentation and Valuation**.    The Debtors' assets are presented at values consistent with their books and records. These values do not purport to represent the ultimate value that would be received in the event of a sale and may not represent economic value as determined by an appraisal or other valuation technique. As it would be prohibitively expensive and an inefficient use of estate assets for the Debtors to obtain current economic valuations for all of their assets, unless otherwise noted, the carrying value of the Debtors' assets as reported on their books (*i.e.*, net book value), rather than their current economic value, is reflected on the Schedules and Statements.

6.    **Intercompany Transactions.**    Net intercompany balances between a given Debtor and other Company entities as of April 30, 2023 are reported on such Debtor's Schedules in response

to Question AB77 (Other property of any kind not already listed) for net intercompany receivables and Schedule E/F for any net intercompany payables.

7.    **Creditor Facilities**.  Although there may be multiple parties that hold a portion of the debt comprising the Debtors' prepetition credit facilities and notes, only the administrative agents and indenture trustees, as applicable, have been listed for purposes of reporting such debt on Schedules D, E/F, and H.

8.    **Confidentiality and Redactions**.  In accordance with the Bankruptcy Court's *Order (I) Authorizing the Debtors to Prepare a Consolidated List of Creditors; (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors; (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information; (IV) Approving the Form and Manner of Notifying Creditors of Commencement; and (V) Granting Related Relief* [Docket No. 53], the home addresses of the Debtors' former employees (including directors and officers) and independent contractors that are individuals have been listed as confidential and may be provided upon request. For current employees (including directors and officers), the addresses displayed are the respective Debtors' office addresses.

9.    **First Day Orders**.  The Bankruptcy Court has entered orders (each, a "First Day Order") authorizing the Debtors to pay, in whole or in part, various outstanding prepetition claims, including but not limited to, certain claims relating to the Debtors' employees' wages and compensation, commissions, severance, benefits, and reimbursable business expenses (not exceeding the $15,150 cap under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code per employee); insurance obligations; critical and foreign vendors; and pre-petition taxes and fees. Given that certain of these claims have been paid or are anticipated to be paid in accordance with the First Day Orders, such claims may not be listed in the Schedules, notwithstanding that such claims existed as of the Petition Date or may otherwise be listed as "unknown" or "to be determined."

10.    **Intellectual Property Rights**.  Value associated with intellectual property internally generated or created, including enhancements to previously acquired intellectual property, are not reflected herein. Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner; however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

11.    **Liens**.  The inclusion on Schedule D of creditors is not an acknowledgment of the validity, extent, or priority of any liens, and the Debtors reserve their right to challenge such liens and the underlying claims on any ground whatsoever.  A careful review of the applicable agreements and

other relevant documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in these Disclosure and Accounting Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or an acknowledgment of same.  Certain liens may have been inadvertently marked as disputed but had previously been acknowledged in an order of the Court as not being disputed by the Debtors.  It is not the Debtors' intent that the Schedules be construed to supersede any orders entered by the Bankruptcy Court.

### Schedules of Assets and Liabilities

**Schedule A/B Notes**.

- **General**.  Each Debtor's assets in Schedule A/B are listed at net book value as of the Petition Date, unless otherwise noted, and may not necessarily reflect the market or recoverable value of these assets as of the Petition Date.  Assets that are fully depreciated are not listed on Schedule A/B.  Assets and liabilities are recorded when known.  Subject to paragraph 10 above, fixed and intangible assets are depreciated over the life of the asset as determined by the Debtor based on internal accounting policies.

- **Schedule A/B, Part 1 – Cash and Cash Equivalents**.  The reported bank balances (including investments and overnight accounts) and cash on hand include cash held in various currencies, converted into U.S. dollars as of the Petition Date.

- **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture**.  Ownership interests in subsidiaries, partnerships, joint ventures, and investments in non-publicly traded securities have been listed in Schedule A/B, Part 4 in undetermined amounts because the fair market value of such ownership is dependent on numerous variables and factors.

- **Schedule A/B, Part 10 – Intangibles and Intellectual Property, Items 59-66**.  The Debtors report intellectual property assets with an undetermined value.  The Debtors have not listed or assigned any value for their goodwill.

**Schedule D Notes**.

- Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security interests, have not been listed on Schedule D.  The Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, advance payments or inchoate statutory lien rights.

- The amounts outstanding under the Debtors' prepetition secured credit facilities and secured notes reflect the approximate balance as of the Petition Date.

- The descriptions provided on Schedule D, including the descriptions of the underlying collateral, are intended only as a summary.  Reference to the applicable loan agreements

4

and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.

- Schedule D does not include beneficiaries of letters of credit. Although the claims of these parties may be secured by a letter of credit, the Debtors' obligations under the letters of credit run to the issuers thereof and not to the beneficiaries thereof.

**Schedule E/F Notes**.

- The claims listed on Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the dates upon which such claims were incurred or arose, the exact fixing of each such date would be unduly burdensome and cost-prohibitive. Consequently, the Debtors have not listed a date for all claims set forth on Schedule E/F.

- Amounts for the Debtors' trade claims set forth on Schedule E/F reflect the payables owed as of the Petition Date based on the Debtors' books and records as of May 14, 2023. Amounts paid under the First Day Orders have been deducted from the Petition Date trade accounts payable to the extent that such payment information was reflected in the Debtors' books and records as of July 7, 2023.

- All asserted or potential litigation-related claims referenced in Schedule E/F are contingent, unliquidated, and disputed, unless otherwise indicated.

**Schedule G Notes**.

- In some cases, the same contract counterparty appears multiple times in a Debtor's Schedule G. This multiple listing is generally intended to reflect distinct agreements between the applicable Debtor and such counterparty, however, due to the magnitude of data, it is possible that a multiple listing may be the result of duplicates.

- To the extent that a Debtor is a licensee or lessee pursuant to an executory contract or unexpired lease and is also a sublessor or sub licensor pursuant to a different executory contract or unexpired lease concerning the same property, each such executory contract or unexpired lease (as the case may be) will be listed separately on the Debtor's Schedule G.

- Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, in certain instances, the specific Debtor obligor to certain of the executory contracts could not be specifically ascertained. In such cases, the Debtors have made their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract.

