**TOGUT, SEGAL & SEGAL LLP**
Albert Togut
Kyle J. Ortiz
Brian F. Moore
One Penn Plaza, Suite 3335
New York, NY  10119
Phone:  (212) 594-5000
Email:   altogut@teamtogut.com
             kortiz@teamtogut.com
             bmoore@teamtogut.com

*Proposed Counsel to the Debtors and*
*Debtors in Possession*

**SHEARMAN & STERLING LLP**
Fredric Sosnick
William S. Holste
Jacob S. Mezei
599 Lexington Avenue
New York, NY  10022
Phone:  (212) 848-4000
Email:   fsosnick@shearman.com
             william.holste@shearman.com
             jacob.mezei@shearman.com

-and-

Ian E. Roberts (admitted *pro hac vice*)
2601 Olive Street, 17th Floor
Dallas, TX  75201
Phone:  (214) 271-5777
Email:   ian.roberts@shearman.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (JPM) |
| Debtors.[1] | (Jointly Administered) |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Vice Group Holding Inc. (4250); Vice Impact Inc. (9603); Vice Media LLC (5144); Villain LLC (3050); Boy Who Cried Author LLC (6199); Carrot Operations LLC (1596); Carrot Creative LLC (8652); Channel 271 Productions LLC (1637); Clifford Benski, Inc. (9387); Dana Made LLC (1065); Inverness Collective LLC (6542); JT Leroy Holding LLC (7555); PLDM Films LLC (5217); Project Change LLC (2758); R29 Pride, LLC (7011); R29 Productions, LLC (6344); Refinery 29 Inc. (7749); Valvi LLC (6110); Vice Content Development, LLC (5165); Vice Distribution LLC (5515); Vice Europe Holding Limited (N/A); Vice Europe Pulse Holding Limited (N/A); Vice Food LLC (1693); Vice Holding Inc. (2658); Vice International Holding, Inc. (5669); Vice Music Publishing LLC (3022); Vice Payroll LLC (6626); Vice Productions LLC (5399); Vice Project Services LLC (6473); Virtue Worldwide, LLC (7212); Visur LLC (9336); VTV Productions LLC (6854); and Goldie Films, Inc. (1241). The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

## DEBTORS' MOTION FOR APPROVAL OF ORDER SUPPLEMENTING THE ORDER (A) APPROVING THE ASSET AND EQUITY PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ASSETS, (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (D) GRANTING RELATED RELIEF

Vice Group Holding Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully represent in support of this motion (the "Motion") as follows:

### Relief Requested

1.      By this Motion, the Debtors seek entry of an order supplementing the *Order (A) Approving the Asset and Equity Purchase Agreement, (B) Authorizing the Sale of Assets, (C) Authorizing the Assumption and Assignment of Contracts and Leases, and (D) Granting Related Relief* [ECF No. 214] (the "Sale Order"),[2] in the form attached hereto as **Exhibit A** (the "Proposed Order"), providing that, to the extent any interest of the Debtors in the Purchased Entities is not, under applicable non-US law, conveyed to Purchase at Closing, then (i) such interest shall be held in trust for the exclusive benefit of Purchaser until satisfaction of applicable non-US law for such conveyance, and (ii) decision-making over any applicable Purchased Entities shall remain with the Debtors subject to any rights or limitations set forth in the APA, as amended.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The bases for relief are sections 105(a), 363(b) of title

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Sale Order or APA (as defined below), as applicable.

2

11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 4001 and 6004 of the Federal Rules of Bankruptcy Procedure, and Rule 6004 of the Local Bankruptcy Rules for the Southern District of New York.

3.      This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the Court's entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## Background

4.      On May 15, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[3] On May 17 and June 13, 2023, the Court entered orders authorizing the joint administration of these Chapter 11 Cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases. On May 23, 2023, the Office of the United States Trustee for the Southern District of New York (the "United States Trustee") appointed an official committee of unsecured creditors (the "Committee"). Additional facts relating to the Debtors' businesses and capital structure, and the commencement of these Chapter 11 Cases, are set forth in the *Declaration of Frank A. Pometti in Support of the Debtors' Chapter 11 Petitions and First Day Relief*, which was filed on the Petition Date and is incorporated herein by reference.

