**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (JPM) |
| Debtors.[1] | (Jointly Administered) |

## SUPPLEMENTAL ORDER (A) APPROVING THE ASSET AND EQUITY PURCHASE AGREEMENT, (B) AUTHORIZING THE SALE OF ASSETS, (C) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES, AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion") Docket No. [311] of the above-captioned debtors and debtors-in-possession (collectively the "Debtors") for an order (this "Supplemental Sale Order"), pursuant to sections 105(a), 363(b), 363(f), and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006(f), 6007, 9007, 9008, 9013, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and 6004-1 and 6006-1 of the Local Rules of Bankruptcy Rules for the Southern District of New York (the "Local Rules"), supplementing the *Order (A) Approving the Asset and Equity Purchase Agreement, (B) Authorizing the Sale of Assets, (C) Authorizing the Assumption and Assignment of Contracts and Leases, and (D) Granting Related Relief* [Docket No. 214] (the "Sale Order");[2] and the Court

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Vice Group Holding Inc. (4250); Vice Impact Inc. (9603); Vice Media LLC (5144); Villain LLC (3050); Boy Who Cried Author LLC (6199); Carrot Operations LLC (1596); Carrot Creative LLC (8652); Channel 271 Productions LLC (1637); Clifford Benski, Inc. (9387); Dana Made LLC (1065); Inverness Collective LLC (6542); JT Leroy Holding LLC (7555); PLDM Films LLC (5217); Project Change LLC (2758); R29 Pride, LLC (7011); R29 Productions, LLC (6344); Refinery 29 Inc. (7749); Valvi LLC (6110); Vice Content Development, LLC (5165); Vice Distribution LLC (5515); Vice Europe Holding Limited (N/A); Vice Europe Pulse Holding Limited (N/A); Vice Food LLC (1693); Vice Holding Inc. (2658); Vice International Holding, Inc. (5669); Vice Music Publishing LLC (3022); Vice Payroll LLC (6626); Vice Productions LLC (5399); Vice Project Services LLC (6473); Virtue Worldwide, LLC (7212); Visur LLC (9336); VTV Productions LLC (6854); and Goldie Films, Inc. (1241). The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the

having conducted a hearing on the Motion on July 19, 2023 (the "Supplemental Sale Hearing"); and the Court having reviewed and considered the Motion, all relief related thereto, any objections thereto, and statements of counsel and the evidence presented in support of the relief requested by the Debtors in the Motion at the Supplemental Sale Hearing; and that reasonable and adequate notice of the Motion having been provided to all persons required to be served in accordance with the Bankruptcy Code and the Bankruptcy Rules; and that all interested parties having been afforded an opportunity to be heard with respect to the Motion and all relief related thereto; and that the Court has jurisdiction to consider the Motion and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it further appearing that the legal and factual bases set forth in the Motion and at the Supplemental Sale Hearing establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;.

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      Upon Closing, to the fullest extent permitted by applicable law, the Sellers shall be deemed to have transferred to the Purchaser all right, title, and interest that the Sellers' estates may have in and to the Purchased Entities and JV Entities, including any ownership or equity interests in the Purchased Entities and JV Entities that require additional documents, registrations, or other ministerial acts in order to transfer, assign, or convey to, or vest in, Buyer or its designee all interests in the Purchased Entities or JV Entities under applicable law (collectively, the "Foreign Subsidiary Interests") .

---

Sale Order or APA, as applicable.

3.      Upon the Closing, to the extent additional documents, registrations, or other ministerial acts may be required under applicable law to perfect or evidence the transfer, assignment, or conveyance of Foreign Subsidiary Interests to, or vesting of Foreign Subsidiary Interests in, the Purchaser until such required additional documents, registrations, or other ministerial acts have been completed, any resulting right or interest of the Debtors that remains in such Foreign Subsidiary Interests shall be held in trust by Sellers for and exclusively available to the Purchaser until such time as any applicable deeds, bills of sale, assignments, share transfer forms or other good and sufficient instruments of conveyance and assignment as Purchaser deems reasonably necessary to vest in, and transfer to, the applicable Buyer Designee all right, title and interest in, to and under the applicable Purchased Entity or JV Entity, each in form and substance acceptable to Buyer, are duly executed or otherwise satisfied in accordance with applicable Law. For the avoidance of doubt, any Foreign Subsidiary Interests shall be deemed the property of the Purchaser, and no longer held in trust pursuant to this Supplemental Sale Order, immediately and without further action upon the earlier to occur of (i) written notice by the Purchaser to Sellers that such Foreign Subsidiary Interests are no longer held in trust by Sellers, or (ii) an order by this Court that any required additional documents, registrations, or other ministerial acts to transfer, assign or convey such Foreign Subsidiary Interests have been provided consistent with applicable Law. While any Foreign Subsidiary Interests remain in trust pursuant to this Supplemental Sale Order, the Sellers shall (a) retain any decision-making authority with respect to such applicable Foreign Subsidiary Interests, subject to any rights or limitations under the APA, as may be amended, or such other agreement by the Sellers and the Purchaser, and (b) shall be subject to the restrictions in the APA, as amended, with respect to any Purchased Entity or JV Entity, or their respective rights, contracts, or assets.

3

4.      To the extent there is any inconsistency between this Supplemental Sale Order and the APA or Sale Order, this Supplemental Sale Order shall govern in all respects.

5.      This Supplemental Sale Order shall be governed and construed in accordance with the laws of the State of New York without giving effect to the conflict of laws or choice of law provisions thereof, except to the extent that the law of the United States, including the Bankruptcy Code, governs any matters set forth herein, in which case such federal law shall govern.

6.      Notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, and 9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Supplemental Sale Order shall be effective and enforceable immediately upon entry.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation of this Supplemental Sale Order.

Dated: July 20, 2023
      New York, New York

                  /s/John P. Mastando III
                  HONORABLE JOHN P. MASTANDO III
                  UNITED STATES BANKRUPTCY JUDGE