TOGUT, SEGAL & SEGAL LLP
Frank A. Oswald
Kyle J. Ortiz
Brian F. Moore
John C. Gallego
One Penn Plaza, Suite 3335
New York, NY 10119
Phone: (212) 594-5000
Email:  frankoswald@teamtogut.com
   kortiz@teamtogut.com
   bmoore@teamtogut.com
   jgallego@teamtogut.com

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VENUS LIQUIDATION INC., *et al* | Case No. 23-10738 (JPM) |
| Debtors.[1] | Jointly Administered |

**NOTICE OF FILING OF PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING AMENDED CHAPTER 11 PLAN OF LIQUIDATION FOR VENUS LIQUIDATION INC. (F/K/A VICE GROUP HOLDING, INC.) AND CERTAIN OF ITS AFFILIATES**

   **PLEASE TAKE NOTICE** that on March 5, 2024, the above-captioned debtors and debtors in possession (the "Debtors") filed solicitation versions of the *Chapter 11 Plan of Liquidation for Venus Liquidation Inc. f/k/a Vice Group Holding, Inc. and Certain of its Affiliates* [Docket No. 834], and the related disclosure statement [Docket No.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Venus Liquidation Inc., f/k/a Vice Group Holding Inc. (4250); Vice Impact Inc. (9603); Vice Media LLC (5144); Villain LLC (3050); Boy Who Cried Author LLC (6199); Carrot Operations LLC (1596); Carrot Creative LLC (8652); Channel 271 Productions LLC (1637); Clifford Benski, Inc. (9387); Dana Made LLC (1065); Inverness Collective LLC (6542); JT Leroy Holding LLC (7555); PLDM Films LLC (5217); Project Change LLC (2758); R29 Pride, LLC (7011); R29 Productions, LLC (6344); Refinery 29 Inc. (7749); Valvi LLC (6110); Vice Content Development, LLC (5165); Vice Distribution LLC (5515); Vice Europe Holding Limited (N/A); Vice Europe Pulse Holding Limited (N/A); Vice Food LLC (1693); Vice Holding Inc. (2658); Vice International Holding, Inc. (5669); Vice Music Publishing LLC (3022); Vice Payroll LLC (6626); Vice Productions LLC (5399); Vice Project Services LLC (6473); Virtue Worldwide, LLC (7212); Visur LLC (9336); VTV Productions LLC (6854); and Goldie Films, Inc. (1241).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  c/o Alix Partners, 909 Third Avenue, 30th Floor, New York, New York 10022.

836] (as it may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement").

PLEASE TAKE FURTHER NOTICE that on April 25, 2024, the Debtors filed the *Amended Chapter 11 Plan of Liquidation for Venus Liquidation Inc. (f/k/a Vice Group Holding, Inc.) and Certain of its Affiliates* [Docket No. 961] (the "Amended Plan").

PLEASE TAKE FURTHER NOTICE that a hearing to consider the approval of the Amended Plan and Disclosure Statement (the "Combined Hearing") will be held on **April 30, 2024 at 9:00 a.m. (prevailing Eastern Time)** before the Honorable John P. Mastando, III, United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, New York, New York 10004. Parties wishing to appear at the Combined Hearing must register at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl.

PLEASE TAKE FURTHER NOTICE that at the Combined Hearing, the Debtors will request that the Court enter a proposed order, substantially in the form attached hereto as **Exhibit 1**, confirming the Amended Plan and approving the Disclosure Statement on a final basis.

PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement and the Amended Plan can be viewed and/or obtained free of charge (a) by calling the Debtors' claims and noticing agent, Stretto, Inc. at calling (855) 620-5725 (U.S.) or (949) 620-1618 (International), (b) via email at viceinquiries@stretto.com, or (c) at the Chapter 11 cases website at http://www.cases.stretto.com/vice/. In addition, copies of the Disclosure Statement and Plan are on file with the Office of the Clerk of the Court (One Bowling Green, New York, New York 10004) for review during normal business hours. Parties may also obtain copies of any pleadings filed in these Chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov. Please note that a PACER password is required to access documents on the Bankruptcy Court's website.

Dated:  April 25, 2024
        New York, New York

                                        VENUS LIQUIDATION INC., *et al.*
                                        *Debtors and Debtors-in-Possession*
                                        By Their Counsel
                                        TOGUT, SEGAL & SEGAL LLP
                                        By:

                                        */s/ Brian F. Moore*
                                        FRANK A. OSWALD
                                        KYLE J. ORTIZ
                                        BRIAN F. MOORE
                                        JOHN C. GALLEGO
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        Telephone: (212) 594-5000

# EXHIBIT "1"

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VENUS LIQUIDATION INC., *et al.* | Case No. 23-10738 (JPM) |
| Debtors.[1] | (Jointly Administered) |

### [PROPOSED]
### FINDINGS OF FACT, CONCLUSIONS OF LAW,
### AND ORDER APPROVING DISCLOSURE STATEMENT
### AND CONFIRMING AMENDED CHAPTER 11 PLAN OF LIQUIDATION
### FOR VENUS LIQUIDATION INC. (F/K/A VICE GROUP HOLDING, INC.) AND
### <u>CERTAIN OF ITS AFFILIATES</u>

**WHEREAS**, Venus Liquidation, Inc. (f/k/a Vice Group Holding, Inc.) and

its debtor affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>").[2]

in the above-captioned cases (the "<u>Chapter 11 Cases</u>"), as "proponents of the plan"

within the meaning of section 1129 of title 11 of the United States Code

(the "<u>Bankruptcy Code</u>"), filed the solicitation version of the *Chapter 11 Plan of*

*Liquidation for Venus Liquidation Inc. f/k/a Vice Group Holding, Inc. and Certain of its*

*Affiliates*, dated March 5, 2024 [Docket No. 834], and the *Amended Chapter 11 Plan of*

---

[1]  The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  c/o Alix Partners, 909 Third Avenue 30th Floor, New York, New York 10022.

