**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| VENUS LIQUIDATION INC., *et al.*, | Case No. 23-10738 (JPM) |
| Debtors.[1] | (Jointly Administered) |

<u>**SUPPLEMENTAL AFFIDAVIT OF SERVICE**</u>

I, Monica Arellano, depose and say that I am employed by Stretto, the claims and noticing agent for the Debtors in the above-captioned cases.

On April 11, 2024, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on Euler Hermes Agent for Foxtek Recruitment Limited, Attn: Susan Horn at 100 International Dr, Fl 22, Baltimore, MD 21202-4783, pursuant to USPS forwarding instructions:

- **Debtors' First Omnibus Objection to Claims (Reclassified Claims)** (Docket No. 842)

- **Notice of Hearing to Consider Debtors' First Omnibus Objection to Claims (Reclassified Claims)** (Docket No. 843)

Furthermore, on or before April 16, 2024, Stretto in accordance with USPS forwarding instructions served the following document via first-class mail on the service list attached hereto as <u>**Exhibit A**</u>:

- **Notice of (I) Combined Hearing to Consider Approval of Disclosure Statement on Final Basis and Plan Confirmation; (II) Deadline for Objecting to Disclosure Statement and Plan; and (III) Voting Status** (attached hereto as <u>**Exhibit B**</u>)

Furthermore, on April 16, 2024, at my direction and under my supervision, employees of Stretto caused the following documents to be served via first-class mail on the service list attached hereto as <u>**Exhibit C**</u>, pursuant to USPS forwarding instructions:

- **Order (I) Approving Certain Key Dates Relating to Confirmation of the Debtors' Plan, Including Scheduling a Combined Hearing to Consider Approval of Debtors' Disclosure Statement and Plan; (II) Approving the Form and Manner of Combined Hearing Notice; (III) Approving Debtors' Disclosure Statement on a Provisional Basis; (IV) Approving (A) Procedures for Solicitation, (B) Forms of Ballots, (C) Procedures for Tabulation of Votes, and (D) Procedures for Objections** (Docket No. 798)

---

[1] The location of the Debtors' service address for purposes of these Chapter 11 Cases is: c/o Alix Partners, 909 Third Avenue, 30th floor, New York, New York 10022.

- **Notice of (I) Combined Hearing to Consider Approval of Disclosure Statement on Final Basis and Plan Confirmation; (II) Deadline for Objecting to Disclosure Statement and Plan; and (III) Voting Status** (attached hereto as **Exhibit B**)

- ***[Customized for Class 8]*** **Ballot for Accepting or Rejecting the Chapter 11 Plan of Liquidation for Venus Liquidation Inc. (f/k/a Vice Group Holding Inc.) and Certain of Its Affiliates** (attached hereto as **Exhibit D**)

- **Business Reply Envelope (Postage Pre-Paid)**

Dated: April 23, 2024



Monica Arellano

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California,
County of Orange

Subscribed and sworn to (or affirmed) before me on this 23rd day of April, 2024, by Monica Arellano, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

STEPHANIE MORALES
Notary Public - California
Orange County
Commission # 2447258
My Comm. Expires May 16, 2027

# **Exhibit A**



**Exhibit A**

Served Via First-Class Mail

| Name | Address 1 | Address 2 | City | State | Zip |
|------|-----------|-----------|------|-------|-----|
| Mahsooma Abbas | Address Redacted | | | | |
| Scarlett Angelo | Address Redacted | | | | |
| Virtue Worldwide, LLC | 45 Main St | Ste 200 | Brooklyn | NY | 11201-1098 |

In re: Venus Liquidation Inc., et al.
Case No. 23-10738

Page 1 of 1

# **<u>Exhibit B</u>**

Objection Deadline: April 4, 2024 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date: April 11, 2024 at 11:00 a.m. (Prevailing Eastern Time)

TOGUT, SEGAL & SEGAL LLP
Frank A. Oswald
Kyle J. Ortiz
Brian F. Moore
John C. Gallego
One Penn Plaza, Suite 3335
New York, NY 10119
Phone: (212) 594-5000

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VENUS LIQUIDATION INC., *et al.* | Case No. 23-10738 (JPM) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF (I) COMBINED HEARING TO CONSIDER
APPROVAL OF DISCLOSURE STATEMENT ON FINAL BASIS
AND PLAN CONFIRMATION;  (II) DEADLINE FOR OBJECTING
TO DISCLOSURE STATEMENT AND PLAN;  AND (III) VOTING STATUS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

---

[1]   The Debtors' in these chapter 11 case, along with the last four digits of each Debtors' tax identification number are: Venus Liquidation Inc. (f/k/a Vice Group Holding Inc.) (4250); Vice Impact Inc. (9603); Vice Media LLC (5144); Villain LLC (3050); Boy Who Cried Author LLC (6199); Carrot Operations LLC (1596); Carrot Creative LLC (8652); Channel 271 Productions LLC (1637); Clifford Benski, Inc. (9387); Dana Made LLC (1065); Inverness Collective LLC (6542); JT Leroy Holding LLC (7555); PLDM Films LLC (5217); Project Change LLC (2758); R29 Pride, LLC (7011); R29 Productions, LLC (6344); Refinery 29 Inc. (7749); Valvi LLC (6110); Vice Content Development, LLC (5165); Vice Distribution LLC (5515); Vice Europe Holding Limited (N/A);  Vice Europe Pulse Holding Limited (N/A); Vice Food LLC (1693); Vice Holding Inc. (2658); Vice International Holding, Inc. (5669); Vice Music Publishing LLC (3022); Vice Payroll LLC (6626); Vice Productions LLC (5399); Vice Project Services LLC (6473); Virtue Worldwide, LLC (7212); Visur LLC (9336); VTV Productions LLC (6854); and Goldie Films, Inc. (1241). The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  c/o Alix Partners 909 Third Avenue 30th Floor, New York, NY 10022.

### I.    CHAPTER 11 CASES

On May 15, 2023 (the "Petition Date"), Venus Liquidation, Inc. (f/k/a Vice Group holding, Inc.) and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[2]  The Debtors are managing their postpetition affairs as  debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On May 23, 2023, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors in the Chapter 11 Cases [Docket No. 52] (the "Creditors' Committee").  No trustee or examiner has been appointed in the Chapter 11 Cases.