**Statement of Financial Affairs**

**Statement Question 1 and 2 – Revenue**. The net sales for the 2023 stub period are as of April 30, 2023.

**Statement Question 3 – 90 Day Payments.**  Payments to insiders within the 90 days prior to the Petition Date listed in response to SOFA 4 are not also listed in response to SOFA 3.  However, payments made to the Debtors' bankruptcy case professionals within the 90 days prior to the Petition Date that are listed in response to SOFA 11 are also listed in response to SOFA 3.  SOFA 3 excludes payments made to employees for compensation but includes transfers made to third-party administrators to compensate employees. Payments other than wages made to non-insider employees are shown on an aggregate basis by date.

**Statement Question 4 – Payments to Insiders.**  SOFA 4 includes only those payments made to insiders on behalf of the respective Debtor during the one year preceding the Petition Date.  For the purposes of SOFA 4, the Debtors deemed "insiders" to include all employees with a job level of grade 10 or higher on the Company's internal rating system who report directly to the Company's Chief Executive Officer.  Certain employees who are nominally a director or officer of a Debtor entity, but who have a job level of grade 9 or lower or do not report directly to the Company's Chief Executive Officer were not deemed "insiders" for purposes of SOFA 4.

**Statement Question 7 – Legal Actions.**  The Debtors have not included workers' compensation claims in response to this question because the Debtors maintain that this disclosure would be in violation of certain laws including HIPAA (Health Insurance Portability and Accountability Act of 1996) and, for certain foreign jurisdictions could constitute a breach of federal/local privacy laws.

**Statement Question 16 – Personally Identifiable Information**.  The Company's privacy policies are disclosed on the Company's website at https://vice-web-statics-cdn.vice.com/privacy-policy/en_us/page/privacy-policy.html.

**Statement Questions 28 and 29 – Directors and Officers**.  For purposes of SOFA 28, each Debtor listed the names of all of its current officers and directors.  For purposes of SOFA 29, each Debtor listed the names of all of its former officers and directors that it employed within the one year prior to the Petition Date.

**Statement Question 30 – Payments, Distributions, or Withdrawals to Insiders.**  Refer to SOFA 4 for this item.

**Vice Group Holding Inc.**                                    **Case Number:**          **23-10738**

| Part 1: | Income |
|---------|--------|

### 1. Gross Revenue from business

☑ None

| Identify the Beginning and Ending Dates of the Debtor's Fiscal Year, which may be a Calendar Year | Sources of Revenue (Check all that apply) | Gross Revenue (Before Deductions and Exclusions) |
|---|---|---|
| From _____ to _____<br>MM/DD/YYYY              MM/DD/YYYY | ☐ Operating a business<br>☐ Other _____ | _____ |

**Vice Group Holding Inc.**                                                     Case Number:        **23-10738**

| Part 1: | Income |
| --- | --- |

### 2. Non-business revenue

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☐ None

| | | | | | Description of Sources of Revenue | Gross Revenue (Before Deductions and Exclusions) |
| --- | --- | --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From | 1/1/2023 MM/DD/YYYY | to | 4/30/2023 MM/DD/YYYY | 901100 Other Income Total : Interest Income | $8,701 |
| **From the beginning of the fiscal year to filing date:** | From | 1/1/2023 MM/DD/YYYY | to | 4/30/2023 MM/DD/YYYY | 901109 Other Income Total : Interest Income - I/C | $845,313 |
| **For prior year:** | From | 1/1/2022 MM/DD/YYYY | to | 12/31/2022 MM/DD/YYYY | 901100 Other Income Total : Interest Income | $122,718 |
| **For prior year:** | From | 1/1/2022 MM/DD/YYYY | to | 12/31/2022 MM/DD/YYYY | 902209 Other Income Total : Global Transfer Pricing Exp I/C | $1,316,552 |
| **For prior year:** | From | 1/1/2022 MM/DD/YYYY | to | 12/31/2022 MM/DD/YYYY | 901109 Other Income Total : Interest Income - I/C | $2,593,330 |
| **For the year before that:** | From | 1/1/2021 MM/DD/YYYY | to | 12/31/2021 MM/DD/YYYY | 901100 Other Income Total : Interest Income | $13,777 |
| **For the year before that:** | From | 1/1/2021 MM/DD/YYYY | to | 12/31/2021 MM/DD/YYYY | 901101 Other Income Total : Shareholder Interest Income | $26,318 |
| **For the year before that:** | From | 1/1/2021 MM/DD/YYYY | to | 12/31/2021 MM/DD/YYYY | 901109 Other Income Total : Interest Income - I/C | $2,871,063 |

**Vice Group Holding Inc.**                                                      Case Number:        **23-10738**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 (this amount may be adjusted on 04/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment).

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.1 | AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.<br>200 VESEY STREET<br>NEW YORK, NY 10285 | 5/9/2023 | $735,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| | **TOTAL AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.** | | **$735,000** | |
| 3.2 | AP SERVICES, LLC<br>2000 TOWN CENTER<br>SOUTHFIELD, MI | 2/24/2023<br>3/2/2023<br>3/16/2023<br>3/24/2023<br>4/6/2023<br>4/14/2023<br>5/9/2023<br>5/12/2023 | $389,105<br>$450,000<br>$650,000<br>$650,000<br>$625,000<br>$251,496<br>$1,400,000<br>$100,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| | **TOTAL AP SERVICES, LLC** | | **$4,515,601** | |
| 3.3 | APPLEBY (JERSEY) LLP<br>13-14 ESPLANADE<br>ST HELIER<br>JERSEY | 5/10/2023 | $9,330 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| | **TOTAL APPLEBY (JERSEY) LLP** | | **$9,330** | |
| 3.4 | ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.<br>2850 GOLF ROAD<br>ROLLING MEADOWS, IL | 5/9/2023 | $2,279,649 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| | **TOTAL ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.** | | **$2,279,649** | |
| 3.5 | ASHURST LLP<br>LONDON FRUIT & WOOL EXCHANGE<br>LONDON<br>UNITED KINGDOM | 5/10/2023 | $23,292 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| | **TOTAL ASHURST LLP** | | **$23,292** | |

**Vice Group Holding Inc.**                                      Case Number:          **23-10738**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|-----------------------------------------------------------|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 (this amount may be adjusted on 04/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment).