---

[3]    On May 30, 2023, Debtor Goldie Films, Inc. ("Goldie Films"), also commenced a case by filing a voluntary chapter 11 petition with this Court. As used herein, the term "Petition Date", as applicable to Goldie Films, means May 30, 2023.

5.     On the Petition Date, the Debtors filed the *Motion for Entry of an Order (I) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (II) Authorizing and Approving the Debtors' Entry Into the Stalking Horse Agreement, (III) Approving the Sale of Substantially all of the Debtors' Assets and (IV) Granting Related Relief* [ECF No. 16] (the "Sale Motion"), and on May 19, 2023, the Debtors filed that certain executed *Asset and Equity Purchase Agreement* [ECF No. 58] (as amended from time to time, the "APA") by and among the Purchaser and the Debtors.  On June 23, 2023, the Court entered the Sale Order.

6.     Consistent with the DIP Order and the Sale Order, the Debtors and the Purchaser intended to close the Sale on or before July 9, 2023.  In order to resolve open issues for Closing, and in an effort to provide for as efficient a transition of the business to Purchaser as possible, the milestone for Closing has been extended through and including July 19, 2023.

7.     The Debtors and the Buyer have been working actively to achieve the Closing of the APA in accordance with the terms of the Sale Order.  Section 2.08(a)(x) of the APA provides that at the Closing, the Sellers are required to deliver:

> [S]uch other deeds, bills of sale, assignments, share transfer forms and other good and sufficient instruments of conveyance and assignment as Buyer deems reasonably necessary to vest in, and transfer to, Buyer all right, title and interest in, to and under the Purchased Assets (including the Purchased Shares), each in form and substance acceptable . . . .

APA at § 2.08(x).  Certain documentation and ministerial acts may be required to perfect the transfer of certain equity interests in the Purchased Entities and JV Entities (the "Foreign Subsidiary Interests") to the Purchaser in accordance with applicable non-US law, which will require additional time, and absent the agreement of the Buyer and the Sellers would delay the Closing.  Such a delay is not in the best interest of the Debtors and their estates.  As a result, the Debtors and the Purchaser have agreed to a modification of the Sale Order to allow certain of the

Foreign Subsidiary Interests to be held in trust for the benefit of the Purchaser bending compliance with non-US to effect the transfer to Purchaser.

8.    The Debtors have consulted with the Committee with respect to the relief herein.

## **Basis for Relief**

9.    The Debtors seek entry of the Proposed Order in furtherance Paragraph 53 of the Sale Order, which contains the further assurances provisions of the Sale Order.   Paragraph 53 of the Sale Order provides:

> From time to time, as and when requested by any party and to the extent contemplated by the APA, each party shall execute and deliver, or cause to be executed and delivered, all such documents and instruments and shall take, or cause to be taken, all such further or other actions as such other party may reasonably deem necessary or desirable to consummate the transactions contemplated by the APA, including such actions as may be necessary to vest, perfect, or confirm, of record or otherwise, in Purchaser its right, title, and interest in and to the Purchased Assets.

10.    Pursuant to Paragraph 54 of the Sale Order, the Court retained jurisdiction "to, among other things, interpret, implement, and enforce the terms and provisions of this Sale Order and the APA, all amendments thereto, and any waivers and consents thereunder . . . ."

11.    In addition, pursuant to section 363(b) of the Bankruptcy Code, after notice and a hearing, the Debtors "may use, sell, or lease, other than in the ordinary course of business, property of the estate." This Court has already approved and entered the Sale Order. The Proposed Order is a technical supplement requested by the Purchaser in relation to its partial waiver of a condition precedent to its obligation to close and is intended to facilitate a Closing as expeditiously and efficiently as possible.