[2]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Venus Liquidation Inc., f/k/a Vice Group Holding Inc. (4250); Vice Impact Inc. (9603); Vice Media LLC (5144); Villain LLC (3050); Boy Who Cried Author LLC (6199); Carrot Operations LLC (1596); Carrot Creative LLC (8652); Channel 271 Productions LLC (1637); Clifford Benski, Inc. (9387); Dana Made LLC (1065); Inverness Collective LLC (6542); JT Leroy Holding LLC (7555); PLDM Films LLC (5217); Project Change LLC (2758); R29 Pride, LLC (7011); R29 Productions, LLC (6344); Refinery 29 Inc. (7749); Valvi LLC (6110); Vice Content Development, LLC (5165); Vice Distribution LLC (5515); Vice Europe Holding Limited (N/A); Vice Europe Pulse Holding Limited (N/A); Vice Food LLC (1693); Vice Holding Inc. (2658); Vice International Holding, Inc. (5669); Vice Music Publishing LLC (3022); Vice Payroll LLC (6626); Vice Productions LLC (5399); Vice Project Services LLC (6473); Virtue Worldwide, LLC (7212); Visur LLC (9336); VTV Productions LLC (6854); and Goldie Films, Inc. (1241).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  c/o Alix Partners, 909 Third Avenue, 30th Floor, New York, New York 10022.

*Liquidation for Venus Liquidation Inc. (f/k/a Vice Group Holding, Inc.) and Certain of its Affiliates*, on April 25, 2024 [Docket No. 961] (as it may be further amended, modified, and/or supplemented from time to time, "<u>Plan</u>");[3]  and the solicitation version of *Disclosure Statement for the Chapter 11 Plan of Liquidation for Venus Liquidation, Inc. (f/k/a Vice Group Holding, Inc.) and Certain of its Affiliates*, filed on March 8, 2024 [Docket No. 836] (as it may be amended, modified, and/or supplemented from time to time, the "<u>Disclosure Statement</u>"), and

**WHEREAS**, on February 27, 2024, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered the *Order (I) Approving Certain Key Dates Relating to Confirmation of the Debtors' Plan, Including Scheduling a Combined Hearing to Consider Approval of Debtors' Disclosure Statement and Plan;  (II) Approving the Form and Manner of Combined Hearing Notice;  (III) Approving Debtors' Disclosure Statement on a Provisional Basis;  and (IV) Approving (A) Procedures for Solicitation;  (B) Forms of Ballots and Notices;  (C) Procedures for Tabulation of Votes;  and (D) Procedures for Objections;* which, among other things:  (a) approved the Disclosure Statement on a provisional basis, subject to final approval at the Combined Hearing (as defined below);  (b) scheduled a combined hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan (the "<u>Combined Hearing</u>");  (c) approved certain procedures for solicitation and tabulation of votes to accept or reject the Plan (the "<u>Solicitation Procedures</u>");  and (d) approved the for of Ballots (as defined in the Solicitation Procedures Order) and the other materials distributed by the Debtors in connection with Confirmation of the Plan (collectively, the "<u>Solicitation Materials</u>");

---

[3]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or Disclosure Statement, as applicable.

WHEREAS, pursuant to the Solicitation Procedures Order, the Court established March 29, 2024 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to submit votes on the Plan (the "Voting Deadline")[4] and April 4, 2024 at 4:00 p.m. (Prevailing Eastern Time) as the deadline to file any objection to the Plan or the Disclosure Statement (the "Objection Deadline");

WHEREAS, as set forth in the Affidavits of Service, filed on March 8, 19 and 26, 2024 [Docket Nos. 840, 858 and 863] (the "Solicitation Declaration"), the Debtors caused copies of the Solicitation Materials to be served in accordance with the Solicitation Procedures Order;

WHEREAS, on March 15, 2024, the Debtors filed the *Plan Supplement to the Chapter 11 Plan of Liquidation for Venus Liquidation Inc. (f/k/a Vice Group Holding Inc.) and Certain of Its Affiliates* [Docket No. 856 and as amended at Docket No. 859] (as it may be amended, modified, or supplemented from time to time thereafter, the "Plan Supplement");

WHEREAS, on April 3, 2024, the Debtors filed the *Certification of Adam J. Fialkowski of Stretto, Inc. Regarding the Voting and Tabulation of Ballots Cast on the Chapter 11 Plan of Liquidation for Venus Liquidation Inc. (f/k/a Vice Group Holding Inc.) and Certain of its Affiliates* [Docket No. 902, and as amended at Docket Nos. 905 and 955] (the "Voting Declaration") attesting and certifying the method and results of the tabulation for claims entitled to vote to accept or reject the Plan;

WHEREAS, the Combined Hearing was adjourned until April 30, 2024 at 9:00 a.m. (Prevailing Eastern Time) [Docket No. 910];

---

[4]    The Debtors extended the Voting Deadline to April 1, 2024 at 5:00 p.m. (Prevailing Eastern Time). *See* Voting Decl. ¶ 13.

WHEREAS, on April 25, 2024, the Debtors filed the *Debtors' Memorandum of Law in Support of Confirmation of the Amended Chapter 11 Plan of Liquidation for Venus Liquidation Inc. (f/k/a Vice Group Holding, Inc.) and Certain of its Affiliates* [Docket No. 962] (the "Confirmation Brief") and the *Declaration of Frank Pometti in Support of Confirmation of the Chapter 11 Plan of Liquidation for Pareteum Corporation and Certain of Its Affiliates* [Docket No. 963] (the "Pometti Declaration" and, together with the Solicitation Declaration and the Voting Declaration, the "Declarations"); and

WHEREAS, the Combined Hearing was held on April 30, 2024.

NOW, THEREFORE, based on the Confirmation Brief, Declarations, the record of the Combined Hearing, including the arguments of counsel made at the Combined Hearing, and the entire record of the Chapter 11 Cases; and after due deliberation thereon and sufficient cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW[5]

A.     **Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a)).**

1.     The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

---

[5]     The findings and conclusions set forth herein, together with the findings of fact and conclusions of law set forth in the record of the Combined Hearing, constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**B.     Adequacy of Disclosure Statement.**

2.     The Disclosure Statement (a) contains sufficient information of a kind necessary to satisfy the disclosure requirements of all applicable nonbankruptcy rules, laws, and regulations, including the Securities Act, and (b) contains "adequate information" (as such term is defined in section 1125(a) of the Bankruptcy Code and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtors, the Plan, and the transactions contemplated thereunder.

**C.     Notice and Transmittal of Solicitation Materials;  Adequacy of Solicitation Notices.**

3.     The Plan, the Disclosure Statement, the Combined Hearing Notice, the Solicitation Procedures Order, and the Solicitation Materials (including the Ballots) were transmitted and served in good faith and in compliance with the Solicitation Procedures Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), and any other applicable rules, laws, and regulations.  Such transmittal and service were timely, adequate, and sufficient based upon the circumstances of the Chapter 11 Cases, all parties in interest had the opportunity to appear and be heard at the Combined Hearing, and no other or further notice is or shall be required.  All persons who solicited votes on the Plan solicited such votes in good faith, in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions in Section 10.4 of the Plan.  Votes to accept or reject the Plan have been tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Solicitation Procedures Order.