### II.    PLAN AND DISCLOSURE STATEMENT

On December 15, 2023, the Debtors filed their *Chapter 11 Plan of Liquidation for Venus Liquidation Inc. (f/k/a Vice Group Holding, Inc.) and Certain of its Affiliates* [Docket No. 664] (as may be amended, modified, and/or supplemented from time to time, the "Plan"), and on February 8, 2024 filed the related *Disclosure Statement for the Chapter 11 Plan of Liquidation for Venus Liquidation Inc. (f/k/a Vice Group Holding, Inc.) and Certain of its Affiliates* [Docket No. 780] (as may be amended, modified, and/or supplemented from time to time, the "Disclosure Statement").[3]  On March 5, 2024, the Debtors filed solicitation versions of the Plan [Docket No. 834, Ex. A] and the Disclosure Statement [Docket No. 836 Ex. A].

On February 28, 2024, the Bankruptcy Court entered an order [Docket No. 798] (a) conditionally approving the Disclosure Statement, pending final approval at the Combined Hearing (as defined below) and (b) approving procedures for solicitation of votes on the Plan and key dates and deadlines in connection therewith.  The Plan has not yet been approved by the Bankruptcy Court and will be considered for confirmation at the Combined Hearing.

---

[2]    On May 30, 2023, Debtor Goldie Films, Inc. ("Goldie Films") also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.  As defined herein, the term "Petition Date" includes May 30, 2023 solely as to Goldie Films.

[3]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan or Disclosure Statement, as applicable.

III.    <u>ENTITLEMENT TO VOTE ON THE PLAN</u>

Only Holders of Claims in Class 4 (Prepetition Senior Secured Credit Agreement Claims), Class 5 (JPM Overdraft Facility Claims), Class 6 (Senior Subordinated Notes Claims), Class 7 (Pulse Notes Claims), and Class 8 (General Unsecured Claims) are entitled to vote to accept or reject the Plan (the "<u>Voting Classes</u>") .

Holders of Claims and Interests in Class 1 (Secured Tax Claims), Class 2 (Other Secured Claims), and Class 3 (Other Priority Claims) are <u>unimpaired</u> and not entitled to vote on the Plan because such Claims and Interests are deemed to accept the Plan on account of such unimpaired status.  Holders of Interests in Class 9 (Interests) are not entitled to vote on the Plan because such Holders are not receiving or retaining any value under the Plan and, thus, are deemed to reject the Plan (collectively with Classes 1, 2 and 3, the "<u>Non-Voting Classes</u>").

Only creditors who hold Claims in the Voting Classes as of **November 24, 2023** (the "<u>Voting Record Date</u>") are entitled to vote on the Plan.  All votes to accept or reject the Plan must be actually received by Stretto, Inc. (the "<u>Voting Agent</u>") by no later than **March 29, 2024 at 5:00 p.m. (prevailing Eastern Time)** (the "<u>Voting Deadline</u>").  Any failure to follow the voting instructions included with your ballot may disqualify your ballot and your vote.  <u>Only creditors in the Voting Classes are receiving voting Ballots</u>. Any failure to submit a Ballot by the Voting Deadline may disqualify your vote on the Plan.

WITH RESPECT TO CLASS 9 INTEREST, ON ACCOUNT OF YOUR <u>NON-VOTING STATUS</u> AS DETERMINED BY YOUR TREATMENT UNDER THE PLAN PURSUANT TO SECTION 1126 OF THE BANKRUPTCY CODE, YOU ARE RECEIVING THIS NOTICE FOR INFORMATIONAL PURPOSES AND TO PROVIDE INSTRUCTIONS ON HOW TO OBTAIN COPIES OF THE DISCLOSURE STATEMENT, PLAN AND RELATED MATERIALS, AND OBJECT TO THE PLAN OR DISCLOSURE STATEMENT, AS DESCRIBED BELOW.

IV.    <u>COMBINED HEARING</u>

A hearing to consider approval of the Disclosure Statement on a final basis and confirmation of the Plan (the "<u>Combined Hearing</u>") will be held before the Honorable John P. Mastando III, United States Bankruptcy Judge for the Southern District of New York, in the United States Bankruptcy Court, One Bowling Green, Room 501, New York, New York 10004, on **April 11, 2024 at 11:00 a.m. (Prevailing Eastern Time)**.  The Combined Hearing will be a hybrid hearing and will be held "in person" and via "Zoom for Government."  Parties wishing to participate in the Combined Hearing must make an electronic appearance utilizing the Electronic Appearance portal located at the

Bankruptcy Court's website at: https://ecf.nysb.uscourts.gov/cgibin/nysbAppearances.pl. Appearances must be entered no later than **April 9, 2024 at 11:00 a.m. (Prevailing Eastern Time)** (the "Appearance Deadline"). After the Appearance Deadline has passed, parties who have made their electronic appearance through the Bankruptcy Court's website to appear via Zoom for Government will receive an invitation from the Bankruptcy Court with a Zoom link that will allow them to attend the Hearing. Requests to receive a Zoom link should not be emailed to the Bankruptcy Court, and the Bankruptcy Court will not respond to late requests that are submitted after the Appearance Deadline. Further information on the use of Zoom for Government can be found at the Bankruptcy Court's website at https://www.nysb.uscourts.gov/zoom-videohearing-guide.

The Combined Hearing may be adjourned from time to time by the Bankruptcy Court or the Debtors without further notice other than an announcement in open court or as indicated in any notice or hearing agenda that is filed with the Bankruptcy Court. The Plan may be further modified, if necessary, prior to, during, or as a result of the Combined Hearing.

## V.    PLAN EXCULPATION AND RELEASE PROVISIONS

THE PLAN PROVIDES FOR THE EXCULPATION AND RELEASE OF CERTAIN PARTIES INVOLVED IN THE CHAPTER 11 CASES. PARTIES SHOULD THEREFORE BE AWARE THAT IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OF THE PLAN OCCURS, CERTAIN PARTIES WILL BE GETTING THE BENEFITS OF THE EXCULPATION AND RELEASE PROVISIONS AND CERTAIN PARTIES WILL BE BOUND BY THE EXCULPATION AND RELEASE PROVISIONS AS SET FORTH IN SECTION 10.2 AND 10.4 OF THE PLAN AND PART V.E OF THE DISCLOSURE STATEMENT.

The Plan contains the following provisions with respect thereto:

(a)    *Defined Terms.*  As used in the Plan, capitalized terms have the meanings set forth below.

(i)    "*Committee Settlement Parties*" means the following parties in their respective capacities as such: the Debtors, the Creditors' Committee, the DIP Secured Parties, and the Prepetition Secured Parties.

(ii)    "*Exculpated Parties*" means the following parties in their respective capacities as such: (a) the Debtors; (b) the Creditors' Committee and its members (each in their capacities as such); (c) the Plan Administrator; (d) the DIP Secured Parties; (e) the Purchaser; (f) the Prepetition Secured Parties; and (g) with respect to each of the

foregoing persons in clauses (a) through (f), each of their Related Parties.