☐ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.6   BRIGADE TALENT LLC<br>181 MOTT STREET  #2<br>NEW YORK, NY | 5/9/2023 | $10,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL BRIGADE TALENT LLC** | | **$10,000** | |
| 3.7   CONSTANTIN PAC<br>10 ANSON ROAD, #33-06B INTERNATIONAL PLAZA<br>SINGAPORE | 3/2/2023 | $7,899 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL CONSTANTIN PAC** | | **$7,899** | |
| 3.8   CORPORATION SERVICE COMPANY - NEW<br>P.O. BOX 13397<br>PHILADELPHIA, PA | 3/1/2023<br>3/13/2023 | $40,000<br>$40,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL CORPORATION SERVICE COMPANY - NEW** | | **$80,000** | |
| 3.9   CREATIVE ARTISTS AGENCY LLC<br>2000 AVENUE OF THE STARS<br>LOS ANGELES, CA | 5/9/2023 | $35,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL CREATIVE ARTISTS AGENCY LLC** | | **$35,000** | |
| 3.10   DATASITE LLC<br>733 MARQUETTE AVE<br>MINNEAPOLIS, MN | 3/24/2023 | $68,813 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL DATASITE LLC** | | **$68,813** | |
| 3.11   DELOITTE CONSULTING LLP<br>4022 SELLS DRIVE<br>HERMITAGE, TN | 3/2/2023 | $413,505 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL DELOITTE CONSULTING LLP** | | **$413,505** | |

**Vice Group Holding Inc.**                                                  **Case Number:**       **23-10738**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 (this amount may be adjusted on 04/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment).

☐ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.12   ERNST & YOUNG LLP MONTREAL, QC<br>6 KING STREET WEST<br>TORONTO, ON<br>CANADA | 3/16/2023 | $198,886 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL ERNST & YOUNG LLP MONTREAL, QC** | | **$198,886** | |
| 3.13   GIBSON, DUNN & CRUTCHER LLP<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA | 3/9/2023<br>4/14/2023 | $337,250<br>$170,750 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL GIBSON, DUNN & CRUTCHER LLP** | | **$508,000** | |
| 3.14   HOULIHAN LOKEY CAPITAL, INC.<br>10250 CONSTELLATION BLVD.<br>5TH FL.<br>LOS ANGELES, CA 90067 | 2/17/2023<br>3/16/2023<br>4/18/2023 | $150,886<br>$151,089<br>$150,518 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL HOULIHAN LOKEY CAPITAL, INC.** | | **$452,493** | |
| 3.15   INSURANCE FOR LTD<br>108 PREMIER BUILDING<br>VICTORIA, MAHE<br>SEYCHELLES | 4/14/2023 | $128,488 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL INSURANCE FOR LTD** | | **$128,488** | |
| 3.16   JOELE FRANK, WILKINSON BRIMMER KATCHER<br>622 THIRD AVENUE<br>36TH FLOOR<br>NEW YORK, NY 10017 | 5/9/2023 | $100,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL JOELE FRANK, WILKINSON BRIMMER KATCHER** | | **$100,000** | |
| 3.17   MARSH USA<br>22 CENTURY HILL DR STE 102<br>LATHAM, NY | 5/9/2023 | $52,125 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL MARSH USA** | | **$52,125** | |

**Vice Group Holding Inc.**                                        Case Number:        **23-10738**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 (this amount may be adjusted on 04/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment).

☐ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.18 MILENE AMARAL ASATO LTDA<br>RUA COPACABANA<br>BRAZIL | 3/27/2023<br>5/9/2023 | $7,996<br>$8,394 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other  Trade Payable |
| TOTAL MILENE AMARAL ASATO LTDA | | $16,390 | |
| 3.19 MIMI MADIGAN<br>CONFIDENTIAL ADDRESS | 3/2/2023 | $30,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other  Freelancer |
| TOTAL MIMI MADIGAN | | $30,000 | |
| 3.20 NON-INSIDER EMPLOYEES<br>49 S 2ND STREET<br>BROOKLYN, NY 11249 | 5/9/2023 | $9,882 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other  Severance, Bonus, Commission or Expenses |
| TOTAL NON-INSIDER EMPLOYEES | | $9,882 | |
| 3.21 PAUL WEISS RIFKIND WHARTON & GARRISON LLP<br>1285 AVENUE OF THE AMERICAS<br>NEW YORK, NY | 2/16/2023 | $107,017 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other  Trade Payable |
| TOTAL PAUL WEISS RIFKIND WHARTON & GARRISON LLP | | $107,017 | |
| 3.22 PINHEIRO NETO ADVOGADOS<br>RUA HUNGRIA, 1100<br>BRAZIL | 4/3/2023 | $37,176 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other  Trade Payable |
| TOTAL PINHEIRO NETO ADVOGADOS | | $37,176 | |
| 3.23 PJT PARTNERS LP<br>280 PARK AVENUE<br>NEW YORK, NY | 3/2/2023<br>3/30/2023<br>5/9/2023 | $150,058<br>$152,365<br>$150,736 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other  Trade Payable |
| TOTAL PJT PARTNERS LP | | $453,159 | |

**Vice Group Holding Inc.**                                                     Case Number:          **23-10738**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 (this amount may be adjusted on 04/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment).