12.    The Debtors seek the Court's approval of the Proposed Order to prevent any further delay to Closing. As the Debtors and the Purchaser have worked diligently to close the Sale, it has

become clear that additional documentation and ministerial acts may be required to perfect the transfer of the Foreign Subsidiary Interests to Purchase as required under the APA. The Proposed Order, the effectiveness of which is conditioned on the occurrence of the Closing, is necessary to "vest, perfect, or confirm in Purchaser its right, title, and interest in and to the Purchased Assets," which include the Foreign Subsidiary Interests.

13.    Approval by the Court of the Proposed Order will allow for a Closing and repayment of all obligations under the DIP Credit Agreement to occur and will avoid any unnecessary delay while the Debtors and Purchaser complete certain ministerial acts to perfect the transfer of the Foreign Subsidiary Interests consistent with the APA previously approved by this Court. Accordingly, sufficient cause exists to grant the relief requested herein.

### Notice

14.    Notice of this Motion will be provided to: (i) counsel to the United States Trustee, U.S. Department of Justice, Office of the United States Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Rm. 534, New York, NY 10004 (Attn: Andrea B. Schwartz, Esq. and Annie Wells, Esq.); (ii) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: David M. Feldman, Michael S. Neumeister, and Tommy Scheffer), counsel to the DIP Lenders and Prepetition Term Lenders; (iii) Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn: Scott K. Charles and Neil M. Snyder), counsel to TPG Virat Holdings 1, L.P., and Sixth Street Virat Holdings 3, LLC; (iv) Shipman & Goodwin LLP (Attn: Marie C. Pollio), counsel to Wilmington Trust, National Association; (v) Pachulski, Stang, Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn: Bradford J. Sandler), proposed counsel to the UCC; and (vi) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Previous Request**

15.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and appropriate.

Dated: July 16, 2023
      New York, New York

**SHEARMAN & STERLING LLP**

*/s/ Fredric Sosnick*
Fredric Sosnick
William S. Holste
Jacob S. Mezei
599 Lexington Avenue
New York, NY 10022
Phone:  (212) 848-4000
Email:   fsosnick@shearman.com
        william.holste@shearman.com
        jacob.mezei@shearman.com

-and-

Ian E. Roberts (admitted *pro hac vice*)
2601 Olive Street, 17th Floor
Dallas, TX 75201
Phone:  (214) 271-5777
Email:   ian.roberts@shearman.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (JPM) |
| Debtors.[1] | (Jointly Administered) |

**SUPPLEMENTAL ORDER (A) APPROVING THE ASSET AND EQUITY
PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ASSETS,
(C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF
CONTRACTS AND LEASES, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") [Docket No. [__]] of the above-captioned debtors and

debtors-in-possession (collectively the "Debtors") for an order (this "Supplemental Sale Order"),

pursuant to sections 105(a), 363(b), 363(f), and 365 of title 11 of the United States Code (the

"Bankruptcy Code"), Rules 2002, 6004, 6006(f), 6007, 9007, 9008, 9013, and 9014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 6004-1 and 6006-1 of the Local

Rules of Bankruptcy Rules for the Southern District of New York (the "Local Rules"),

supplementing the *Order (A) Approving the Asset and Equity Purchase Agreement, (B)*

*Authorizing the Sale of Assets, (C) Authorizing the Assumption and Assignment of Contracts and*

*Leases, and (D) Granting Related Relief* [Docket No. 214] (the "Sale Order");[2] and the Court

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Vice Group Holding Inc. (4250); Vice Impact Inc. (9603); Vice Media LLC (5144); Villain LLC (3050); Boy Who Cried Author LLC (6199); Carrot Operations LLC (1596); Carrot Creative LLC (8652); Channel 271 Productions LLC (1637); Clifford Benski, Inc. (9387); Dana Made LLC (1065); Inverness Collective LLC (6542); JT Leroy Holding LLC (7555); PLDM Films LLC (5217); Project Change LLC (2758); R29 Pride, LLC (7011); R29 Productions, LLC (6344); Refinery 29 Inc. (7749); Valvi LLC (6110); Vice Content Development, LLC (5165); Vice Distribution LLC (5515); Vice Europe Holding Limited (N/A);  Vice Europe Pulse Holding Limited (N/A); Vice Food LLC (1693); Vice Holding Inc. (2658); Vice International Holding, Inc. (5669); Vice Music Publishing LLC (3022); Vice Payroll LLC (6626); Vice Productions LLC (5399); Vice Project Services LLC (6473); Virtue Worldwide, LLC (7212); Visur LLC (9336); VTV Productions LLC (6854); and Goldie Films, Inc. (1241). The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the