**D.**     **Judicial Notice.**

4.     The Court takes judicial notice of the docket of the Chapter 11

Cases maintained by the Clerk of the Court and/or its duly-appointed agent, including,

without limitation, all pleadings and other documents filed, all orders entered, and the

evidence and arguments made, proffered, or adduced at the hearings held before the

Court during the pendency of the Chapter 11 Cases, including, but not limited to, the

Combined Hearing.

**E.**     **Burden of Proof.**

5.     The Debtors, as the proponents of the Plan, have satisfied their

burden of proving by a preponderance of the evidence that the Plan satisfies the

requirements of section 1129(a) and (b) of the Bankruptcy Code.

**F.**     **Plan Supplement.**

6.     The filing and notice of the Plan Supplement were proper and in

accordance with the Plan, the Bankruptcy Code, the Bankruptcy Rules, the Local

Bankruptcy Rules, and the Solicitation Procedures Order, and no other or further notice

is or shall be required.

**G.**     **Modifications to the Plan.**

7.     Disclosure of the modifications pursuant to the Amended Plan

Notice and as set forth in the Confirmation Brief, and on the record at the Combined

Hearing constitutes due and sufficient notice of any and all Modifications.

The Modifications do not require additional disclosure under section 1125 of the

Bankruptcy Code or the resolicitation of votes under section 1126 of the Bankruptcy

Code, nor do they require that the holders of Claims be afforded an opportunity to

change previously cast acceptances or rejections of the Plan.  The Modifications do not

materially and adversely affect or change the treatment of any Claims or Interests

without the consent of the affected holders of such Claims or Interests, and no parties in interest or party that previously voted on the Plan raised an objection or concern with respect to any Modifications.

**Compliance with the Requirements of Section 1129 of the Bankruptcy Code**

**H.    Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1).**

8.    The Plan complies with all applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.  In addition, the Plan is dated and identifies the Debtors as the plan proponents, thereby satisfying Bankruptcy Rule 3016(a).

**I.    Proper Classification – 11 U.S.C. §§ 1122(a), 1123(a)(1).**

9.    As required by section 1123(a)(1) of the Bankruptcy Code, in addition to the Administrative Claims (including Professional Fee Claims and U.S. Trustee Fees) and Priority Tax Claims, which need not be classified, the Plan designates the nine (9) Classes of Claims and Interests.  As required by section 1122(a) of the Bankruptcy Code, the Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as applicable, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such classification does not unfairly discriminate between Holders of Claims and Interests.  Accordingly, the Plan satisfies sections 1122(a) and 1123(a)(1) of the Bankruptcy Code.

**J.    Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2).**

10.    Article III of the Plan specifies that Classes 1 (Secured Tax Claims), 2 (Other Secured Claims), and 3 (Other Priority Claims) are Unimpaired under the Plan, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

**K.      Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3).**

11.      Article III of the Plan specifies the treatment of Claims and Interests in Class 4 (Prepetition Senior Secured Credit Agreement Claims); Class 5 (JPM Overdraft Facility Claims); Class 6 (Senior Subordinated Notes Claims);  Class 7 (Pulse Notes Claims; Class 8 (General Unsecured Claims); and Class 9 (Interests) as Impaired under Plan thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

**L.      No Discrimination – 11 U.S.C. § 1123(a)(4).**

12.      The Plan provides for the same treatment of each Claim in each respective Class unless the Holder of a particular Claim has agreed to a less favorable treatment of its Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

**M.      Implementation of Plan – 11 U.S.C. § 1123(a)(5).**

13.      The Plan and the various documents and agreements referred to therein or set forth in the Plan Supplement provide adequate and proper means for the Plan's implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.

14.      The treatment of Holders of Claims under this Plan is consistent with the terms and conditions of the Turnover Provisions and the Proceeds Sharing Agreement, and the Plan does not violate or breach the rights, remedies, or obligations of any party to Senior Note Subordination Agreements, the Pulse Notes Subordination Agreement, or the Proceeds Sharing Agreement.  The Prepetition Secured Parties and Purchaser, as applicable, have acted in good faith in agreeing to the Committee Settlement, the Committee Stipulation, and Antenna Stipulation, which implemented through the Plan, which, further, have maximized recoveries for creditors as a whole.

**N.        Nonvoting Equity Securities – 11 U.S.C. § 1123(a)(6).**

15.        The Plan is a liquidating plan and does not provide for the issuance of equity or other securities by the Debtors.  Accordingly, section 1123(a)(6) of the Bankruptcy Code is inapplicable to the Plan.

**O.        Selection of Officers, Directors, or Trustees – 11 U.S.C. § 1123(a)(7).**

16.        On the Effective Date, the Debtors will not have directors and officers.  The Debtors have disclosed the identity of the Plan Administrator pursuant to the Plan Supplement Plan Administrator Disclosure, which is consistent with the interest of the creditors and with public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

**P.        Postpetition Person Service Payments – 11 U.S.C. § 1123(a)(8).**

17.        The Debtors are not "individuals" (as that term is defined in the Bankruptcy Code).  Accordingly, section 1123(a)(8) of the Bankruptcy Code is inapplicable to the Plan.

**Q.        Impairment / Unimpairment of Classes of Claims and Equity Interests –
11 U.S.C. § 1123(b)(1).**

18.        As contemplated by section 1123(b)(1) of the Bankruptcy Code, Article III of the Plan impairs or leaves Unimpaired each class of Claims and Interests.

**R.        Assumption and Rejection of Executory Contracts – 11 U.S.C. § 1123(b)(2).**

19.        Article VIII of the Plan governing the assumption and rejection of Executory Contracts satisfies the requirements of section 365(b) of the Bankruptcy Code and, accordingly, the requirements of section 1123(b)(2) of the Bankruptcy Code.

**S.        Settlement of Claims and Causes of Action – 11 U.S.C. § 1123(b)(3).**

20.        Jurisdiction.  The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the compromises, settlements,

9

exculpations, and injunctions set forth in Article X of the Plan. Sections 105(a) and 1123(b) of the Bankruptcy Code permit the issuance of the injunctions and approval of the exculpations set forth in Article X of the Plan.

21.     Exculpation. The exculpation provisions set forth in Section 10.4 of the Plan were proposed in good faith and are essential to the Plan. The record in the Chapter 11 Cases and at the Combined Hearing fully supports the exculpation provisions, and such provisions are appropriately tailored to protect the Exculpated Parties from inappropriate litigation while excluding actions determined by Final Order to have constituted actual fraud, gross negligence, or willful misconduct (including fraud).