(iii)    *"Related Parties"* means with respect to any Released Party or Exculpated Party, an Entity's predecessors, successors and assigns, managed accounts or funds, and all of their respective current and former officers, managers, directors, principals, members, employees, agents, independent contractors, management companies, investment advisors, fund advisors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives and other professionals, and such Persons' respective heirs, executors, estates, servants, and nominees, in each case solely to the extent such parties are acting in such capacity.

(iv)    "*Released Parties*" means the following parties solely to the extent acting in their respective capabilities as such:  (a) the Committee Settlement Parties; (b) the Purchaser; and (c) with respect to each of the foregoing persons in clauses (a) and (b), each of their Related Parties.

(v)    *"Releasing Parties"* means the following parties solely to the extent acting in their respective capabilities as such: any Holder of a Claim (i) entitled to vote on the Plan that does not opt out of Third Party Release on its Ballot as may be approved by the Bankruptcy Court to the maximum extent permitted by law, or (ii) is presumed to accept the Plan and does not opt out of the release provisions in the Plan on the Combined Hearing Notice (as defined in the Solicitation Procedures Order).

**Note**:  this provision describes the releases the Debtors will seek under the Plan.  This language has not been considered or approved by the Bankruptcy Court and remains subject to consideration at the Combined Hearing.

(b)    *Releases by the Debtors*.  WITHOUT LIMITING ANY OTHER APPLICABLE PROVISIONS OF, OR RELEASES CONTAINED IN, THE PLAN, THE SALE ORDER, AND SALE DOCUMENTS, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, AS OF THE EFFECTIVE DATE, THE DEBTORS, THEIR ESTATES, THE PLAN ADMINISTRATOR, AND ANY OTHER PERSON OR ENTITY SEEKING TO EXERCISE THE RIGHTS OF THE ESTATES, TO THE EXTENT PERMITTED BY APPLICABLE LAW, SHALL BE DEEMED TO HAVE

5

CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, AND WAIVED ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE THAT SUCH PERSON OR ENTITY SEEKING TO EXERCISE THE RIGHTS THE ESTATES HAS, HAD, OR MAY HAVE AGAINST THE RELEASED PARTIES BASED ON OR RELATING TO THE DEBTORS, THE ESTATES, THE CHAPTER 11 CASES, ANY PREPETITION FINANCING ARRANGEMENTS, THE DEBTORS' FINANCIAL STATEMENTS, THE DEBTOR-IN-POSSESSION FINANCING, THE SALE OR TRANSFER OF ANY AND ALL ASSETS OF THE DEBTORS (INCLUDING THE SALE), THE TRANSITION SERVICES AGREEMENT, THE NEGOTIATION, CONSIDERATION, FORMULATION, PREPARATION, DISSEMINATION, IMPLEMENTATION, CONFIRMATION, OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT AND EXHIBITS, THE DISCLOSURE STATEMENT, ANY AMENDMENTS THEREOF OR SUPPLEMENTS THERETO, OR ANY OTHER TRANSACTIONS IN CONNECTION WITH THESE CHAPTER 11 CASES OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO OR ANY OTHER ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION THEREWITH OR IN CONNECTION WITH ANY OTHER OBLIGATION ARISING UNDER THE PLAN OR THE OBLIGATIONS ASSUMED HEREUNDER (INCLUDING ANY CLAIM BASED ON THEORIES OF ALLEGED NEGLIGENCE, MISREPRESENTATION, NON-DISCLOSURE, OR BREACH OF FIDUCIARY DUTY).  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE:  (I) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THE PLAN, THE TRANSITION SERVICES AGREEMENT, THE SALE ORDER, OR THE SALE DOCUMENTS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN; OR (II) THE LIABILITY OF ANY RELEASED PARTY THAT WOULD OTHERWISE RESULT FROM ANY ACT OR OMISSION OF SUCH RELEASED PARTY TO THE EXTENT THAT SUCH ACT OR OMISSION IS DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT (INCLUDING FRAUD).  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN, PLAN SUPPLEMENT, CONFIRMATION ORDER, OR ANY RELATED DOCUMENTS SHALL IMPAIR, RELEASE, MODIFY, DISCHARGE, LIMIT, WAIVE, EXCULPATE, OR ENJOIN ANY CLAIMS OR CAUSES OF ACTION AGAINST THE RELEASED PARTIES ARISING FROM FACTS THAT OCCUR AFTER THE EFFECTIVE DATE BASED ON A BREACH

OR AN ALLEGED BREACH OF THE STANDARDS AND PRACTICES APPLICABLE TO THE RELEASED PARTIES ARISING FROM OR RELATED TO THE OWNERSHIP, CUSTODIANSHIP, PRESERVATION, AND/OR RETENTION OF THE DEBTORS' DOCUMENTS (INCLUDING, BUT NOT LIMITED TO, WRITTEN DOCUMENTS AND COMMUNICATIONS, ELECTRONICALLY STORED DOCUMENTS, EMAILS, BANKING AND OTHER FINANCIAL RECORDS, EMPLOYEE FILES, COMPENSATION RECORDS, TAX DOCUMENTS, AND ANY AND ALL ELECTRONIC SERVERS AND/OR OTHER MEDIA CONTAINING ANY OF THE FOREGOING).  NOTHING IN THE PLAN RELEASES ACTIONS AGAINST THE RELEASED PARTIES UNDER SECTIONS 542 AND 543 OF THE BANKRUPTCY CODE.

(c)    *Releases by the Releasing Parties.*  TO THE GREATEST EXTENT PERMISSIBLE AND WITHOUT LIMITING ANY OTHER APPLICABLE PROVISIONS OF, OR RELEASES CONTAINED IN, THE PLAN, THE DIP FINANCING ORDER, THE SALE ORDER, AND SALE DOCUMENTS, AS OF THE EFFECTIVE DATE, IN CONSIDERATION FOR THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN, AND THE CONSIDERATION AND OTHER WAIVERS, CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS, OR DOCUMENTS TO BE ENTERED INTO OR DELIVERED IN CONNECTION WITH THE PLAN, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, AND WAIVED ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH RELEASING PARTY HAS, HAD, OR MAY HAVE AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO THE DEBTORS, THE ESTATES, THE CHAPTER 11 CASES, ANY PREPETITION FINANCING ARRANGEMENTS, THE DEBTORS' FINANCIAL STATEMENTS, THE DEBTOR IN POSSESSION FINANCING, THE SALE OR TRANSFER OF ANY AND ALL ASSETS OF THE DEBTORS (INCLUDING THE SALE), THE TRANSITION SERVICES AGREEMENT, THE NEGOTIATION, CONSIDERATION, FORMULATION, PREPARATION, DISSEMINATION, IMPLEMENTATION, CONFIRMATION, OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT AND EXHIBITS, THE DISCLOSURE STATEMENT, ANY AMENDMENTS THEREOF, OR SUPPLEMENTS THERETO, OR ANY OTHER TRANSACTION IN CONNECTION WITH THIS CHAPTER 11 CASE OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO OR ANY OTHER ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION THEREWITH OR IN