☐ None

| Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|
| 3.24  SHEARMAN & STERLING LLP<br>535 MISSION ST.<br>SAN FRANCISCO, CA | 3/10/2023<br>4/6/2023<br>5/9/2023 | $1,250,000<br>$1,374,808<br>$3,245,444 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL SHEARMAN & STERLING LLP** | | **$5,870,252** | |
| 3.25  SOCIALEDGE INC<br>4043 IRVING PLACE, SUITE B<br>CULVER CITY, CA | 5/9/2023 | $14,698 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL SOCIALEDGE INC** | | **$14,698** | |
| 3.26  STARWORKS LLC, DEBTOR, CASE #19-13106, ALBERT<br>TOGUT, TRUSTEE<br>ONE PENN PLAZA<br>NEW YORK, NY | 2/17/2023 | $150,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL STARWORKS LLC, DEBTOR, CASE #19-13106, ALBERT TOGUT, TRUSTEE** | | **$150,000** | |
| 3.27  STRETTO, INC.<br>410 EXCHANGE, SUITE 100<br>IRVINE, CA | 5/9/2023 | $99,604 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL STRETTO, INC.** | | **$99,604** | |
| 3.28  TECHNICOLOR POSTWORKS NEW YORK<br>PO BOX 5221<br>NEW YORK CITY, NY | 5/9/2023 | $26,658 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL TECHNICOLOR POSTWORKS NEW YORK** | | **$26,658** | |
| 3.29  TOGUT, SEGAL & SEGAL LLP<br>ONE PENN PLAZA, SUITE 3335<br>NEW YORK, NY 10119 | 5/12/2023 | $300,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other   Trade Payable |
| **TOTAL TOGUT, SEGAL & SEGAL LLP** | | **$300,000** | |

Vice Group Holding Inc.                                    Case Number:        23-10738

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |

### 3. Certain payments or transfers to creditors within 90 days before filing this case

List payments or transfers-including expense reimbursements-to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575 (this amount may be adjusted on 04/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment).

☐ None

| | Creditor's Name and Address | Dates | Total Amount or Value | Reasons for Payment or Transfer |
|---|---|---|---|---|
| 3.30 | WACHTELL, LIPTON, ROSEN & KATZ<br>51 WEST 52ND STREET<br>NEW YORK, NY | 2/24/2023<br>2/27/2023<br>3/22/2023 | $100,000<br>$100,000<br>$50,000 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other    Trade Payable |
| | **TOTAL WACHTELL, LIPTON, ROSEN & KATZ** | | **$250,000** | |
| 3.31 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br>RODNEY SQUARE NORTH, 1000 NORTH KING ST.<br>WILMINGTON, DE | 2/16/2023 | $30,195 | ☐ Secured debt<br>☐ Unsecured loan repayment<br>☐ Suppliers or vendors<br>☐ Services<br>☑ Other    Trade Payable |
| | **TOTAL YOUNG CONAWAY STARGATT & TAYLOR, LLP** | | **$30,195** | |
| | **TOTAL** | | **$17,013,112** | |

<u>**Specific Notes**</u>

Two payments listed under Question 2 were made by Pulse Commercial on behalf of the Debtor to Togut, Segal & Segal and AP Services.

**Vice Group Holding Inc.**                                                    Case Number:        **23-10738**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---|---|

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575 (this amount may be adjusted on 04/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment).  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reason for Payment |
|---|---|---|---|---|
| 4.1 | GARY KNELL<br>BOARD OF DIRECTOR<br>CONFIDENTIAL ADDRESS | 2/10/2023 | $89,674 | BOD Fees |
| | **TOTAL GARY KNELL** | | **$89,674** | |
| 4.2 | JAME DONATH<br>BOARD OF DIRECTOR<br>49 S 2ND STREET<br>BROOKLYN, NY 11249 | 2/10/2023 | $48,387 | BOD Fees |
| | | 3/2/2023 | $30,000 | BOD Fees |
| | | 3/10/2023 | $5,703 | Expense Reimbursement |
| | | 3/30/2023 | $30,000 | BOD Fees |
| | | 4/28/2023 | $30,000 | BOD Fees |
| | | 5/9/2023 | $5,677 | Expense Reimbursement |
| | **TOTAL JAME DONATH** | | **$149,767** | |
| 4.3 | JEFFREY SEROTA<br>BOARD OF DIRECTOR<br>49 S 2ND STREET<br>BROOKLYN, NY 11249 | 2/10/2023 | $48,387 | BOD Fees |
| | | 3/2/2023 | $30,000 | BOD Fees |
| | | 3/6/2023 | $3,723 | Expense Reimbursement |
| | | 3/30/2023 | $30,000 | BOD Fees |
| | | 4/28/2023 | $30,000 | BOD Fees |
| | **TOTAL JEFFREY SEROTA** | | **$142,110** | |
| 4.4 | M3 ADVISORY PARTNERS, LP<br>BOARD OF DIRECTOR<br>1700 BROADWAY<br>19TH FLOOR<br>NEW YORK, NY 10019 | 2/10/2023 | $96,238 | BOD Fees |
| | | 2/10/2023 | $48,387 | BOD Fees |
| | | 3/2/2023 | $30,000 | BOD Fees |
| | | 3/30/2023 | $30,000 | BOD Fees |
| | | 4/28/2023 | $30,000 | BOD Fees |
| | **TOTAL M3 ADVISORY PARTNERS, LP** | | **$234,625** | |

**Vice Group Holding Inc.**                                                   **Case Number:**          **23-10738**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

### 4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575 (this amount may be adjusted on 04/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment).  Do not include any payments listed in line 3.  Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☐ None

| | Insider's Name and Address and Relationship to Debtor | Dates | Amount | Reason for Payment |
|---|---|---|---|---|
| 4.5 | RACHNA BHASIN<br>BOARD OF DIRECTOR<br>CONFIDENTIAL ADDRESS | 2/10/2023 | $89,674 | BOD Fees |
| | | 3/20/2023 | $75 | Expense Reimbursement |
| | | 3/30/2023 | $50,000 | BOD Fees |
| | **TOTAL RACHNA BHASIN** | | **$139,749** | |

|  | **TOTAL** | **$755,925** |
|---|---|---|

**Vice Group Holding Inc.**                                                    **Case Number:**        **23-10738**

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |

### 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller.  Do not include property listed in line 6.

☑ None

| Creditor's Name and Address | Description of the Property | Date Action was Taken | Value of Property |
|---|---|---|---|
| 5.1    NONE | | | $0 |
| | | **TOTAL** | **$0** |

**Vice Group Holding Inc.**                                    **Case Number:**        **23-10738**

| Part 2: | List Certain Transfers Made Before Filing for Bankruptcy |
|---------|----------------------------------------------------------|

## 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's Name and Address | Description of Action Creditor Took | Date Action Taken | Account Number | Amount |
|---|---|---|---|---|
| 6.1 NONE | | | | $0 |

|  |  |
|---|---|
| **TOTAL** | **$0** |

**Vice Group Holding Inc.**                                                    Case Number:        **23-10738**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