having conducted a hearing on the Motion on [    ], 2023 (the "Supplemental Sale Hearing"); and the Court having reviewed and considered the Motion, all relief related thereto, any objections thereto, and statements of counsel and the evidence presented in support of the relief requested by the Debtors in the Motion at the Supplemental Sale Hearing; and that reasonable and adequate notice of the Motion having been provided to all persons required to be served in accordance with the Bankruptcy Code and the Bankruptcy Rules; and that all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief related thereto; and that the Court has jurisdiction to consider the Motion and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it further appearing that the legal and factual bases set forth in the Motion and at the Supplemental Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;.

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Upon Closing, to the fullest extent permitted by applicable law, the Sellers shall be deemed to have transferred to the Purchaser all right, title, and interest that the Sellers' estates may have in and to the Purchased Entities and JV Entities, including any ownership or equity interests in the Purchased Entities and JV Entities that require additional documents, registrations, or other ministerial acts in order to transfer, assign, or convey to, or vest in, Buyer or its designee all interests in the Purchased Entities or JV Entities under applicable law (collectively, the "Foreign Subsidiary Interests") .

---

Sale Order or APA, as applicable.

3.      Upon the Closing, to the extent additional documents, registrations, or other ministerial acts may be required under applicable law to perfect or evidence the transfer, assignment, or conveyance of Foreign Subsidiary Interests to, or vesting of Foreign Subsidiary Interests in, the Purchaser until such required additional documents, registrations, or other ministerial acts have been completed, any resulting right or interest of the Debtors that remains in such Foreign Subsidiary Interests shall be held in trust by Sellers for and exclusively available to the Purchaser until such time as any applicable deeds, bills of sale, assignments, share transfer forms or other good and sufficient instruments of conveyance and assignment as Purchaser deems reasonably necessary to vest in, and transfer to, the applicable Buyer Designee all right, title and interest in, to and under the applicable Purchased Entity or JV Entity, each in form and substance acceptable to Buyer, are duly executed or otherwise satisfied in accordance with applicable Law. For the avoidance of doubt, any Foreign Subsidiary Interests shall be deemed the property of the Purchaser, and no longer held in trust pursuant to this Supplemental Sale Order, immediately and without further action upon the earlier to occur of (i) written notice by the Purchaser to Sellers that such Foreign Subsidiary Interests are no longer held in trust by Sellers, or (ii) an order by this Court that any required additional documents, registrations, or other ministerial acts to transfer, assign or convey such Foreign Subsidiary Interests have been provided consistent with applicable Law.  While any Foreign Subsidiary Interests remain in trust pursuant to this Supplemental Sale Order, the Sellers shall (a) retain any decision-making authority with respect to such applicable Foreign Subsidiary Interests, subject to any rights or limitations under the APA, as may be amended, or such other agreement by the Sellers and the Purchaser, and (b) shall be subject to the restrictions in the APA, as amended, with respect to any Purchased Entity or JV Entity, or their respective rights, contracts, or assets.

4.      To the extent there is any inconsistency between this Supplemental Sale Order and the APA or Sale Order, this Supplemental Sale Order shall govern in all respects.

5.      This Supplemental Sale Order shall be governed and construed in accordance with the laws of the State of New York without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States, including the Bankruptcy Code, governs any matters set forth herein, in which case such federal law shall govern.

6.      Notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Supplemental Sale Order shall be effective and enforceable immediately upon entry.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation of this Supplemental Sale Order.


Dated: _____           _____
                                      HONORABLE JOHN P. MASTANDO III
                                      UNITED STATES BANKRUPTCY JUDGE