22.     Injunction. The injunction provisions set forth herein and in Section 10.5 of the Plan are (a) essential to the Plan, (b) necessary to preserve and enforce the provisions and consummate the implementation of the Plan, and (c) are appropriately tailored to achieve those purposes.

23.     Retained Causes of Action.  In accordance and compliance with section 1123(b)(3)(B) of the Bankruptcy Code, Sections 1.64 and 5.6 of the Plan appropriately provide for the preservation of GUC Reserved Litigation Claims. The provisions regarding the preservation of GUC Reserved Litigation Claims in the Plan are appropriate and are in the best interests of the Debtors and it creditors.

**T.     Sale of Substantially All Assets – 11 U.S.C. § 1123(b)(4).**

24.     The Plan provides for the distribution to creditors of the proceeds of the sale of substantially all of the Debtors' assets to the Purchasers pursuant to the Asset Purchase Agreement and the Sale Order. Thus, the Plan complies with section 1123(b)(4) of the Bankruptcy Code.

**U.        Modification of Rights – 11 U.S.C. § 1123(b)(5).**

25.        In accordance and compliance with section 1123(b)(5) of the

Bankruptcy Code, the Plan properly modifies the rights of Holders of Claims and

Interests in Class 4 (Prepetition Senior Secured Credit Agreement Claims); Class 5 (JPM

Overdraft Facility Claims); Class 6 (Senior Subordinated Notes Claims);  Class 7 (Pulse

Notes Claims0; Class 8 (General Unsecured Claims); and Class 9 (Interests).  The Plan

also leaves unaffected the rights of Holders of Claims in Classes 1 (Secured Tax Claims),

2 (Other Secured Claims), and 3 (Other Priority Claims).

**V.        Additional Plan Provisions – 11 U.S.C. § 1123(b)(6).**

26.        The provisions of the Plan are appropriate and consistent with the

applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b)(6) of

the Bankruptcy Code.  The failure to specifically address a provision of the Bankruptcy

Code or Plan in this Confirmation Order shall not diminish or impair the effectiveness

of this Confirmation Order or the Plan.  The consolidation of the Debtors' Estates for

Plan purposes only is approved.

**W.        The Debtors Are Not Individuals – 11 U.S.C. § 1123(c).**

27.        The Debtors are not individuals and, accordingly, section 1123(c) of

the Bankruptcy Code is inapplicable to the Plan.

**X.        Cure of Defaults – 11 U.S.C. § 1123(d).**

28.        The Plan does not provide for the assumption of any Executory

Contracts, except to the extent set forth in the Schedule of Assumed and Assigned

Executory Contracts, and as such, the Debtors do not propose to cure any defaults by

the Debtors.  Thus, section 1123(d) of the Bankruptcy Code is inapplicable to the Plan.

**Y.      The Debtors' Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(2).**

29.      The Debtors have complied with the applicable provisions of the

Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.

Specifically, the Debtors:

      a.      are proper debtors under section 109 of the Bankruptcy Code and
         are proper proponents of the Plan under section 1121(a) of the
         Bankruptcy Code;

      b.      have complied with applicable provisions of the Bankruptcy Code,
         except as otherwise provided or permitted by orders of this Court;
         and

      c.      have complied with the applicable provisions of the Bankruptcy
         Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the
         Solicitation Procedures Order in transmitting the Solicitation
         Materials and related notices and in soliciting and tabulating votes
         on the Plan.

**Z.      Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3).**

30.      The Debtors have proposed the Plan and all other agreements,

documents, and instruments necessary to effectuate the Plan in good faith and not by

any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy

Code.  The Debtors' good faith is evident from the facts and record of these Chapter 11

Cases, the Disclosure Statement, and the record of the Combined Hearing.  The Plan

and other agreements and documents contemplated thereby or set forth in the Plan

Supplement are based upon extensive, arms'-length, good faith negotiations between

and among the Debtors, the Creditors' Committee, and the Purchasers.  The Plan was

proposed with the legitimate and honest purpose of maximizing the value of the

Debtors' Estates and effectuating an orderly liquidation of the Debtors.  Further, the

Plan's classification, release, exculpation, injunction provisions, including, without

limitation, Article X of the Plan, have been negotiated in good faith and at arms'-length,

consistent with sections 105, 1123(b)(3)(A), 1123(b)(6), 1129, and 1142 of the Bankruptcy Code.

**AA.    Payments for Services or Costs and Expenses – 11 U.S.C. § 1129(a)(4).**

31.    Any payment made or to be made by the Debtors for services or for costs and expenses incurred prior to the Effective Date in connection with these Chapter 11 Cases, or in connection with the Plan and incidental to these Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

**BB.    Directors, Officers, and Insiders – 11 U.S.C. § 1129(a)(5).**

32.    Upon the Effective Date, the Debtors will not have continuing directors and officers.  The Debtors have disclosed the identity of the Plan Administrator pursuant to the Plan Administrator Disclosure as part of the Plan Supplement, which is consistent with the interests of the creditors and with public policy.  Accordingly, the Debtors have complied with section 1129(a)(5) of the Bankruptcy Code.

**CC.    No Rate Changes – 11 U.S.C. § 1129(a)(6).**

33.    The Debtors are not charging rates that are the subject of any regulatory commission jurisdiction.  Thus, section 1129(a)(6) of the Bankruptcy Code is inapplicable to the Plan.

**DD.    Best Interests of Creditors – 11 U.S.C. § 1129(a)(7).**

34.    Due to, among other things, the Committee Settlement embodied in the Plan and the Debtors', the Prepetition Secured Parties' and Purchasers' substantial contributions as facilitated through the Committee Settlement, Antenna Stipulation and Committee Stipulation, Holders of Impaired Claims, including the Holders of General Unsecured Claims in Class 8, would receive less in a Chapter 7 liquidation than they

stand to receive under the Plan.  For these reasons, and based upon the other evidence

related thereto in support of the Plan, each Holder of a General Unsecured Claim that is

entitled to vote on the Plan either has accepted the Plan or will receive or retain under

the Plan, on account of such Claim, property of a value, as of the Effective Date, that is

not less than the amount such Holder would receive or retain if the Debtors were

liquidated under Chapter 7 of the Bankruptcy Code on such date.  Such evidence is

both persuasive and credible and based upon reasonable and sound assumptions.

Therefore, the Plan satisfies section 1129(a)(7) of the Bankruptcy Code.