CONNECTION WITH ANY OTHER OBLIGATIONS ARISING UNDER THE PLAN AND THE OBLIGATIONS ASSUMED HEREUNDER (INCLUDING ANY CLAIM BASED ON THEORIES OF ALLEGED NEGLIGENCE, MISREPRESENTATION, NON-DISCLOSURE, OR BREACH OF FIDUCIARY DUTY). NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE: (I) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THE PLAN, THE TRANSITION SERVICES AGREEMENT, THE SALE ORDER, OR THE SALE DOCUMENTS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN; OR (II) THE LIABILITY OF ANY RELEASED PARTY THAT WOULD OTHERWISE RESULT FROM ANY ACT OR OMISSION OF SUCH RELEASED PARTY TO THE EXTENT THAT SUCH ACT OR OMISSION IS DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT (INCLUDING FRAUD).

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third-Party Release, set forth above which includes by reference each of the related provisions and definitions contained in the Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) essential to the Confirmation of the Plan; (2) given in exchange for the good and valuable consideration and substantial contributions provided by the Released Parties; (3) a good-faith settlement and compromise of the Claims released by the Third-Party Release; (4) in the best interests of the Debtors and their Estates; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; (7) consensual as to the Holders of Claims that have not opted out of the Third-Party Release on their Ballots and/or Combined Hearing Notice; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

(d)     *Exculpation and Limitation of Liability.* NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, EFFECTIVE AS OF THE EFFECTIVE DATE, TO THE EXTENT PERMITTED UNDER SECTION 1125(e) OF THE BANKRUPTCY CODE AND PROFESSIONAL RULES OF CONDUCT, THE EXCULPATED PARTIES SHALL NOT HAVE OR INCUR ANY LIABILITY FOR ANY ACT OR OMISSION TAKEN OR NOT TAKEN IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF THE CHAPTER 11 CASES, THE NEGOTIATION AND FILING OF THE DISCLOSURE STATEMENT, THE PLAN OR ANY DOCUMENT IMPLEMENTING THE PLAN, THE PLAN

ADMINISTRATOR AGREEMENT, THE PLAN SUPPLEMENT, THE TRANSITION SERVICES AGREEMENT, THE SALE DOCUMENTS, THE DIP FINANCING ORDER, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN, OR THE ADMINISTRATION OF THE PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, EXCEPT FOR ACTS OR OMISSIONS THAT ARE DETERMINED BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT (INCLUDING FRAUD), OR CLAIMS FOR LEGAL MALPRACTICE, RELEASE OF WHICH IS PROHIBITED BY RULE 1.8(H) OF THE NEW YORK RULES OF PROFESSIONAL CONDUCT (22 N.Y.C.R.R. 1200, OR ANY OBLIGATIONS THAT THEY HAVE UNDER OR IN CONNECTION WITH THE PLAN OR THE TRANSACTIONS CONTEMPLATED IN THE PLAN, AND IN ALL RESPECTS SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND OBLIGATIONS UNDER THE PLAN. NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE EXCULPATION SET FORTH ABOVE DOES NOT EXCULPATE ANY OF THE EXCULPATED PARTIES' POST-EFFECTIVE DATE OBLIGATIONS UNDER THE PLAN, THE SALE ORDER, OR THE SALE DOCUMENTS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING, BUT NOT LIMITED TO, THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN.

## VI. OBJECTIONS TO THE PLAN OR DISCLOSURE STATEMENT

Any responses or objections to approval of the Disclosure Statement or confirmation of the Plan must (a) be in writing; (b) comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the Bankruptcy Court, Chambers' procedures and orders of the Bankruptcy Court; (c) state the name and address of the responding or objecting party and the nature and amount of the Claim against or Interest in the Debtors' estate or property of the Debtors; (d) state with particularity the legal and factual basis for such response or objection; (e) be filed with the Clerk of the Bankruptcy Court, together with proof of service thereon; and (f) be served by personal service or overnight delivery, so as to be ACTUALLY RECEIVED no later than **April 4, 2024 at 4:00 p.m. (prevailing Eastern Time)** by:

> (i)     counsel for the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119, Attn: Frank A. Oswald, Esq.

(frankoswald@teamtogut.com) and Brian F. Moore, Esq. (bmoore@teamtogut.com);

(ii)    the U.S. Trustee, Office of the United States Trustee, One Bowling Green, Suite 511, New York, New York 10004, Attn.: Andrea B. Schwartz, Esq. (andrea.b.schwartz@usdoj.gov);

(iii)    co-counsel for the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022, Attn: Fredric Sosnick (fsosnick@shearman.com) and Shearman & Sterling LLP, 2601 Olive Street, 17th Floor, Dallas, TX 75201, Attn: Ian E. Roberts (ian.roberts@shearman.com); and

(iv)    counsel for the Committee, Pachulski, Stang, Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Bradford J. Sandler (bsandler@pszjlaw.com);

(v)    any other party that has filed a request for notice in these Chapter 11 Cases.

**ONLY THOSE RESPONSES OR OBJECTIONS THAT ARE TIMELY FILED AND RECEIVED WILL BE CONSIDERED BY THE BANKRUPTCY COURT. OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH ABOVE WILL NOT BE CONSIDERED AND WILL BE DEEMED OVERRULED.**

VII.    <u>ACCESS TO THE DISCLOSURE STATEMENT AND THE PLAN AND ADDITIONAL INFORMATION</u>

Copies of the Disclosure Statement and the Plan, as well as the exhibits thereto, may be obtained from the Voting Agent (a) in writing at Vice Ballot Processing c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, (b) by calling (855) 620-5725 (U.S.) or (949) 620-1618 (International), or (c) via email at viceinquiries@stretto.com.  In addition, copies of the Disclosure Statement and Plan are on file with the Office of the Clerk of the Court (One Bowling Green, New York, New York 10004) for review during normal business hours.  Parties may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at:  http://www.nysb.uscourts.gov, or at the Chapter 11 Cases website at http://www.cases.stretto.com/vice/.  **PLEASE NOTE:  Neither the staff of the Clerk's Office nor the Debtors' counsel can give you legal advice.**

Dated:  March 6, 2024
        New York, New York

VENUS LIQUIDATION INC., *et al.*
*Debtors and Debtors in Possession*
*By their Counsel*
TOGUT, SEGAL & SEGAL LLP,
By:

*/s/ Frank A. Oswald*
FRANK A. OSWALD
KYLE J. ORTIZ
BRIAN F. MOORE
JOHN C. GALLEGO
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Email: frankoswald@teamtogut.com
        kortiz@teamtogut.com
        bmoore@teamtogut.com
        jgallego@teamtogut.com

# **Exhibit C**

# Exhibit C

Served Via First-Class Mail

| Name | Attention | Address | City | State | Zip |
|---|---|---|---|---|---|
| Brooklyn Fiber | | Address Redacted | | | |
| Mintz Group, LLC | Attn: Meg Fry | PO Box 370600 | Brooklyn | NY | 11237-0600 |

In re: Venus Liquidation Inc., et al.
Case No. 23-10738

# **Exhibit D**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VENUS LIQUIDATION INC., *et al.* | Case No. 23-10738 (JPM) |
| Debtors.[1] | (Jointly Administered) |

## BALLOT FOR ACCEPTING OR REJECTING THE
## CHAPTER 11 PLAN OF LIQUIDATION FOR VENUS LIQUIDATION INC.
## (F/K/A VICE GROUP HOLDING INC.) AND CERTAIN OF ITS AFFILIATES

### Class 8 – General Unsecured Claims

PLEASE READ AND FOLLOW
THE ENCLOSED INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

**THIS BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED PRIOR TO**
**5:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 29, 2024 (THE "VOTING DEADLINE").**

On May 15, 2023 (the "Petition Date"), Venus Liquidation, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

The Debtors are soliciting votes regarding the solicitation version of the *Chapter 11 Plan of Liquidation for Venus Liquidation Inc. (f/k/a Vice Group Holding, Inc.) and Certain of its Affiliates* [Docket No. 834, Ex. B] (as may be amended, modified, or supplemented from time to time and including all exhibits

---

[1]    The Debtors' in this chapter 11 case, along with the last four digits of each Debtors' tax identification number are: Venus Liquidation Inc. (f/k/a Vice Group Holding Inc.) (4250); Vice Impact Inc. (9603); Vice Media LLC (5144); Villain LLC (3050); Boy Who Cried Author LLC (6199); Carrot Operations LLC (1596); Carrot Creative LLC (8652); Channel 271 Productions LLC (1637); Clifford Benski, Inc. (9387); Dana Made LLC (1065); Inverness Collective LLC (6542); JT Leroy Holding LLC (7555); PLDM Films LLC (5217); Project Change LLC (2758); R29 Pride, LLC (7011); R29 Productions, LLC (6344); Refinery 29 Inc. (7749); Valvi LLC (6110); Vice Content Development, LLC (5165); Vice Distribution LLC (5515); Vice Europe Holding Limited (N/A);  Vice Europe Pulse Holding Limited (N/A); Vice Food LLC (1693); Vice Holding Inc. (2658); Vice International Holding, Inc. (5669); Vice Music Publishing LLC (3022); Vice Payroll LLC (6626); Vice Productions LLC (5399); Vice Project Services LLC (6473); Virtue Worldwide, LLC (7212); Visur LLC (9336); VTV Productions LLC (6854); and Goldie Films, Inc. (1241). The location of the Debtors' service address for purposes of these Chapter 11 Cases is:  c/o Alix Partners 909 Third Avenue 30th Floor, New York, NY 10022.

and supplements thereto, the "Plan"), as set forth in the solicitation version of the *Disclosure Statement for the Chapter 11 Plan of Liquidation for Venus Liquidation Inc. f/k/a Vice Group Holding, Inc. and Certain of its Affiliates* [Docket No. 836, Ex. A] (as may be amended, modified, or supplemented from time to time and including all exhibits and supplements thereto, the "Disclosure Statement").  Pursuant to the *Order (I) Approving Certain Key Dates Relating to Confirmation of the Debtors' Plan, Including, Scheduling a Combined Hearing to Consider Approval of Disclosure Statement and Plan Confirmation; (II) Approving the Form and Manner of Combined Hearing Notice;  (III) Approving Debtors' Disclosure Statement on a Provisional Basis;  and (IV) Approving (A) Procedures for Solicitation;  (B) Forms of Ballots and Notices; (C) Procedures for Tabulation of Votes;  and (D) Procedures for Objections* [Docket No. 798] (the "Solicitation Procedures Order"), the Bankruptcy Court conditionally approved the Disclosure Statement for use in soliciting acceptances and rejections of the Plan and scheduled a hearing (the "Combined Hearing") to consider (a) whether the Disclosure Statement contains "adequate information" as set forth in section 1125 of the Bankruptcy Code, (b) approval of certain other materials related to the solicitation of acceptances of the Plan, and (c) confirmation of the Plan.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

You are receiving this Ballot because the Debtors' records indicate that, as of November 24, 2023 (the "Voting Record Date"), you are a Holder of a Class 8 General Unsecured Claim under the Plan.  Accordingly, you are entitled to vote to accept or reject the Plan.

Provided Class 8 of General Unsecured Claims votes to accept the Plan, except to the extent that a Holder of a General Unsecured Claim agrees to less favorable treatment, on or as soon as reasonably practicable after the Effective Date, each Holder of a General Unsecured Claim shall be entitled to receive, in full and final satisfaction, settlement, and release, and in exchange for such General Unsecured Claim, distributions from the Estates pursuant to the terms set forth in the Plan.

Your rights are described in the Plan and accompanying Disclosure Statement included with this Ballot.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim(s).  The Disclosure Statement and the Plan can be accessed via the Debtors' case website, https://cases.stretto.com/vice/ (where you can also access copies of certain other materials related to the Chapter 11 Cases).  If you would like to receive paper copies, or if you need to obtain additional solicitation materials, you may contact Stretto, Inc., the Debtors' voting agent (the "Voting Agent"), by calling (855) 620-5725 (U.S.) or (949) 620-1618 (International), or via email at viceinquiries@stretto.com.

This Ballot may not be used for any purpose other than (i) for casting votes to accept or reject the Plan, (ii) opting into the releases provided for in the Plan set forth below, and (iii) making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Voting Agent immediately at the email address or telephone number set forth above.

To ensure that your vote is counted, you must (a) complete your Ballot;  (b) clearly indicate your decision either to accept or reject the Plan in the appropriate box;  and (c) sign and deliver your Ballot **so that it is actually received by 5:00 p.m. prevailing Eastern Time on March 29, 2024** either (i) electronically by utilizing the "eBallot" platform on the Debtors' case website maintained by the Voting Agent at https://cases.stretto.com/vice/ or (ii) by delivering a paper copy by first class mail, overnight courier or hand delivery to the Voting Agent at the following address:

Vice Ballot Processing
c/o Stretto, Inc.
410 Exchange, Suite 100, Irvine, CA 92602

Facsimile ballots **will not** be accepted.  If the Bankruptcy Court confirms the Plan, you will be bound by the Plan regardless of whether you vote.