### 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity - within 1 year before filing this case.

☑ None

| Caption of Suit and Case Number | Nature of Proceeding | Court or Agency and Address | Status of Case |
|---------------------------------|----------------------|-----------------------------|----------------|
| 7.1    NONE | | | |

**Vice Group Holding Inc.**                                                         **Case Number:**        **23-10738**

| Part 3: | Legal Actions or Assignments |
|---------|------------------------------|

### 8. Assignments and receivership

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's Name and Address | Court Name and Address | Case Title and Number | Date | Description of Property | Value |
|------------------------------|------------------------|-----------------------|------|-------------------------|-------|
| 8.1    NONE | | | | | |

**Vice Group Holding Inc.**                                                                        **Case Number:**            **23-10738**

| **Part 4:** | Certain Gifts and Charitable Contributions |
| --- | --- |

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's Name and Address | Recipient's Relationship to Debtor | Description of the Gifts or Contributions | Dates Given | Value |
| --- | --- | --- | --- | --- |
| 9.1    NONE | | | | |

**Vice Group Holding Inc.**                                                    **Case Number:**          **23-10738**

| Part 5: | Certain Losses |
|---------|----------------|

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of Property | How Loss Occurred | Amount of Payments Received | Date of Loss | Property Value |
|---|---|---|---|---|
| | | *If you have received payments to cover the loss, for example, from insurance, govertnment compensation, or tort liability, list the total received.  List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property).* | | |

10.1    NONE

                                                                              **TOTAL**

**Vice Group Holding Inc.**                                                             **Case Number:**        **23-10738**

| **Part 6:** | **Certain Payments or Transfers** |
| --- | --- |

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
| --- | --- | --- | --- | --- | --- |
| 11.1  ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 3/2/2023 | $450,000 |
| 11.2  ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 1/23/2023 | $100,000 |
| 11.3  ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 12/30/2022 | $350,000 |
| 11.4  ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 1/12/2023 | $250,000 |
| 11.5  ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 2/24/2023 | $389,105 |
| 11.6  ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 2/7/2023 | $350,000 |

**Vice Group Holding Inc.**                                                                                     **Case Number:**    **23-10738**

| Part 6: | Certain Payments or Transfers |
| --- | --- |

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
| --- | --- | --- | --- | --- | --- |
| 11.7   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 3/24/2023 | $650,000 |
| 11.8   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 3/16/2023 | $650,000 |
| 11.9   ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 4/6/2023 | $625,000 |
| 11.10  ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 4/14/2023 | $251,496 |
| 11.11  ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 5/9/2023 | $1,400,000 |
| 11.12  ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | PULSE COMMERCIALS | | 5/12/2023 | $100,000 |

**Vice Group Holding Inc.**                                    **Case Number:**    **23-10738**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.13  ALIXPARTNERS, LLP<br>909 THIRD AVENUE<br>NEW YORK, NY 10022 | | | | 1/24/2023 | $350,000 |
| 11.14  GIBSON, DUNN & CRUTCHER LLP<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA | | | | 8/31/2022 | $10,500 |
| 11.15  GIBSON, DUNN & CRUTCHER LLP<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA | | | | 12/5/2022 | $10,000 |
| 11.16  GIBSON, DUNN & CRUTCHER LLP<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA | | | | 2/10/2023 | $225,000 |
| 11.17  GIBSON, DUNN & CRUTCHER LLP<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA | | | | 11/3/2022 | $10,000 |
| 11.18  GIBSON, DUNN & CRUTCHER LLP<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA | | | | 7/11/2022 | $7,500 |

**Vice Group Holding Inc.**                                                      **Case Number:        23-10738**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.19  GIBSON, DUNN & CRUTCHER LLP<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA | | | | 3/9/2023 | $337,250 |
| 11.20  GIBSON, DUNN & CRUTCHER LLP<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA | | | | 4/14/2023 | $170,750 |
| 11.21  GIBSON, DUNN & CRUTCHER LLP<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA | | | | 1/5/2023 | $150,000 |
| 11.22  GIBSON, DUNN & CRUTCHER LLP<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA | | | | 1/17/2023 | $145,000 |
| 11.23  GIBSON, DUNN & CRUTCHER LLP<br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CA | | | | 8/8/2022 | $23,500 |
| 11.24  HOULIHAN LOKEY CAPITAL INC.<br>10250 CONSTELLATION BLVD.<br>5TH FL.<br>LOS ANGELES, CA 90067 | | | | 2/17/2023 | $150,886 |

**Vice Group Holding Inc.**                                                                           **Case Number:**   **23-10738**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.25  HOULIHAN LOKEY CAPITAL INC.<br>10250 CONSTELLATION BLVD.<br>5TH FL.<br>LOS ANGELES, CA 90067 | | | | 1/17/2023 | $150,389 |
| 11.26  HOULIHAN LOKEY CAPITAL INC.<br>10250 CONSTELLATION BLVD.<br>5TH FL.<br>LOS ANGELES, CA 90067 | | | | 4/18/2023 | $150,518 |
| 11.27  HOULIHAN LOKEY CAPITAL INC.<br>10250 CONSTELLATION BLVD.<br>5TH FL.<br>LOS ANGELES, CA 90067 | | | | 1/5/2023 | $150,000 |
| 11.28  HOULIHAN LOKEY CAPITAL INC.<br>10250 CONSTELLATION BLVD.<br>5TH FL.<br>LOS ANGELES, CA 90067 | | | | 3/16/2023 | $151,089 |
| 11.29  PJT PARTNERS LP<br>280 PARK AVENUE<br>NEW YORK, NY 10017 | | | | 2/14/2023 | $150,000 |

**Vice Group Holding Inc.**                                    **Case Number:**    **23-10738**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.30  PJT PARTNERS LP<br>280 PARK AVENUE<br>NEW YORK, NY 10017 | | | | 5/9/2023 | $150,736 |
| 11.31  PJT PARTNERS LP<br>280 PARK AVENUE<br>NEW YORK, NY 10017 | | | | 3/2/2023 | $150,058 |
| 11.32  PJT PARTNERS LP<br>280 PARK AVENUE<br>NEW YORK, NY 10017 | | | | 12/30/2022 | $316,935 |
| 11.33  PJT PARTNERS LP<br>280 PARK AVENUE<br>NEW YORK, NY 10017 | | | | 3/30/2023 | $152,365 |
| 11.34  SHEARMAN & STERLING LLP<br>599 LEXINGTON AVENUE<br>NEW YORK, NY | | | | 5/9/2023 | $3,245,444 |
| 11.35  SHEARMAN & STERLING LLP<br>599 LEXINGTON AVENUE<br>NEW YORK, NY | | | | 4/6/2023 | $1,374,808 |