**EE.     Acceptance by Certain Classes – 11 U.S.C. § 1129(a)(8).**

35.     Classes 1 (Secured Tax Claims), 2 (Other Secured Claims), and 3

(Other Priority Claims) are Unimpaired under the Plan and are deemed to have

accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code.  Class 4

(Prepetition Senior Secured Credit Agreement Claims) and Class 8 (General Unsecured

Claims) are Impaired under the Plan and have voted to accept the Plan in accordance

with section 1126(c) of the Bankruptcy Code.  Holders of Claims in Classes 5, 6 and 7

were provided Ballots and have either voted to reject the Plan (Class 6) or did not

submit votes on the Plan (Classes 5 and 7).  Holders of Claims in Class 9 will not receive

a distribution under the Plan, so such Class is deemed to reject the Plan.  As set forth

below, the Plan is a confirmable plan because it satisfies the provisions of section

1129(b) of the Bankruptcy Code with respect to these non-accepting Classes.

**FF.     Treatment of Administrative Claims (Including Professional Fee Claims and U.S. Trustee Fees), Priority Tax Claims, and Other Priority Claims – 11 U.S.C. § 1129(a)(9).**

36.     The treatment of Administrative Claims and U.S. Trustee Fees,

Priority Tax Claims, and Other Priority Claims pursuant to Article II and III of the Plan

satisfies the requirements of section 1129(a)(9) of the Bankruptcy Code.  The treatment

of Other Priority Claims pursuant to Section 3.4(c) of the Plan satisfies the requirements of section 1129(a)(9)(B) of the Bankruptcy Code.  Based on the information currently reflected in the Debtors' books and records, on the Effective Date the Debtors will have sufficient Cash to pay Administrative Claims, Priority Tax Claims, and Other Priority Claims, and to fund the Professional Fee Escrow, the Disputed Claim Reserve and the Plan Reserve Account.

**GG.    Acceptance by Impaired Class – 11 U.S.C. § 1129(a)(10).**

37.    Class 4 (Prepetition Senior Secured Credit Agreement Claims); Class 8 (General Unsecured Claims) are Impaired under the Plan and each voted to accept the Plan by the requisite majorities, determined without including any acceptance of the Plan by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.  Class 5 (JPM Overdraft Facility Claims) are Class 7 (Pulse Notes Claims) have not voted but are deemed to have accepted the Plan for purposes of section 1129(a)(10) of the Bankruptcy Code.

**HH.    Feasibility – 11 U.S.C. § 1129(a)(11).**

38.    The Plan is feasible and provides adequate and appropriate means for its implementation and an orderly wind down of the Debtors' Estates.  Such evidence, including as set forth on the record of the Combined Hearing, is persuasive and credible, based on reasonable assumptions, and has not been controverted by other evidence.  Based on the information currently reflected in the Debtors' books and records, in connection with the occurrence of the Effective Date, the Debtors shall establish and fund the Plan Reserve Account and Disputed Claim Reserve, which for the avoidance of doubt, shall include funds to be reserved in an amount sufficient to satisfy in full the priority tax claims asserted by the Internal Revenue Service in connection with Claim No. 248, and as amended by Claim No. 552, the allowance of

which is subject to the Debtors, Plan Administrator, and/or Creditors

Committee's reservation of rights to object, to disallow or to otherwise reduce or

reclassify, as necessary, and the Internal Revenue Service's reservation of rights to

respond to any such objection or application to disallow, reduce, or reclassify the

Internal Revenue Service's priority tax claim.

**II.     Payment of Statutory Fees – 11 U.S.C. § 1129(a)(12).**

39.     Pursuant to Section 12.1 of the Plan, all fees payable under

section 1930 of chapter 123 of title 28 of the United States Code will be paid as required.

Thus, the Plan satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

**JJ.     Benefit Plans – 11 U.S.C. § 1129(a)(13).**

40.     The Debtors do not have retiree benefit obligations within the

meaning of section 1129(a)(13) of the Bankruptcy Code.  Thus, section 1129(a)(13) of the

Bankruptcy Code is inapplicable to the Plan.

**KK.    Non-Applicability of Certain Sections – 11 U.S.C. §§ 1129(a)(14), (15), and (16).**

41.     The Debtors do not owe domestic support obligations, are not

individuals, and are not moneyed, business, or commercial corporations or trusts.

Thus, sections 1129(a)(14), 1129(a)(15), and 1129(a)(16) of the Bankruptcy Code are

inapplicable to the Plan.

**LL.    Confirmation Over Nonacceptance of an Impaired Class – 11 U.S.C. § 1129(b).**

42.     Class 6 (Senior Subordinated Notes Claims) is Impaired under the

Plan and voted to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

Class 9 (Interests) are Impaired under the Plan and is deemed to have rejected the Plan

pursuant to section 1126(g) of the Bankruptcy Code.  Notwithstanding the fact that

Class 6 (Senior Subordinated Notes Claims) and Class 9 (Interests) have not accepted

the Plan, the Plan may be confirmed pursuant to section 1129(b)(1) of the Bankruptcy

Code because: (a) an Impaired class voted to accept the Plan; and (b) the Plan does not discriminate unfairly and is fair and equitable with respect to the Interests in the class not accepting the Plan.  As a result, the Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Thus, the Plan may be confirmed even though section 1129(a)(8) of the Bankruptcy Code is not satisfied with respect to Class 6 (Senior Subordinated Notes Claims) and Class 9 (Interests).  After entry of this Confirmation Order, and upon the occurrence of the Effective Date, the Plan shall be binding upon all Holders of Claims and Interests, including the members of the Classes not accepting the Plan.

**MM.   Only One Plan – 11 U.S.C. § 1129(c).**

43.    Because the Plan is the only chapter 11 plan filed in these Chapter 11 Cases, the Plan satisfies section 1129(c) of the Bankruptcy Code.

**NN.    Principal Purpose of the Plan – 11 U.S.C. § 1129(d).**

44.    Because the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, the Plan satisfies section 1129(d) of the Bankruptcy Code.

**OO.    Not Small Business Cases – 11 U.S.C. § 1129(e).**

45.    These Chapter 11 Cases are not "small business cases" (as that term is defined in the Bankruptcy Code), and accordingly, section 1129(e) of the Bankruptcy Code is inapplicable to the Plan.

**PP.    Implementation.**

46.    All documents necessary to implement the Plan, including those contained in the Plan Supplement, and all other relevant and necessary documents have been negotiated in good faith and at arms' length, and shall, upon completion of

documentation and execution, be valid, binding, and enforceable and not in conflict

with any federal or state law.