<u>Item 1</u>.  **Amount of Claim.**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of General Unsecured Claims against the Debtors in the following aggregate unpaid principal amount (insert amount in box below):

| |
|---|
| Class:  8 – General Unsecured Claims<br>Aggregate Claim Amount: $_____ |

<u>Item 2</u>.  **Vote on Plan.**

The Holder of the General Unsecured Claim(s) against the Debtors set forth in <u>Item 1</u> votes to (please check <u>one</u>):

| ☐    <u>ACCEPT</u> (vote FOR) the Plan      ☐    <u>REJECT</u> (vote AGAINST) the Plan |
|---|

Any Ballot that is executed by the Holder of a General Unsecured Claim but is not marked to accept or reject the Plan or is marked both to accept and reject the Plan will not be counted.

<u>Item 3</u>.  Plan Releases.

THE PLAN PROVIDES FOR THE EXCULPATION AND RELEASE OF CERTAIN PARTIES INVOLVED IN THE CHAPTER 11 CASES.  PARTIES SHOULD THEREFORE BE AWARE THAT IF THE PLAN IS CONFIRMED AND IF THE EFFECTIVE DATE OF THE PLAN OCCURS, CERTAIN PARTIES WILL BE GETTING THE BENEFITS OF THE EXCULPATION AND RELEASE PROVISIONS AND CERTAIN PARTIES WILL BE BOUND BY THE EXCULPATION AND RELEASE PROVISIONS AS SET FORTH IN SECTION 10.2 AND 10.4 OF THE PLAN AND PART V.E OF THE DISCLOSURE STATEMENT.

THE PLAN CONTAINS THE FOLLOWING PROVISIONS WITH RESPECT THERETO:

(a)     *Defined Terms.*  As used in the Plan, capitalized terms have the meanings set forth below.

(i)      "*Committee Settlement Parties*" means the Debtors, the Creditors' Committee, the DIP Secured Parties, and the Prepetition Secured Parties.

(ii)     "*Exculpated Parties*" means the following parties in their respective capacities as such: (a) the Debtors; (b) the Creditors' Committee and its members (each in their capacities as such); (c) the Plan Administrator; (d) the DIP Secured Parties; (e) the Purchaser; (f) the Prepetition Secured Parties; and (g) with respect to each of the foregoing persons in clauses (a) through (f), each of their Related Parties.

3

(iii)    *"Related Parties"* means with respect to any Released Party or Exculpated Party, an Entity's predecessors, successors and assigns, managed accounts or funds, and all of their respective current and former officers, managers, directors, principals, members, employees, agents, independent contractors, management companies, investment advisors, fund advisors, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives and other professionals, and such Persons' respective heirs, executors, estates, servants, and nominees, in each case solely to the extent such parties are acting in such capacity.

(iv)    "*Released Parties*" means the following parties solely to the extent acting in their respective capabilities as such:   (a) the Committee Settlement Parties;  (b) the Purchaser; and (c) with respect to each of the foregoing persons in clauses (a) and (b), each of their Related Parties.

(v)    *"Releasing Parties*" means the following parties solely to the extent acting in their respective capabilities as such: any Holder of a Claim (i) entitled to vote on the Plan that does not opt out of Third Party Release on its Ballot as may be approved by the Bankruptcy Court to the maximum extent permitted by law, or (ii) is presumed to accept the Plan and does not opt out of the release provisions in the Plan on the Combined Hearing Notice (as defined in the Solicitation Procedures Order).

**Note**:  this provision describes the releases the Debtors will seek under the Plan.  This language has not been considered or approved by the Bankruptcy Court and remains subject to consideration at the Combined Hearing.

(b)    *Releases by the Debtors*.  WITHOUT LIMITING ANY OTHER APPLICABLE PROVISIONS OF, OR RELEASES CONTAINED IN, THE PLAN, THE SALE ORDER, AND SALE DOCUMENTS, PURSUANT TO SECTION 1123(B) OF THE BANKRUPTCY CODE, AS OF THE EFFECTIVE DATE, THE DEBTORS, THEIR ESTATES, THE PLAN ADMINISTRATOR, AND ANY OTHER PERSON OR ENTITY SEEKING TO EXERCISE THE RIGHTS OF THE ESTATES, TO THE EXTENT PERMITTED BY APPLICABLE LAW, SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, AND WAIVED ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE THAT SUCH PERSON OR ENTITY SEEKING TO EXERCISE THE RIGHTS THE ESTATES HAS, HAD, OR MAY HAVE AGAINST THE RELEASED PARTIES BASED ON OR RELATING TO THE DEBTORS, THE ESTATES, THE CHAPTER 11 CASES, ANY PREPETITION FINANCING ARRANGEMENTS, THE DEBTOR'S FINANCIAL STATEMENTS, THE DEBTOR-IN-POSSESSION FINANCING, THE SALE OR TRANSFER OF ANY AND ALL ASSETS OF THE DEBTORS (INCLUDING THE SALE), THE TRANSITION SERVICES AGREEMENT, THE NEGOTIATION, CONSIDERATION, FORMULATION, PREPARATION, DISSEMINATION, IMPLEMENTATION, CONFIRMATION, OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT AND EXHIBITS, THE DISCLOSURE STATEMENT, ANY AMENDMENTS THEREOF OR SUPPLEMENTS THERETO, OR ANY OTHER TRANSACTIONS IN CONNECTION WITH THESE CHAPTER 11 CASES OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO OR ANY OTHER ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION THEREWITH OR IN CONNECTION WITH ANY OTHER OBLIGATION ARISING UNDER THE PLAN OR THE OBLIGATIONS ASSUMED HEREUNDER (INCLUDING ANY CLAIM