**Vice Group Holding Inc.**　　　　　　　　　　　　　　　　　　**Case Number:**　　**23-10738**

| Part 6: | Certain Payments or Transfers |
| --- | --- |

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
| --- | --- | --- | --- | --- | --- |
| 11.36  SHEARMAN & STERLING LLP<br>599 LEXINGTON AVENUE<br>NEW YORK, NY | | | | 2/10/2023 | $2,750,000 |
| 11.37  SHEARMAN & STERLING LLP<br>599 LEXINGTON AVENUE<br>NEW YORK, NY | | | | 12/30/2022 | $3,000,000 |
| 11.38  SHEARMAN & STERLING LLP<br>599 LEXINGTON AVENUE<br>NEW YORK, NY | | | | 12/13/2022 | $754,489 |
| 11.39  SHEARMAN & STERLING LLP<br>599 LEXINGTON AVENUE<br>NEW YORK, NY | | | | 3/10/2023 | $1,250,000 |
| 11.40  SHEARMAN & STERLING LLP<br>599 LEXINGTON AVENUE<br>NEW YORK, NY | | | | 1/12/2023 | $80,000 |
| 11.41  STRETTO, INC.<br>410 EXCHANGE SUITE 100<br>IRVINE, CA 92602 | | | | 1/26/2023 | $10,000 |

**Vice Group Holding Inc.**                                                         **Case Number:**    **23-10738**

| Part 6: | Certain Payments or Transfers |
|---|---|

## 11. Payments related to bankruptcy

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None

| Who was Paid or Who Received the Transfer? Address | Email / Website | Who Made the Payment, if not Debtor? | If not Money, Describe any Property Transferred | Dates | Total Amount or Value |
|---|---|---|---|---|---|
| 11.42  STRETTO, INC.<br>410 EXCHANGE SUITE 100<br>IRVINE, CA 92602 | | | | 5/9/2023 | $99,604 |
| 11.43  TOGUT, SEGAL & SEGAL LLP<br>ONE PENN PLAZA, SUITE 3335<br>NEW YORK, NY 10119 | | PULSE COMMERCIALS | | 5/12/2023 | $300,000 |

**Vice Group Holding Inc.**                                    Case Number:        **23-10738**

| Part 6: | Certain Payments or Transfers |
|---|---|

### 12. Self-settled trusts of which the debtor is a beneficiary

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of Trust or Device | Trustee | Describe any Property Transferred | Dates Transfers were Made | Total Amount / Value |
|---|---|---|---|---|
| 12.1    NONE | | | | $0 |

**Vice Group Holding Inc.**                                          Case Number:          **23-10738**

| Part 6: | Certain Payments or Transfers |
|---------|-------------------------------|

### 13. Transfers not already listed on this statement

List any transfers of money or other property - by sale, trade, or any other means - made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security.  Do not include gifts or transfers previously listed on this statement.

☑ None

| Name and Address of Transferee, Relationship to Debtor | Description of Property | Date Transfer was Made | Total Amount or Value |
|---|---|---|---|
| 13.1    NONE | | | $0 |

|  | | | TOTAL | $0 |
|---|---|---|---|---|

**Vice Group Holding Inc.**                                    **Case Number:**        **23-10738**

| Part 7: | Previous Locations |
|---------|--------------------|

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of Occupancy |
|---------|--------------------|
| 14.1    NONE | From: _____ To: _____ |

**Vice Group Holding Inc.**                                                                    **Case Number:**          **23-10738**

| Part 8: | Health Care Bankruptcies |
|---------|--------------------------|

### 15. Health Care bankruptcies

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility Name and Address | Nature of the Business Operation, Including Type of Services the Debtor Provides | Location Where Patient Records are Maintained (if Different from Facility Address). If Electronic, Identify any Service Provider. | If Debtor Provides Meals and Housing, Number of Patients in Debtor's Care | How are Records Kept? |
|---|---|---|---|---|
| 15.1    NONE | | | | ☐ Electronic <br> ☐ Paper |

**Vice Group Holding Inc.**                                    Case Number:        23-10738

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.    Personal identifiers, demographic information, commercial information, internet or similar network activity

   Does the debtor have a privacy policy about that information?

   ☐ No
   ☑ Yes

**Vice Group Holding Inc.**                                               **Case Number:**          **23-10738**

---

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

---

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☑ Yes.  Fill in below:

        Describe:    Vice Media LLC 401(k) Plan        EIN:    06-1555144

        Has the plan been terminated?

        ☑ No
        ☐ Yes

 

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☑ Yes.  Fill in below:

        Describe:    Vice Media Inc. Cafeteria Plan        EIN:    06-1555144

        Has the plan been terminated?

        ☑ No
        ☐ Yes

 

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☑ Yes.  Fill in below:

        Describe:    Defined Contribution Volume Submitter Plan and Trust with Sentinel Be        EIN:    06-1555144

        Has the plan been terminated?

        ☑ No
        ☐ Yes

**Vice Group Holding Inc.**                                   **Case Number:**          **23-10738**

| Part 9: | Personally Identifiable Information |
|---------|-------------------------------------|

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☑ Yes.  Fill in below:

        Describe:    Vice Media LLC Union 401(K) Plan        EIN:    06-1555144

        Has the plan been terminated?