**QQ.    Executory Contracts.**

47.    The Debtors have exercised reasonable business judgment in

determining whether to assume or reject Executory Contracts pursuant to Section 8.1 of

the Plan.  Each rejection of an Executory Contract pursuant to Section 8.1 of the Plan

shall be legal, valid, and binding upon the Debtors and their assignees to such

Executory Contract, as if such rejection had been effectuated pursuant to an order of the

Court under section 365 of the Bankruptcy Code entered before entry of this

Confirmation Order.

**RR.    Waiver of Stay.**

48.    Sufficient cause has been shown to waive any stay to the immediate

effectiveness of this Confirmation Order.

**SS.    Satisfaction of Confirmation Requirements.**

49.    The Plan satisfies the requirements for confirmation set forth in

section 1129 of the Bankruptcy Code.

**TT.    Retention of Jurisdiction.**

50.    The Court may, and upon the Effective Date, shall, retain exclusive

jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases,

including the matters set forth in Section 11.1 of the Plan and section 1142 of the

Bankruptcy Code.

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

**I.    Disclosure Statement Approved.**

51.    The Disclosure Statement is approved in all respects on a final

basis.

## II.    Confirmation.

52.    The Plan attached hereto as **Exhibit A** and each of its provisions are hereby approved and **CONFIRMED** under section 1129 of the Bankruptcy Code.  Any objections that have not been consensually resolved or withdrawn are overruled on the merits pursuant to this Confirmation Order.

## III.    Plan Supplement.

53.    The documents contained in the Plan Supplement and any amendments, modifications, and supplements thereto, and all documents and agreements introduced into evidence by the Debtors at the Combined Hearing (including all exhibits and attachments thereto and documents referred to therein), and the execution, delivery, and performance thereof by the Debtors, are authorized and approved.

## IV.    Modifications.

54.    In accordance with section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, all Holders of Claims and Interests who voted to accept the Plan or who are conclusively presumed to have accepted the Plan are hereby deemed to accept the Plan, as modified.  No Holder of a Claim or Interest shall be permitted to change its vote as a consequence of the Plan (including the Modifications) or the Plan Supplement or any further modifications or amendments with respect thereto in compliance with the terms of the Plan, this Confirmation Order, and section 1127 of the Bankruptcy Code.

## V.    Plan Implementation Authorization.

55.    The implementation of the Plan pursuant to Section 5 of the Plan and the Plan Supplement is approved.  The Plan Administrator shall have authority and

right to carry out and implement all provisions of the Plan as as provided in Section 5 of the Plan and the Plan Administrator Agreement.

56.     The Debtors shall be authorized and empowered to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and take such actions as are necessary to consummate the Plan.  All actions contemplated by the Plan are hereby authorized and approved in all respects (subject to the provisions of the Plan and this Confirmation Order).  The Plan Administrator is hereby authorized to make Distributions and other payments in accordance with the Plan and Plan Administrator Agreement.

## VI.    Vesting of Assets.

57.     On the Effective Date, pursuant to Section 5.2 of the Plan and sections 1141(b) and (c) of the Bankruptcy Code, all property in each Estate, including any Excluded Assets under the Asset Purchase Agreement, any GUC Reserved Litigation Claim, and any property acquired by any of the Debtors, including interests held by the Debtors in their respective non-Debtor subsidiaries shall re-vest in each applicable post-confirmation Debtor, free and clear of all Liens, Claims, charges, or other encumbrances (subject to  the discharge of the reasonable and documented accrued and unpaid fees and expenses of the Prepetition Term Agents or the DIP Agents reasonably necessary for the implementation of this Plan), except for the Liens and Claims established under this Plan.  On and after the Effective Date, except as otherwise provided in this Plan, each Debtor may operate its business and may use, acquire, or dispose of property and maintain, prosecute, abandon, compromise or settle any Claims, Interests, or Causes of Action without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or Bankruptcy Rules, subject only to those restrictions expressly imposed by this Plan or the

Confirmation Order, as well as the documents and instruments executed and delivered in connection therewith, including the documents, exhibits, instruments, and other materials comprising the Plan Supplement. Notwithstanding anything herein to the contrary, property in each estate shall not include any Purchased Assets under the Asset Purchase Agreement, and nothing in this Plan shall alter or amend the Asset Purchase Agreement or the Sale Order.

**VII.    Dissolution of the Debtors.**

58.    Upon the Effective Date, the Chapter 11 Cases of each Debtor other than Venus Liquidation Inc. shall be closed, provided, further, in connection with the closing of such cases, a final decree shall be deemed entered for each Debtor other than Venus liquidation Inc. without need for further application or notice.  Upon the distribution of all assets pursuant to the Plan and the filing by the Plan Administrator of a certification to that effect with the Bankruptcy Court (which may be included in the application for the entry of the final decree), the Debtors shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtors or payments to be made in connection therewith, provided, however, that the Debtors may, but will not be required to, take appropriate action to dissolve under applicable law.

**VIII.    Executory Contracts.**

59.    In accordance with Section 8.1 of the Plan, on the Effective Date, each Executory Contract shall be deemed automatically rejected on the Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code, unless such Executory Contract is set forth on the Schedule of Assumed and Assigned Executory Contracts. Any claims arising from the rejection of an Executory Contract must be filed no later than the applicable Bar Date.

IX.    **Exemption from Certain Transfer Taxes.**

60.    To the fullest extent permitted by applicable law, all sale transactions and asset transfers consummated by the Plan Administrator on and after the Effective Date, including any issuance, sale, and/or transfer effectuated under the Plan, the sale by the Debtors of any owned property pursuant to section 363(b) or 1123(b)(4) of the Bankruptcy Code, any assumption, assignment, and/or sale by the Debtors of their interests in Executory Contracts or Unexpired Leases pursuant to section 365(a) of the Bankruptcy Code, and the creation, modification, consolidation, or recording of any mortgage or security interest pursuant to the terms of the Plan shall constitute a "transfer under a plan" within the purview of section 1146 of the Bankruptcy Code, and shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.  This Confirmation Order hereby directs and is deemed to direct the appropriate state or local governmental officials or agents to forgo the collection of any such tax or governmental assessment and to accept for filing and recordation instruments or other documents pursuant to such transfers of property without the payment of any such tax or government.