BASED ON THEORIES OF ALLEGED NEGLIGENCE, MISREPRESENTATION, NON-DISCLOSURE, OR BREACH OF FIDUCIARY DUTY).  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE:  (I) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THE PLAN, THE TRANSITION SERVICES AGREEMENT, THE SALE ORDER, OR THE SALE DOCUMENTS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN; OR (II) THE LIABILITY OF ANY RELEASED PARTY THAT WOULD OTHERWISE RESULT FROM ANY ACT OR OMISSION OF SUCH RELEASED PARTY TO THE EXTENT THAT SUCH ACT OR OMISSION IS DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT (INCLUDING FRAUD).  FOR THE AVOIDANCE OF DOUBT, NOTHING IN THE PLAN, PLAN SUPPLEMENT, CONFIRMATION ORDER, OR ANY RELATED DOCUMENTS SHALL IMPAIR, RELEASE, MODIFY, DISCHARGE, LIMIT, WAIVE, EXCULPATE, OR ENJOIN ANY CLAIMS OR CAUSES OF ACTION AGAINST THE RELEASED PARTIES ARISING FROM FACTS THAT OCCUR AFTER THE EFFECTIVE DATE BASED ON A BREACH OR AN ALLEGED BREACH OF THE STANDARDS AND PRACTICES APPLICABLE TO THE RELEASED PARTIES ARISING FROM OR RELATED TO THE OWNERSHIP, CUSTODIANSHIP, PRESERVATION, AND/OR RETENTION OF THE DEBTORS' DOCUMENTS (INCLUDING, BUT NOT LIMITED TO, WRITTEN DOCUMENTS AND COMMUNICATIONS, ELECTRONICALLY STORED DOCUMENTS, EMAILS, BANKING AND OTHER FINANCIAL RECORDS, EMPLOYEE FILES, COMPENSATION RECORDS, TAX DOCUMENTS, AND ANY AND ALL ELECTRONIC SERVERS AND/OR OTHER MEDIA CONTAINING ANY OF THE FOREGOING).  NOTHING IN THE PLAN RELEASES ACTIONS AGAINST THE RELEASED PARTIES UNDER SECTIONS 542 AND 543 OF THE BANKRUPTCY CODE.

(c)   *Releases by the Releasing Parties.*   TO THE GREATEST EXTENT PERMISSIBLE AND WITHOUT LIMITING ANY OTHER APPLICABLE PROVISIONS OF, OR RELEASES CONTAINED IN, THE PLAN, THE DIP FINANCING ORDER, THE SALE ORDER, AND SALE DOCUMENTS, AS OF THE EFFECTIVE DATE, IN CONSIDERATION FOR THE OBLIGATIONS OF THE DEBTORS UNDER THE PLAN, AND THE CONSIDERATION AND OTHER WAIVERS, CONTRACTS, INSTRUMENTS, RELEASES, AGREEMENTS, OR DOCUMENTS TO BE ENTERED INTO OR DELIVERED IN CONNECTION WITH THE PLAN, EACH RELEASING PARTY SHALL BE DEEMED TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED, AND WAIVED ANY AND ALL CAUSES OF ACTION, WHETHER KNOWN OR UNKNOWN, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, THAT SUCH RELEASING PARTY HAS, HAD, OR MAY HAVE AGAINST ANY RELEASED PARTY BASED ON OR RELATING TO THE DEBTORS, THE ESTATES, THE CHAPTER 11 CASES, ANY PREPETITION FINANCING ARRANGEMENTS, THE DEBTORS' FINANCIAL STATEMENTS, THE DEBTOR IN POSSESSION FINANCING, THE SALE OR TRANSFER OF ANY AND ALL ASSETS OF THE DEBTORS (INCLUDING THE SALE), THE TRANSITION SERVICES AGREEMENT, THE NEGOTIATION, CONSIDERATION, FORMULATION, PREPARATION, DISSEMINATION, IMPLEMENTATION, CONFIRMATION, OR CONSUMMATION OF THE PLAN, THE PLAN SUPPLEMENT AND EXHIBITS, THE DISCLOSURE STATEMENT, ANY AMENDMENTS THEREOF, OR SUPPLEMENTS THERETO, OR ANY OTHER TRANSACTION IN CONNECTION WITH THIS CHAPTER 11 CASE OR ANY CONTRACT, INSTRUMENT, RELEASE, OR OTHER AGREEMENT OR DOCUMENT CREATED OR ENTERED INTO OR ANY OTHER ACT TAKEN OR OMITTED TO BE TAKEN IN CONNECTION THEREWITH OR IN CONNECTION WITH ANY OTHER OBLIGATIONS ARISING

UNDER THE PLAN AND THE OBLIGATIONS ASSUMED HEREUNDER (INCLUDING ANY CLAIM BASED ON THEORIES OF ALLEGED NEGLIGENCE, MISREPRESENTATION, NON-DISCLOSURE, OR BREACH OF FIDUCIARY DUTY).  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE RELEASES SET FORTH ABOVE DO NOT RELEASE:  (I) ANY POST-EFFECTIVE DATE OBLIGATIONS OF ANY PERSON OR ENTITY UNDER THE PLAN, THE TRANSITION SERVICES AGREEMENT, THE SALE ORDER, OR THE SALE DOCUMENTS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN; OR (II) THE LIABILITY OF ANY RELEASED PARTY THAT WOULD OTHERWISE RESULT FROM ANY ACT OR OMISSION OF SUCH RELEASED PARTY TO THE EXTENT THAT SUCH ACT OR OMISSION IS DETERMINED BY A FINAL ORDER TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT (INCLUDING FRAUD).

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third-Party Release, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is:  (1) essential to the Confirmation of the Plan; (2) given in exchange for the good and valuable consideration and substantial contributions provided by the Released Parties; (3) a good-faith settlement and compromise of the Claims released by the Third-Party Release; (4) in the best interests of the Debtors and their Estates; (5) fair, equitable, and reasonable; (6) given and made after due notice and opportunity for hearing; (7) consensual as to the Holders of Claims that do not opt out of the Third Party Release on their Ballots; and (8) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to the Third-Party Release.

(d)     *Exculpation and Limitation of Liability.*  NOTWITHSTANDING ANYTHING CONTAINED IN THE PLAN TO THE CONTRARY, EFFECTIVE AS OF THE EFFECTIVE DATE, TO THE EXTENT PERMITTED UNDER SECTION 1125(e) OF THE BANKRUPTCY CODE AND PROFESSIONAL RULES OF CONDUCT, THE EXCULPATED PARTIES SHALL NOT HAVE OR INCUR ANY LIABILITY FOR ANY ACT OR OMISSION TAKEN OR NOT TAKEN IN CONNECTION WITH, RELATING TO, OR ARISING OUT OF THE CHAPTER 11 CASES, THE NEGOTIATION AND FILING OF THE DISCLOSURE STATEMENT, THE PLAN OR ANY DOCUMENT IMPLEMENTING THE PLAN, THE PLAN ADMINISTRATOR AGREEMENT, THE PLAN SUPPLEMENT, THE TRANSITION SERVICES AGREEMENT, THE SALE DOCUMENTS, THE DIP FINANCING ORDER, THE FILING OF THE CHAPTER 11 CASES, THE SETTLEMENT OF CLAIMS OR RENEGOTIATION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, THE PURSUIT OF CONFIRMATION OF THE PLAN, THE CONSUMMATION OF THE PLAN, OR THE ADMINISTRATION OF THE PLAN OR THE PROPERTY TO BE DISTRIBUTED UNDER THE PLAN, EXCEPT FOR ACTS OR OMISSIONS THAT ARE DETERMINED BY A FINAL ORDER OF A COURT OF COMPETENT JURISDICTION TO HAVE CONSTITUTED GROSS NEGLIGENCE OR WILLFUL MISCONDUCT (INCLUDING FRAUD), OR CLAIMS FOR LEGAL MALPRACTICE, RELEASE OF WHICH IS PROHIBITED BY RULE 1.8(H) OF THE NEW YORK RULES OF PROFESSIONAL CONDUCT (22 N.Y.C.R.R. 1200, OR ANY OBLIGATIONS THAT THEY HAVE