        ☐ No

        ☑ Yes

**Vice Group Holding Inc.**                                    Case Number:    23-10738

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 18. Closed financial accounts

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial Institution Name and Address | Last 4 Digits of Acct Number | Type of Account | Date of Closing | Last Balance |
|---|---|---|---|---|
| 18.1    NONE | | | | |

**Vice Group Holding Inc.**                                         **Case Number:**          **23-10738**

| Part 10: | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 19. Safe deposit boxes

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| | Depository Institution Name and Address | Names of Anyone with Access to it and Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|
| 19.1 | NONE | | | ☐ No ☐ Yes |

**Vice Group Holding Inc.**                                             **Case Number:**        **23-10738**

| **Part 10:** | Certain Financial Accounts, Safe Deposit Boxes, and Storage Units |
|---|---|

### 20. Off-premises storage

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility Name and Address | Names of Anyone with Access to it | Address | Description of the Contents | Does Debtor still have it? |
|---|---|---|---|---|
| 20.1    NONE | | | | ☐ No<br>☐ Yes |

Vice Group Holding Inc.                                    Case Number:          23-10738

| Part 11: | Property the Debtor Holds or Controls That the Debtor Does Not Own |

### 21. Property held for another

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's Name and Address | Location of the Property | Description of the Property | Value |
|---|---|---|---|
| 21.1    NONE | | | |

**Vice Group Holding Inc.**                                                    **Case Number:**    **23-10738**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the following definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

☑ No
☐ Yes. Provide details below.

| Case Title and Case Number | Court or Agency Name and Address | Nature of Proceeding | Status |
|---|---|---|---|
| 22.1   NONE | | | |

**Vice Group Holding Inc.**                                                                                    **Case Number:**        **23-10738**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 23.1   NONE | | | |

**Vice Group Holding Inc.**                                                                          **Case Number:**          **23-10738**

| Part 12: | Details About Environmental Information |
|---|---|

For the purpose of Part 12, the followig definitions apply:

- Environmental law means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- Site means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- Hazardous material means anything than an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similary harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site Name and Address | Governmental Unit Name and Address | Environmental Law, if Known | Date of Notice |
|---|---|---|---|
| 24.1   NONE | | | |

**Vice Group Holding Inc.**                                    **Case Number:**        **23-10738**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case.
Include this information even if already listed in the Schedules.

☑ None

| Business Name and Address | Describe the Nature of the Business | Employer Identification Number | Dates Business Existed |
|---|---|---|---|
| | | *Do not include SSN or ITIN* | |
| 25.1   NONE | | | |

**Vice Group Holding Inc.**                                                                      **Case Number:**          **23-10738**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and Address | Dates of Service | | | |
|---|---|---|---|---|
| 26a. 1 BRUCE DIXON - CO-CHIEF EXECUTIVE OFFICER<br>110-122 NEW NORTH PLACE<br>LONDON<br>EC2A 4JA<br>GB | From: | 1/1/2022 | To: | 3/2/2023 |
| 26a. 2 MARK DEL PRIORE - INTERIM CHIEF FINANCIAL OFFICER<br>ALIXPARTNERS<br>909 3RD AVENUE<br>NEW YORK, NY 10022 | From: | 4/10/2023 | To: | Ongoing |
| 26a. 3 PAUL BRENO - GLOBAL CONTROLLER<br>CONFIDENTIAL ADDRESS | From: | 5/2/2022 | To: | 3/24/2023 |
| 26a. 4 RAMIN ARANI - CHIEF FINANCIAL OFFICER<br>CONFIDENTIAL ADDRESS | From: | 11/18/2019 | To: | 12/31/2021 |
| 26a. 5 SAMUEL ORDONEZ - GLOBAL CONTROLLER<br>CONFIDENTIAL ADDRESS | From: | 5/7/2018 | To: | 3/11/2022 |

**Vice Group Holding Inc.**                                                          **Case Number:**          **23-10738**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 26. Books, records, and financial statements

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and Address | | Dates of Service | | |
|---|---|---|---|---|
| 26b.1 | DELOITTE & TOUCHE LLP<br>30 ROCKEFELLER PLAZA<br>NEW YORK, NY 10112 | From: | To: | Ongoing |

**Vice Group Holding Inc.**                                         **Case Number:**          **23-10738**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

## 26. Books, records, and financial statements

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and Address | If any Books of Account and Records are Unavailable, Explain Why |
|---|---|
| 26c. 1    BRUCE DIXON - CO-CHIEF EXECUTIVE OFFICER<br>110-122 NEW NORTH PLACE<br>LONDON<br>EC2A 4JA<br>GB | |
| 26c. 2    MARK DEL PRIORE - INTERIM CHIEF FINANCIAL OFFICER<br>ALIXPARTNERS<br>909 3RD AVENUE<br>NEW YORK, NY 10022 | |

**Vice Group Holding Inc.**                                                      **Case Number:**          **23-10738**

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |
| --- | --- |

### 26. Books, records, and financial statements

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and Address |
| --- |
| 26d.1    FORTRESS CREDIT CORPORATION, ADMIN AGENT<br>1345 AVENUE OF THE AMERICAS<br>46TH FLOOR<br>NEW YORK, NY 10105 |

**Vice Group Holding Inc.**                                  **Case Number:**          **23-10738**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 27. Inventories

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the Person who Supervised the Taking of the Inventory | Name and Address of the Person who has Possession of Inventory Records | Date of Inventory | Dollar Amount | Basis |
|---|---|---|---|---|
| 27.1  NONE | | | | |

Vice Group Holding Inc.                                                    Case Number:        23-10738