X.    **Releases, Exculpation and Injunction Provisions.**

61.    This Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases, injunctions, exculpations, and related provisions set forth in Article X of the Plan (collectively, the "Releases"), Sections 105(a) and 1123(b) of the Bankruptcy Code permit issuance of the Releases set forth in Article X of the Plan.  Based upon the record of the Chapter 11 Cases and the evidence proffered or adduced at the Confirmation Hearing, this Court finds that the Releases which are incorporated herein in their entirety, and set forth in Article X of the Plan are consistent with the Bankruptcy Code and applicable law.  Further,

22

the Releases contained in Article X of the Plan are integral components of the Plan.  The Releases are hereby approved and authorized in all respects, are so ordered, and shall be immediately effective on the Effective Date without further notice to or order or action on the part of this Court or any other party.  Upon entry of this Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan, including the making of Distributions and payments contemplated under the Plan.

62.    The Releases constitute good-faith compromises and settlements of the matters covered.  Such compromises and settlements are made in exchange for consideration under the Committee Settlement, the Antenna Settlement and the Committee Stipulation  and (i) are in the best interests of the Debtors, their Estates and holders of Claims and Interests; (ii) are fair, equitable and reasonable; (iii) are necessary and integral components of the Plan and the transactions contemplated under the Plan; (iv) confer a material benefit on, and are in the best interests of, the Debtors, their Estates and holders of Claims and Interests; (v) are important to the overall objectives of the Plan to finally resolve all Claims and Interests among or against parties in interest in the Chapter 11 Cases; and (vi) are supported by the Debtors and their key stakeholders. The failure to approve the Releases would seriously impair the Debtors' ability to confirm the Plan.

63.    The Debtor Release under Section 10.2 of the Plan to which no objections have been filed, represent a sound exercise of the Debtors' business judgment, is fair, reasonable in scope, and in the best interests of the estates, based on the significant contributions, concessions, and compromises made by the Released

Parties in the process of facilitating, formulating and supporting the Plan, and is appropriate under the circumstances.

64.     The exculpation provisions in Section 10.4 of the Plan are consistent with prior case law, reasonable in scope, integral to the Plan, and appropriate.  The exculpation provisions in Section 10.4 of the Plan were proposed in good faith following extensive good faith negotiations among the Exculpated Parties, are integral to the Plan and are appropriately limited in scope, covering only certain enumerated activities performed in furtherance of the Plan.  The exculpation provisions also contain exceptions for gross negligence or willful misconduct (including fraud).

65.     Unless otherwise provided in the Plan or in this Confirmation Order, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.

**XI.     Waiver of Stay.**

66.     Notwithstanding any provision of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, or applicable nonbankruptcy law, this Confirmation Order is effective immediately and not subject to any stay.

**XII.     Notice of Effective Date.**

67.     As soon as practicable after the occurrence of the Effective Date, the post-confirmation Debtors shall serve notice of the occurrence of the Effective Date on all creditors and interest holders, and parties in interest on the Debtors' creditor matrix, by causing notice of the Effective Date in the form annexed hereto as **Exhibit B** ("Notice of Effective Date") to be delivered to such parties by first-class mail, postage prepaid. The post-confirmation Debtors shall also cause the Notice of Effective Date to be posted on the Chapter 11 Cases website at https://cases.stretto.com/vice/.  The Notice of

Effective Date shall include notice of the deadline for filing (a) Proofs of Claim arising

out of rejection of Executory Contracts upon the Effective Date, (b) Administrative

Claims, and (c) Professional Fee Claims.  The Notice of Effective Date described herein

is adequate under the circumstances, and no other or further notice is necessary.

**XIII.    Entities to Receive Notice.**

   68. Upon the Effective Date of the Plan, notice of the proceedings

(other than the Notice of Effective Date) shall be limited to those parties entitled to

notice under Rule 2002 who have requested service by email, the U.S. Trustee, and only

those parties asserting an interest in the subject matter of the proposed action or order

or who otherwise would be affected by the proposed action or order.

**XIV.    Retention of Jurisdiction.**

   69. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, this

Court shall retain exclusive jurisdiction with respect to all matters arising from or

related to the Chapter 11 Cases, the Plan, and the implementation of this Confirmation

Order, including, without limitation, all Retained Causes of Action by or on behalf of

the Plan Administrator.

**XV.    Payment of Statutory Fees.**

   70. On the Effective Date, the Debtors shall pay all accrued and

outstanding U.S. Trustee Fees, if any.  All U.S. Trustee Fees payable after the Effective

Date, if any, shall be paid by the Plan Administrator until the earlier of the conversion,

dismissal, or closure of the Chapter 11 Cases.

**XVI.    Preservation of Insurance.**

   71. Unless otherwise provided in the Plan or the Confirmation Order,

nothing shall impair or diminish the enforceability of any insurance policy, including

the D&O Policies that may cover claims against the Debtors, or any additional insureds, including the directors and officers thereof.

**XVII.    Payment of Professionals After the Effective Date.**

72.    The Plan Administrator is authorized to pay compensation for services rendered or reimbursement of expenses incurred after the Effective Date in the ordinary course without the need for Court approval.  Based on the information currently reflected in the Debtors' books and records, on the Effective Date the Debtors shall establish and fund the Professional Fee Escrow with Cash equal to the Professional Fee Escrow Amount in accordance with Section 2.3 of the Plan.  Allowed Professional Fee Claims shall be paid in Cash to such Professionals from the funds held in the Professional Fee Escrow when such Claims are Allowed by an order of the Court, and subject to any agreed-upon voluntary reduction of fees by a Professional in connection with achieving a confirmable Plan.

**XVIII.    Activities in Anticipation of the Effective Date.**

73.    The Debtors are hereby authorized and empowered to take all necessary steps, and pay all related expenses, in anticipation of the Effective Date, including, without limitation, effectuating the transactions contemplated by the Plan and this Confirmation Order.

**XIX.    Substantial Consummation.**

74.    On the Effective Date, the Plan shall be deemed to be substantially consummated pursuant to sections 1101 and 1127(b) of the Bankruptcy Code.

**XX.    Severability.**

75.    This Confirmation Order shall constitute a judicial determination that, and shall provide that each term and provision of the Plan, as it may be amended in accordance with Section 12.3 of the Plan, is, (a) valid and enforceable pursuant to its

terms, (b) integral to the Plan and may not be deleted or amended other than in

accordance with Sections 12.3 and 12.5 of the Plan, and (c) non-severable and mutually

dependent.