6

UNDER OR IN CONNECTION WITH THE PLAN OR THE TRANSACTIONS CONTEMPLATED IN THE PLAN, AND IN ALL RESPECTS SHALL BE ENTITLED TO REASONABLY RELY UPON THE ADVICE OF COUNSEL WITH RESPECT TO THEIR DUTIES AND OBLIGATIONS UNDER THE PLAN.  NOTWITHSTANDING ANYTHING TO THE CONTRARY IN THE FOREGOING, THE EXCULPATION SET FORTH ABOVE DOES NOT EXCULPATE ANY OF THE EXCULPATED PARTIES' POST-EFFECTIVE DATE OBLIGATIONS UNDER THE PLAN, THE SALE ORDER, OR THE SALE DOCUMENTS, OR ANY DOCUMENT, INSTRUMENT, OR AGREEMENT (INCLUDING, BUT NOT LIMITED TO, THOSE SET FORTH IN THE PLAN SUPPLEMENT) EXECUTED TO IMPLEMENT THE PLAN.

<u>Item 4</u>.  Opt-Out Election (Optional).

PLEASE TAKE NOTICE THAT if you REJECT or vote against the Plan, you are still able to check the box below to opt in to the release provisions contained in Section 10.2(b) of the Plan and set forth above in paragraph (c).  IF YOU DO NOT AFFIRMATIVELY OPT OUT OF THE RELEASE PROVISIONS IN SECTION 10.2(b) OF THE PLAN BY PROPERLY AND TIMELY SUBMITTING THIS OPT OUT ELECTION, YOU WILL BE DEEMED, AS OF THE EFFECTIVE DATE OF THE PLAN, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY, AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).

☐    <u>OPT OUT</u> OF THE THIRD-PARTY RELEASE SET FORTH IN SECTION 10.2(b) OF THE PLAN.

<u>Item 5</u>.  Certifications.

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)    either:  (i) the Person or Entity is the Holder of the General Unsecured Claims being voted, or (ii) the Person or Entity is an authorized signatory for a Person or Entity that is a Holder of the General Unsecured Claims being voted;

(b)    the Person or Entity has received a copy of the Disclosure Statement or accessed the Disclosure Statement through the Debtors' case website and has received a copy of the Solicitation Package, and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    no other Ballots with respect to the amount of the General Unsecured Claims identified in <u>Item 1</u> have been cast or, if any other Ballots have been cast with respect to such Claims, then any such earlier Ballots are hereby revoked; and

(d)    to the extent the OPT-OUT box was checked, the Holder of the General Unsecured Claims agrees to give releases and be bound by the exculpation and injunction provisions within the Plan.

Name of Holder:  _____
(Print or Type)

7

Social Security (Last 4 Digits)
or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____
                        (If Other Than Holder)

Title: _____


Address: _____

_____

_____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND
RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED (OR OTHERWISE IN ACCORDANCE WITH THE
SOLICITATION PROCEDURES). PLEASE ALLOW SUFFICIENT TIME FOR THE VOTING AGENT TO RECEIVE
THIS BALLOT PRIOR TO 5:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 29, 2024 (THE "<u>VOTING
DEADLINE</u>").**

*[Continues on Following Page]*

8

| Class 8 – General Unsecured Claims |
| --- |

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.    The Debtors are soliciting the votes of Holders of General Unsecured Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or the Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.    To ensure that your vote is counted, you must:  (a) complete the Ballot;  (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and return the Ballot to the Voting Agent via the delivery methods set forth above, so that it is <u>actually</u> <u>received</u> by the Voting Agent prior to 5:00 p.m. (prevailing Eastern Time) on March 29, 2024 (the "<u>**Voting Deadline**</u>").

3.    If a Ballot is received after the Voting Deadline, and if the Voting Deadline is not extended, it will not be counted <u>unless</u> otherwise determined by the Debtors in accordance with the Tabulation Procedures and Solicitation Procedures and approved by the Bankruptcy Court. Additionally, the following **Ballots will NOT be counted:**

   ▪   any Ballot that partially rejects and partially accepts the Plan;

   ▪   Ballots sent to the Debtors, the Debtors' agents, or the Debtors' financial or legal advisors;

   ▪   Ballots sent by facsimile;

   ▪   any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim;

   ▪   any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

   ▪   any Ballot cast for a Claim scheduled as contingent, unliquidated, or disputed for which the applicable Bar Date has passed, and no Proof of Claim was timely filed;

   ▪   any unsigned Ballot or Ballot lacking an original signature;

   ▪   any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan;  and

   ▪   any Ballot submitted by any Person or Entity not entitled to vote pursuant to the Solicitation Procedures.

4.    If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last valid executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot,

provided that, if a Holder timely submits both a paper Ballot and Ballot via email on account of the same Claim, the Ballot submitted via email shall supersede the paper Ballot.

5.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.

6.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Debtors' counsel will accept delivery of any such certificates or instruments surrendered together with a Ballot.

7.      This Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

8.      Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Debtors' counsel, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party of your authority to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

9.      If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

10.     After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors and approval of the Bankruptcy Court.

## PLEASE RETURN YOUR BALLOT PROMPTLY!

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT,
THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE
CALL THE VOTING AGENT AT:  (855) 620-5725 (U.S.) or (949) 620-1618 (INTERNATIONAL), OR (C)
VIA EMAIL AT VICEINQUIRIES@STRETTO.COM.

PLEASE NOTE THAT THE NEITHER THE VOTING AGENT NOR DEBTORS' COUNSEL IS NOT
AUTHORIZED TO PROVIDE YOU WITH, AND WILL NOT PROVIDE YOU WITH, LEGAL OR
FINANCIAL ADVICE

IF YOUR VOTE IS NOT ACTUALLY RECEIVED PRIOR TO THE VOTING DEADLINE,
WHICH IS 5:00 P.M. (PREVAILING EASTERN TIME) ON MARCH 29, 2024, AND IF
THE VOTING DEADLINE IS NOT EXTENDED, YOUR VOTE WILL NOT BE
COUNTED.