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Possition and Nature of any Interest | Percent of Interest, if any |
|---|---|---|
| 28.1    SIXTH STREET VIRAT HOLDINGS 3, LLC<br>2100 MCKINNEY AVE., SUITE 1500<br>DALLAS, TX 45201 | CONTROLLING SHAREHOLDER | |
| 28.2    TPG VIRAT HOLDINGS I, L.P.<br>301 COMMERCE ST., SUITE 3300<br>FORT WORTH, TX 76102 | CONTROLLING SHAREHOLDER | |
| 28.3    BRUCE DIXON<br>49 SOUTH 2ND STREET<br>BROOKLYN, NY 11249 | CO-CHIEF EXECUTIVE OFFICER | |
| 28.4    DAISY AUGER-DOMINGUEZ<br>49 SOUTH 2ND STREET<br>BROOKLYN, NY 11249 | CHIEF PEOPLE OFFICER | |
| 28.5    FRANK A. POMETTI<br>ALIXPARTNERS<br>909 3RD AVENUE<br>NEW YORK, NY 10022 | CHIEF RESTRUCTURING OFFICER | |
| 28.6    HOZEFA LOKHANDWALA<br>49 SOUTH 2ND STREET<br>BROOKLYN, NY 11249 | CO-CHIEF EXECUTIVE OFFICER | |
| 28.7    JAME DONATH<br>49 SOUTH 2ND STREET<br>BROOKLYN, NY 11249 | DIRECTOR | |
| 28.8    JEFFREY SEROTA<br>49 SOUTH 2ND STREET<br>BROOKLYN, NY 11249 | DIRECTOR | |
| 28.9    MARIA HARRIS<br>49 SOUTH 2ND STREET<br>BROOKLYN, NY 11249 | CHIEF LEGAL OFFICER AND SECRETARY | |
| 28.10  MARK DEL PRIORE<br>ALIXPARTNERS<br>909 3RD AVENUE<br>NEW YORK, NY 10022 | INTERIM CHIEF FINANCIAL OFFICER | |
| 28.11  MO MEGHJI<br>49 SOUTH 2ND STREET<br>BROOKLYN, NY 11249 | DIRECTOR | |
| 28.12  RACHNA BHASIN<br>49 SOUTH 2ND STREET<br>BROOKLYN, NY 11249 | DIRECTOR | |
| 28.13  SCOTT VOGEL<br>49 SOUTH 2ND STREET<br>BROOKLYN, NY 11249 | DIRECTOR | |
| 28.14  SHANE SMITH<br>49 SOUTH 2ND STREET<br>BROOKLYN, NY 11249 | DIRECTOR | |
| 28.15  SHANE SMITH<br>49 SOUTH 2ND STREET<br>BROOKLYN, NY 11249 | CHAIRMAN (BOARD) | |

**Vice Group Holding Inc.**                                                                              Case Number:        **23-10738**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**28.  List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name and Address | Positition and Nature of any Interest | Percent of Interest, if any |
|---|---|---|

**Specific Note**

Sixth Street VIRAT Holdings 3, LLC and TPG VIRAT Holdings I, L.P. together hold 3.7% voting ownership.

**Vice Group Holding Inc.**              **Case Number:**      **23-10738**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held |
|---|---|---|
| 29.1  ANDY DOYLE<br>CONFIDENTIAL ADDRESS | DIRECTOR | From: 3/28/2022  To: 5/1/2023 |
| 29.2  AUSTIN BOWERS<br>CONFIDENTIAL ADDRESS | DIRECTOR | From: 8/31/2021  To: 1/25/2023 |
| 29.3  DAVID BESSEL<br>CONFIDENTIAL ADDRESS | DIRECTOR | From: 3/28/2022  To: 5/1/2023 |
| 29.4  DAVID GRANVILLE-SMITH<br>CONFIDENTIAL ADDRESS | DIRECTOR | From: 11/6/2018  To: 2/8/2023 |
| 29.5  DAVID TRUJILLO<br>CONFIDENTIAL ADDRESS | DIRECTOR | From: 5/23/2017  To: 1/24/2023 |
| 29.6  GARY KNELL<br>CONFIDENTIAL ADDRESS | DIRECTOR | From: 7/20/2022  To: 2/14/2023 |
| 29.7  JAMES R. MURDOCH<br>CONFIDENTIAL ADDRESS | DIRECTOR | From:  To: 1/13/2023 |
| 29.8  JAY HOAG<br>CONFIDENTIAL ADDRESS | DIRECTOR | From:  To: 12/13/2022 |

Vice Group Holding Inc.                                      Case Number:          23-10738

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name and Address | Position and Nature of Interest | Period During Which Position Was Held | | |
|---|---|---|---|---|
| 29.9 JEFF PALKER<br>CONFIDENTIAL ADDRESS | DIRECTOR | From: 8/31/2021 | To: | 1/13/2023 |
| 29.10 JENNY WALSH<br>CONFIDENTIAL ADDRESS | DIRECTOR | From: 3/28/2022 | To: | 1/25/2023 |
| 29.11 JOHN FLYNN<br>CONFIDENTIAL ADDRESS | DIRECTOR | From: 8/31/2021 | To: | 1/24/2023 |
| 29.12 MATTHEW DILLARD<br>CONFIDENTIAL ADDRESS | DIRECTOR | From: 9/14/2020 | To: | 1/25/2023 |
| 29.13 NANCY DUBUC<br>CONFIDENTIAL ADDRESS | DIRECTOR | From: | To: | 2/25/2023 |

**Vice Group Holding Inc.**                                    **Case Number:**       **23-10738**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|---|---|

### 30.  Payments, Distributions, or Withdrawals Credited or Given to Insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☑ Yes. Identify below.

| Name and Address of Recipient and Relationship to Debtor | Amount | Dates | Reason for Providing the Value |
|---|---|---|---|
| 30.1    ALL INSIDER PAYMENTS ARE INCLUDED IN SOFA 4. PLEASE REFER TO THAT SECTION. | | | |
| **TOTAL ALL INSIDER PAYMENTS ARE INCLUDED IN SOFA 4.** | **$0** | | |

|  | **TOTAL** | **$0** |
|---|---|---|

**Vice Group Holding Inc.**                                                      Case Number:          **23-10738**

| **Part 13:** | Details About the Debtor's Business or Connections to Any Business |
|---|---|

**31.  Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of Parent Corporation | Employer Identification Number of the Parent Corporation |
|---|---|
| 31.  1     VICE GROUP HOLDING INC. | EIN:     47-3734250 |

**Vice Group Holding Inc.**                                          Case Number:          **23-10738**

| Part 13: | Details About the Debtor's Business or Connections to Any Business |
|----------|-------------------------------------------------------------------|

**32.  Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of Pension Fund | Employer Identification Number of the Pension Fund |
|----------------------|----------------------------------------------------|
| 32.  1     NONE | EIN: |

**Vice Group Holding Inc.**                                    **Case Number:**        **23-10738**

| Part 14: | Signature and Declaration |
|---|---|

Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a resonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.


**Executed on:** _____July 10, 2023_____



**Signature:**  /s/ MARK DEL PRIORE                          MARK DEL PRIORE, INTERIM CHIEF FINANCIAL OFFICER
                                                            **Name and Title**




Are additional pages to the Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207) attached?

[X] No

[ ] Yes