**XXI.    Immediate Binding Effect.**

76.    Pursuant to section 1141 and the other applicable provisions of the

Bankruptcy Code, on or after entry of this Confirmation Order and subject to the

occurrence of the Effective Date, the terms of the Plan (including all documents and

agreements executed pursuant thereto or in connection therewith), the Plan

Supplement, and this Confirmation Order shall be immediately effective and

enforceable and shall bind the Debtors, the Plan Administrator, the Exculpated Parties,

all Holders of Claims and Interests (irrespective of whether such Claims or Interests are

Impaired under the Plan or whether the Holders of such Claims accepted or are deemed

to have accepted the Plan), any other person giving, acquiring, or receiving property

under the Plan, any and all non-Debtor parties to Executory Contracts with the Debtors,

and any other party in interest in these Chapter 11 Cases, and the respective heirs,

executors, administrators, successors, or assigns, if any, of any of the foregoing.  On the

Effective Date, all waivers, discharges, exculpations, and injunctions set forth in the

Plan shall be effective and binding on Persons who may have had standing to assert any

settled, compromised, waived, discharged, exculpated, or enjoined Causes of Action

after the Effective Date.

**XXII.    Conflicts Between Confirmation Order and the Plan.**

77.    To the extent of any inconsistency between the provisions of the

Plan and this Confirmation Order, the terms and provisions contained in this

Confirmation Order shall govern.  The provisions of this Confirmation Order are

integrated with each other and are non-severable and mutually dependent unless

expressly stated by further order of this Court.

**XXIII.    Modifications and Amendments.**

78.    The Plan may be amended, modified, or supplemented by the

Debtors in accordance with Section 12.3 of the Plan.

**XXIV.    Final Order.**

79.    This Confirmation Order is a Final Order and the period in which

an appeal must be filed shall commence upon the entry hereof.

**XXV.    Post-Confirmation Reporting.**

80.    The Plan Administrator shall file post-confirmation quarterly

reports until the Chapter 11 Cases are converted, dismissed, or closed by entry of final

decrees.

Dated:  April [__], 2024
        New York, New York

_____
THE HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit A</u>**

**Amended Chapter 11 Plan of Liquidation
of Venus Liquidation Inc. And Certain of Its Affiliates**

**Filed at [Docket No. 961]**

<u>**Exhibit B**</u>

**Notice of Effective Date**

TOGUT, SEGAL & SEGAL LLP
Frank A. Oswald
Kyle J. Ortiz
Brian F. Moore
John C. Gallego
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

*Counsel to the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| VENUS LIQUIDATION INC, *et al.*, | Case No. 23-10738 (JPM) |
| Debtors.[1] | (Jointly Administered) |

### NOTICE OF EFFECTIVE DATE

**PLEASE TAKE NOTICE** that on [___] [__], 2024, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order [Docket No. [__]] (the "Confirmation Order") confirming the *Amended Chapter 11 Plan of Liquidation for Venus Liquidation Inc. (f/k/a Vice Group Holding, Inc.) and Certain of Its Affiliates* [Docket No. [__], Ex. A] (as may be further amended, modified, and/or supplemented from time to time in accordance with the terms thereof and the Confirmation Order, the "Plan") (attached as Exhibit A to the Confirmation Order).[2]

**PLEASE TAKE FURTHER NOTICE** that the effective date of the Plan occurred on [___] [__], 2024 (the "Effective Date").

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Confirmation Order, the injunction, exculpation and discharge provisions in Article X of the Plan are now in full force and effect.

---

[1]    The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  c/o Alix Partners 909 Third Avenue 30th Floor, New York, NY 10022.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Section 8.2 of the Plan, all Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts under the Plan, if any, must be filed with the Bankruptcy Court within thirty (30) days of the Effective Date (***i.e.*, [_____] [__], 2024**) (the "Rejection Claims Bar Date"). Any Proofs of Claim arising from the rejection of Executory Contracts that are not timely filed by the Rejection Claims Bar Date shall be Disallowed automatically, forever barred from assertion, and shall not be enforceable against the Debtors or the Plan Administrator without the need for any objection by any Person or Entity or further notice to or action, order, or approval of the Bankruptcy Court, and any Claim arising out of the rejection of such Executory Contract shall be deemed fully satisfied, released, and discharged, notwithstanding anything in the Schedules or a Proof of Claim to the contrary.

**PLEASE TAKE FURTHER NOTICE** that except as otherwise provided by the Plan, the Confirmation Order, or any other applicable order of the Bankruptcy Court, all requests for payment of Administrative Claims arising from October 27, 2023 through and including the Effective Date must be filed with the Debtors' claims and noticing agent, Stretto, Inc., by U.S. Postal Service mail or other overnight delivery to Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, (b) by calling (855) 620-5725 (U.S.) or (949) 620-1618 (International), or electronically at http://www.cases.stretto.com/vice/ on or before thirty (30) days of the Effective Date (***i.e.*, [Date])** (the "Administrative Claims Bar Date"). A proof of claim form is available at http://www.cases.stretto.com/vice/.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Section 2.4 of the Plan, the deadline to file final requests for payment of Professional Fee Claims is [____] [__], 2024 (i.e., 30 days after the Effective Date).

**PLEASE TAKE FURTHER NOTICE** that the Plan and its provisions, including the Plan Supplement, are binding on the Debtors, the Plan Administrator, and any Holder of a Claim against or Interest in, the Debtors and such Holder's respective successors and assigns, whether or not the Claim or Interest of such Holder is Impaired under the Plan and whether or not such Holder or Entity voted to accept the Plan.

*[Concludes on following page]*

**PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order, the Plan, and all other documents filed in the Debtors' Chapter 11 Cases are available free of charge (a) at the Debtors' case website at http://www.cases.com/vice/ (b) upon request in writing at Venus Liquidation Inc. c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, (b) by calling (855) 620-5725 (U.S.) or (949) 620-1618 (International), or (c) via email at viceinquiries@stretto.com. In addition, copies of all pleadings filed in these Chapter 11 Cases are on file with the Office of the Clerk of the Court (One Bowling Green, New York, NY 10004) for review during normal business hours.  Parties may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at:  http://www.nysb.uscourts.gov.  **PLEASE NOTE:  Neither the staff of the Clerk's Office nor the Debtors' counsel can give you legal advice.**

Dated:    [_____] [__], 2024
               New York, New York

VENUS LIQUIDATION INC.
*Debtors and Debtors in Possession*
*By their Counsel*
TOGUT, SEGAL & SEGAL LLP,
By:

_____
FRANK A. OSWALD
KYLE J. ORTIZ
BRIAN F. MOORE
JOHN C. GALLEGO
One Penn Plaza, Suite 3335
New York, New York 10119
Tel:  (212) 594-5000
Facsimile:  (212) 967-4258
Email: frankoswald@teamtogut.com
            kortiz@teamtogut.com
            bmoore@teamtogut.com
            jgallego@teamtogut.com